Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584

FILED
DISTRICT COURT OF GUAM
NOV 2 6 2003
MARY L. M. MORAN
CLERK OF COURT

3

**Attorneys for Plaintiffs Ronald P. Marangi and Erma K. Marangi**

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, ) ) ) Plaintiffs, ) ) vs. ) ) GOVERNMENT OF GUAM, ) ) Defendant. ) ) ) | CIVIL CASE NO. CIV__03–00039____ **AFFIDAVIT OF RONALD P. MARANGI IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

STATE OF CALIFORNIA )
                     ) ss:
COUNTY OF ____TULARE____ )

   **RONALD P. MARANGI**, first being duly sworn, depose and say as follows:

   1.    I am over the age of majority, a United States citizen, and a resident of the State of California.

   2.    I am one of the Plaintiffs in the above entitled action.

   3.    I make this Affidavit in Support of the Motion for Preliminary Injunction filed herewith and having personal knowledge of all matters set forth herein if called to testify as to said matters I could and would competently do so.

ORIGINAL

Page 2
Affidavit of Ronald P. Marangi in Support of Motion for Preliminary Injunction
Ronald P. Marangi, et al. v. Government of Guam

4.      Attached hereto marked **Exhibit "A"** is a copy of the Notice of Levy served upon Merrill, Lynch, Pierce, Fenner & Smith, Inc. (hereinafter **"Merrill Lynch"**) at their New Jersey office.  The amount of the Levy is $76,702.15.  It states that the assessment date was March 26, 2002.  The account is not in Guam.

5.      Attached hereto marked **Exhibit "B"** is the Notice of Examination dated July 11, 2000 setting a meeting for July 19, 2000 and which was addressed to our Guam mail box.  I did not receive the Notice until I was on Guam on July 24, 2000.

6.      Attached hereto marked **Exhibit "C"** is a letter from me to Colleen S. Meno, Revenue Agent of the Department of Revenue and Taxation, of July 24, 2000 confirming that we would bring the information and meet with her in October of 2000.

7.      Attached hereto marked **Exhibit "D"** is Notice of Deficiency dated August 4, 2000, also addressed to my Guam mail box, although by that time the Department of Revenue and Taxation knew of my address in California.  All adjustments are based upon a failure to provide substantiation, because the Department of Revenue and Taxation did not meet with me as agreed.

8.      Attached hereto marked **Exhibit "E"** is a letter from me to the Government of Guam, the Director of the Department of Revenue and Taxation dated March 3, 2003.  To date we have received no response.

///

///

///

Page 3
Affidavit of Ronald P. Marangi in Support of Motion for Preliminary Injunction
Ronald P. Marangi, et al. v. Government of Guam

9.      Attached hereto marked **Exhibit "F"** is a letter from me to the Director of the Department of Revenue and Taxation dated June 13, 2003.  To date we have received no response.

10.     Attached hereto marked **Exhibit "G"** is a copy of an e-mail to me from Merrill Lynch dated October 22, 2002 reflecting that the Levy was reduced to $43,850.00.  Merrill Lynch has continued to hold those funds and I cannot use them.

11.     Out of complete frustration I tried to obtain help from the Internal Revenue Service (hereinafter **"IRS"**).  Mr. Steve Flesner, who was then with the IRS, sent an e-mail to Paul Terlaje of the Department of Revenue and Taxation, a copy of said e-mail is attached marked **Exhibit "H"**. That meeting in Pago Pago did not materialize, and Mr. Flesner retired.

12.     I spoke with Mr. Flesner several times before he retired and he sent me an e-mail on July 17, 2003, a copy of which is attached hereto marked **Exhibit "I"**.

13.     I also attach a copy of an e-mail from me to Sandra Torres of Merrill Lynch marked Exhibit "J" which reiterates those conversations.

///

///

///

///

///

///

///

Page 4
Affidavit of Ronald P. Marangi in Support of Motion for Preliminary Injunction
Ronald P. Marangi, et al. v. Government of Guam

14.     Other than the documents above referred to and an extension of time to file a

Petition in District Court, I have received nothing else from the Department of Revenue and

Taxation, nor has Mr. Robert Steffy, my Certified Public Accountant in Guam.

FURTHER THE AFFIANT SAYETH NOT.

Dated this _10th_ day of November 2003.



**RONALD P. MARANGI, Affiant**

**SUBSCRIBED AND SWORN** to before me, the undersigned Notary Public, duly sworn

and commissioned in and for the State of California, this _10th_ day of **November 2003**, by **Ronald**

**P. Marangi**.

*Cecilia Mendez*
**NOTARY PUBLIC**

CECILIA MENDEZ
COMM. #1406199
NOTARY PUBLIC - CALIFORNIA
TULARE COUNTY
My Comm. Expires Mar. 18, 2007
TG.I1

Z8(0496.00)\PLD\P#2067

Form 668-A        GOVERNMENT OF ~AM
(Rev. June 93)    DEPARTMENT OF ~EVENUE AND TAXATION

The taxpay~ amed at the bottom
of this not~e owes the Government
of Guam $    76,702.15

Notice of Levy

To
MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC.
300 DAVIDSON AVE.
SOMERSETT, NJ 08873

ORIGINAL

Date  :  9/12/2002

Levy No:   020900024

TIN FOR MARANGI RONALD P: 556684026
TIN FOR MARANGI ERMA K: 565728906

| Kind of Tax | Tax Period Ended | Date of Assessment | Taxpayer Identification Number | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|---|---|
| 4549A | 12/1996 | 3/26/2002 | 556684026 | 74478.30 | 2223.85 | 76702.15 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | Total Amount Due | | 76702.15 |

Interest and penalty (statutory additions) have been figured to 10/12/2002.   Addi-
tional interest and applicable penalty will continue to be charged until the liabili-
ty is fully paid.  Chapter 64 of the Guam Territorial Income Tax Law  imposes a  lien
for the above tax and statutory additions.  Demand has been made on the  taxpayer for
the above amount.  The taxpayer has neglected or refused to pay.  The amount is still
due, owing, and unpaid.  All property, rights to  property, money, credits, and bank
deposits now in your possession and belonging to this taxpayer (or for which you are
obligated) and all money or  other obligations owing from you to  this taxpayer,  are
levied upon for payment  of the tax plus  all additions provided  by law.  Demand is
made on you for the amount necessary to pay this tax liability or for any smaller sum
that you owe this taxpayer, to be applied as a payment on this tax liability.  Checks
and money orders should be made payable to the  Treasurer of Guam and mailed  to the
Department of Revenue and Taxation.

Signature

Maria D Mesa
SUPERVISOR, COLLECTION BRANCH

P.O. Box 23607
Barrigada, Guam 96921

Telephone number
(671)  475-1855

Name and address of taxpayer:

MARANGI RONALD P
MARANGI ERMA K
790 N MARINE DR
PMB 886
TUMON GU 96911



EXHIBIT "A"

Form 668-A | GOVERNMENT O. (UAM - DEPARTMENT OF REVENUE AND XATION
(Rev. June 93) | Instructions for Responding to a Notice of Levy
| Levy No: 020900024

This Notice of Levy, Form 668-A, attaches funds due the taxpayer named on it. We would appreciate your following these instructions.

1. In the space to the right of the name and address of the taxpayer, please sign, date, and note the time received.

2. Make a reasonable effort to identify all property and rights to property belonging to this taxpayer. At a minimum, search your records using any combination of the taxpayer's name(s), address, and identifying number(s) shown on this form.

3. If you have funds due the taxpayer, please make your check or money order payable to the Treasurer of Guam. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and 'LEVY PROCEEDS' on your check or money order (not on a detachable stub). Mail the check with the original of this form to the Department of Revenue and Taxation. Keep a copy of this levy for your records and give a copy of the levy and a copy of the Excerpts from the Guam Territorial Income Tax Law to the taxpayer within 2 working days.

4. If you do not have funds due this taxpayer, please so indicate on the original of this form, fill in the information requested below, and return to the Department of Revenue and Taxation.

Thank you for your cooperation.

| Taxpayer's telephone number | | Present address of taxpayer if different from below |
|---|---|---|
| Last date you paid funds to the taxpayer | Amount | |
| Date next funds are due | Amount | Additional information which you believe may assist us |
| Name and address where funds are sent | | (if more space is needed, continue on the back) |
| Name and address of taxpayer MARANGI RONALD P MARANGI ERMA K 790 N MARINE DR PMB 886 TUMON GU 96911 | | |

| Form 668-A<br>(Rev. June 93) | GOVERNMENT OF GUAM<br>DEPARTMENT OF REVENUE AND TAXATION<br><br>Notice of Levy | The taxpayer named at the bottom<br>of this notice owes the Government<br>of Guam $ 76,702.15 |
|---|---|---|

| To<br>MERRILL LYNCH, PIERCE,<br>FENNER & SMITH, INC.<br>300 DAVIDSON AVE.<br>SOMERSETT, NJ 08873 | Date : 9/12/2002<br><br>Levy No: 020900024 |
|---|---|

TIN FOR MARANGI RONALD P: 556684026
TIN FOR MARANGI ERMA K: 565728906

| Kind<br>of Tax | Tax<br>Period<br>Ended | Date of<br>Assessment | Taxpayer<br>Identifi-<br>cation<br>Number | Unpaid<br>Balance<br>of<br>Assessment | Statutory<br>Additions | Total |
|---|---|---|---|---|---|---|
| 4549A | 12/1996 | 3/26/2002 | 556684026 | 74478.30 | 2223.85 | 76702.15 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | Total Amount Due | 76702.15 |

Interest and penalty (statutory additions) have been figured to 10/12/2002. Addi-
tional interest and applicable penalty will continue to be charged until the liabili-
ty is fully paid. Chapter 64 of the Guam Territorial Income Tax Law imposes a lien
for the above tax and statutory additions. Demand has been made on the taxpayer for
the above amount. The taxpayer has neglected or refused to pay. The amount is still
due, owing, and unpaid. All property, rights to property, money, credits, and bank
deposits now in your possession and belonging to this taxpayer (or for which you are
obligated) and all money or other obligations owing from you to this taxpayer, are
levied upon for payment of the tax plus all additions provided by law. Demand is
made on you for the amount necessary to pay this tax liability or for any smaller sum
that you owe this taxpayer, to be applied as a payment on this tax liability. Checks
and money orders should be made payable to the Treasurer of Guam and mailed to the
Department of Revenue and Taxation.

| Signature<br><br>*[signature]*<br><br>Maria D Mesa<br>SUPERVISOR, COLLECTION BRANCH | P.O. Box 23607<br>Barrigada, Guam 96921<br><br>Telephone number<br>(671) 475-1855 |
|---|---|

Name and address of taxpayer:

MARANGI RONALD P
MARANGI ERMA K
790 N MARINE DR
PMB 886
TUMON GU 96911



.Form 668-A | GOVERNMENT OF GAM - DEPARTMENT OF REVENUE AND TAXATION
- (Rev. June 93)| Instructions for Responding to a Notice of Levy
           | Levy No:  020900024

This Notice of Levy, Form 668-A, attaches funds due the taxpayer named on it.  We would appreciate your following these instructions.

1. In the space to the right of the name and address of the taxpayer, please sign, date, and note the time received.

2. Make a reasonable effort to identify all property and rights to property belonging to this taxpayer.  At a minimum, search your records using any combination of the taxpayer's name(s), address, and identifying number(s) shown on this form.

3. If you have funds due the taxpayer, please make  your check  or money order payable to the  Treasurer  of  Guam.  Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and 'LEVY PROCEEDS' on your check or money order (not on a detachable stub).  Mail the check with the original of this form to the Department of Revenue and Taxation.  Keep a copy of this levy for your records and give a copy of the levy and a copy of the Excerpts from the Guam Territorial Income Tax Law to the taxpayer within 2 working days.

4. If you do not have funds due this taxpayer,  please so indicate on the original of this form, fill in  the information requested below, and return to the Department of Revenue and Taxation.

· Thank you for your cooperation.

| Taxpayer's telephone number | | Present address of taxpayer if different from below |
|---|---|---|
| Last date you paid funds to the taxpayer | Amount | |
| Date next funds are due | Amount | Additional information which you believe may assist us |
| Name and address where funds are sent | | (if more space is needed, continue on the back) |
| Name and address of taxpayer MARANGI RONALD P MARANGI ERMA K 790 N MARINE DR PMB 886 TUMON GU 96911 | | |

**Section 6331. Levy and Distraint.**

(b) Seizure and Sale of Property. The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Director may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures. Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of Claim for which levy is made, the Director may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

**Section 6332. Surrender of Property Subject to Levy.**

(a) Requirement. Except as otherwise provided in subsections (b) and (c), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Director, surrender such property or rights (or discharge such obligations) to the Director, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special Rule for Life Insurance and Endowment Contracts.

(1) In general. A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall without necessity for the surrender of the contract documents, constitute a demand by the Director for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Director that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy. Such levy shall be deemed to be satisfied if such organization pays over to the Director the amount which the person against whom the tax is assessed could have had advance to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advanced (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (with the meaning of section 6323(i)(1) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings. The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rules for Banks. Any bank (as defined in section 408(a) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability. Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Director, shall be liable in his own person and estate to Guam in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331(d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation. In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(3) Effect of honoring levy. Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Director, surrenders such property or rights to property (or discharges such obligation) to the Director (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

**Section 6333. Production of Books.**

If a levy has been made or is about to be made on any property or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Director, exhibit such books or records to the Director.

**Section 6334. Property Exempt from Levy.**

(a) Enumeration. There shall be exempt from levy—

(1) Wearing apparel and school books. Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

(2) Fuel, provisions, furniture, and personal effects. If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and personal effects in his household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $1,650 ($1,550 in the case of levies issued during 1989) in value.

(3) Books and tools of a trade, business or profession. So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,100 ($1,050 in the case of levies issued during 1989) in value.

(5) Undelivered mail. Mail, addressed to any person, which has not been delivered to the addressee.

**Section 6343. Authority to Release Levy and Return Property.**

(a) Release of Levy and Notice of Release.

(1) In general. Under regulations prescribed by the Director, the Director shall release the levy upon all, or part of, the property or rights to property levied

Section 6331.  Levy and Distraint.

(b)  Seizure and Sale of Property.  The term "levy" as used in this title includes the power of distraint and seizure by any means.  Except as otherwise provided in subsection (c), a levy shall extend only to property possessed and obligations existing at the time thereof.  In any case in which the Director may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c)  Successive Seizures.  Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of Guam for which levy is made, the Director may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

Section 6332.  Surrender of Property Subject to Levy.

(a)  Requirement.  Except as otherwise provided in subsections (b) and (c), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Director, surrender such property or rights (or discharge such obligation) to the Director, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b)  Special Rule for Life Insurance and Endowment Contracts.

(1)  In general.  A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Director for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount.  Such organization shall pay over such amount 90 days after service of notice of levy.  Such notice shall include a certification by the Director that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2)  Satisfaction of levy.  Such levy shall be deemed to be satisfied if such organization pays over to the Director the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amounts of any advanced (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323(i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had notice or knowledge.

(3)  Enforcement proceedings.  The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c)  Special Rules for Banks.  Any bank tax defined in section 408(n) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d)  Enforcement of Levy.

(1)  Extent of personal liability.  Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Director, shall be liable in his own person and estate to Guam in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331(d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer).  Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2)  Penalty for violation.  In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1).  No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e)  Effect of honoring levy.  Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Director, surrenders such property or rights to property (or discharges such obligation) to the Director (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

Section 6333.  Production of Books.

If a levy has been made or is about to be made on any property or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Director, exhibit such books or records to the Director.

Section 6334.  Property Exempt from Levy.

(a)  Enumeration.  There shall be exempt from levy—

(1)  Wearing apparel and school books.  Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

(2)  Fuel, provisions, furniture, and personal effects.  If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and personal effects in his household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $1,650 ($1,550 in the case of levies issued during 1989) in value;

(3)  Books and tools of a trade, business or profession.  So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,100 ($1,050 in the case of levies issued during 1989) in value;

(4)  Undelivered mail.  Mail, addressed to any person, which has not been delivered to the addressee.

Section 6343.  Authority to Release Levy and Return Property.

(a)  Release of Levy and Notice of Release.

(1)  In general.  Under regulations prescribed by the Director, the Director shall release the levy upon all, or part of, the property or rights to property levied

TOTAL P.07

**Dipåttamenton Kontribusion yan Adu'ånå**
DEPARTMENT OF
# REVENUE AND TAXATION
**GOVERNMENT OF GUAM** *Gubetnamenton Guåhan*

CARL T.C. GUTIERREZ, Governor / *Maga'låhi*
MADELEINE Z. BORDALLO, Lt. Governor / *Tiñente Gubetnadora*

JOSEPH T. DUENAS, Director / *Direktot*
GEIORGE V. CRUZ, Deputy Director
*Sigundo Direktot*

SSN: 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
Tax Form: 1040
Tax Year(s): 1996
**JUL 11 2000**

Ronald P. & Erma K. Marangi
790 N. Marine Drive #886
Tumon, GU 96911

## Notice of Examination

Dear Sir and/or Madam:

Your Guam Income Tax Return for the above period(s), has been selected for examination. You are requested to confer with us at the Examination Branch office of the Department of Revenue and Taxation on __**Wednesday, July 19, 2000**__ at the hour of __**2:30 p.m.**__ regarding your return(s). Our office is located in the Ada's Commercial & Professional Center, 215A Chalan Santo Papa, Suite 203-F, Hagatna, Guam.

You are requested to present any records relative to the following issue(s) for the year(s) under examination:

**Schedule A: Ad Valorum Taxes, Miscellaneous Deductions (Other Expenses)**
**Schedule E: Rent Income, Legal & Professional Fees, Management Fees**

Failure to make available for examination any such records will result in the adjustment or disallowance of such item(s).

If you cannot make this appointment, call this office immediately to reschedule to a more convenient time. Our number is 475-1882.

Sincerely,

JOSEPH T. DUENAS, Director

BY: _____
Colleen S. Meno, Revenue Agent

Enclosures:
Pub. 1 – Your Rights as a Taxpayer

EXHIBIT "B"

Post Office Box 23607, Guam Main Facility, Guam 96921 • Tel. / *Telifon*: (671) 475-1801/1785-89 • Fax / *Faks*: (671) 472-2643

Ronald P. Marangi
790 N. Marine Drive PMB 886
Tumon, Guam 96911

Colleen S. Meno
Revenue Agent
Revenue and Taxation
Government of Guam
PO Box 23607
GMF, Guam 96921

RE: Notice of Examination

Dear Ms. Meno,

As a follow up to our phone conversation this morning, July 24, 2000, I want to confirm that I received your Notice of Examination today. I have been traveling since June 30, 2000 and returned to Guam yesterday. Your request to review various documents relative to Tax Form 1040 for the 1996 Tax Year on July 19, 2000 was impossible for compliance, as I did not receive the notice until July 24, 2000.

My wife Erma and I are no longer full time residents of Guam. We moved our prime residence to California in December 1999. The records associated with the 1996 Tax Year are in storage in California. I travel to California approximately every two months. I will endeavor to collect the documents you request on my next trip to California.

I will contact your office for another appointment around October 1, 2000 or as soon as I return from California.

Sincerely,


Ronald P. Marangi

SS# 556 68 4026

EXHIBIT "C"

# REVENUE AND TAXATION

**GOVERNMENT OF GUAM** *Gubetnamenton Guåhan*

CARL T.C. GUTIERREZ, Governor / *Maga'låhi*
~~INE Z. BORDALLO, Lt. Governor / *Tiñente Gubetnadora*

JOSEPH T. DUENAS, Director / *Direktot*
GEORGE V. CRUZ, Deputy Director
*Sigundo Direktot*

CERTIFIED MAIL **0 4 AUG 2000**

SSN: 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 / 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
Form: 1040
Tax Year(s) Ended: 1996
Deficiency(ies): $36,299.00
Penalty(ies): $6,859.80

Ronald P. & Erma K. Marangi
790 N. Marine Drive #886
Tumon, Guam 96911

## NOTICE OF DEFICIENCY

We have determined that there is a deficiency (increase) in your income tax as shown above. I regret we have been unable to reach a satisfactory agreement in your case. This letter is a NOTICE OF DEFICIENCY sent to you as required by law. The enclosed statement shows how we computed the deficiency.

If you do not intend to contest this determination in the U.S. District Court of Guam, please sign and return the enclosed waiver form. This will permit an early assessment of the deficiency and limit the accumulation of interest.

If you decide not to sign and return the waiver, the law requires that after 90 days from the date of this letter (150 days, if this letter is addressed to you outside of Guam), we will assess the deficiency and take action to collect the tax. However, within the time stated, you may contest this determination by filing a petition with the District Court. We may not assess any deficiency for this year until after the District Court has decided your case.

You may obtain a copy of the rules for filing a petition with the District Court by writing to the Clerk of the U.S. District Court of Guam, 6th floor, PNB Building, 238 Archbishop Flores St., Agana, Guam 96910.

If you intend to file a petition with the District Court, you must do so by **SEP 0 3 2000** (90 or 150 days, as the case may be); this period is fixed by law, and the District Court cannot consider your case if your petition is filed late.

Sincerely,
JOSEPH T. DUENAS, Director

By: _____
Veronica S. Quan, Acting Supervisor
Examination Branch

Enclosures:
Examination Report
Statement
Form 870 (Waiver)

Post Office Box 23607, Guam Main Facility, Guam 96921 • Tel. / *Telifon:* (671) 475-1801/1785-89 • Fax / *Faks:* (671) 472-2643

EXHIBIT "g"

Case 1:03-cv-00039    Document 3    Filed 11/26/2003    Page 13 of 28

| Rev. July 1990 FORM 4549-A | Department of Revenue and Taxation **INCOME TAX EXAMINATION CHANGES** | Return Form No. **1040** |
|---|---|---|

**Name and Address of Taxpayers**

Ronald P. & Erma K. Marangi
790 N. Marine Drive #886
Tumon, GU 96911

| | S.S. or E.I. Number 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 / 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 | Filing Status **MFJoint** |
|---|---|---|
| Person With Whom Examination Changes Were Discussed With | | Name and Title |

| | Year: 1996 | Year: | Year: |
|---|---|---|---|
| 1. Adjustments to Income | | | |
| a. Schedule A - Itemized Deductions | 36,801.00 | | |
| b. Standard Deduction | (6,700.00) | | |
| c. Schedule E: Passive Loss Limitation | 42,241.00 | | |
| Legal & Professional Fees | 39,400.00 | | |
| d. Personal Exemption Limitation | 1,836.00 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 2. Total Adjustments | 113,578.00 | | |
| 3. Adjusted Gross or Taxable Income Shown on Return or as Previously Adjusted | 79,984.00 | | |
| 4. Corrected Adjusted Gross or Taxable Income | 193,562.00 | | |
| 5. Corrected Tax (Tax Table) | 54,177.00 | | |
| 6. Less Credits a. | | | |
| b. | | | |
| c. | | | |
| 7. Balance (Line 5 less total of Lines 6a through 6c) | 54,177.00 | | |
| 8. Plus a. | | | |
| Other Taxes b. | | | |
| c. | | | |
| 9. Total Corrected Tax Liability (Line 7 plus total of Lines 8a through 8c) | 54,177.00 | | |
| 10. Total Tax Shown on Return or as Previously Adjusted | 17,180.00 | | |
| 11. Adjustments to EIC/Fuels Credits - increase (decrease) | 0.00 | | |
| 12. Deficiency - Increase in Tax or (Overassessment - Decrease in Tax) (Line 9 adjusted by Lines 10 and 11) | 36,997.00 | | |
| 13. Adjustments to Prepayment Credits | (2,698.00) | | |
| 14. Balance Due or (Overpayment) - (Line 12 adjusted by Line 13) *Excluding interest and penalties* | 34,299.00 | | |
| 15. Penalties a. §6662(b)(2) - Substantial Understatement | 6,859.80 | | |
| b. | | | |
| c. | | | |

**Other Information:**

| | | |
|---|---|---|
| Corrected Tax Liability | | $ 54,177.00 |
| Less: Taxes Withheld | | (19,878.00) |
| Balance Tax Due / Overassessment | | $ 34,299.00 |

| Examiner's Signature: COLLEEN S. MENO | District: AGANA, GUAM | 8/4/00 |
|---|---|---|

| Form **886-A** | **Department of Revenue & Taxation** | Schedule No. or Exhibit |
| (Rev. May 1980) | **Explanation of Items** | 1040 |
| Name of Taxpayer<br>Ronald P. & Erma K. Marangi | | Year/Period Ended<br>1996 |

## 1. a. SCHEDULE A – ITEMIZED DEDUCTIONS

| Year | Per<br>Return | As<br>Corrected | Adjustment |
|------|------|------|------|
| 1996 | 36,801.00 | 0.00 | 36,801.00 |

**Facts:**

Taxpayer filed a 1040 on Aug. 5, 1996 claiming Schedule A – Itemized Deductions totalling $36,801. The largest expense claimed was Miscellaneous Expenses of $34,315 consisting of various travel expenses.

**Authority:**

Guam Territorial Income Tax Law §162 – Trade or Business Expenses.
There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including – traveling expenses while away from home in the pursuit of a trade or business.

Guam Territorial Income Tax Law §6001 – Notice or Regulations Requiring Records, Statements, and Special Returns
Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe.

**Conclusion:**

Since taxpayer did not provide any records to substantiate Miscellaneous Expenses in the amount of $34,815 as ordinary and necessary expenses paid or incurred during the taxable year in the pursuit of a trade or business in accordance with GTITL §162 and §6001, this expense is disallowed as a deduction. As a result of this disallowance, the total allowable itemized deductions does not exceed the standard deduction amount for a married couple filing a joint return, therefore the itemized deductions claimed is denied in its entirety.

Form **886-A**
Page 1 of 4

## 1. b. STANDARD DEDUCTION

### Facts:

Taxpayer filed a 1040 on Aug. 5, 1996 claiming Schedule A – Itemized Deductions totalling $36,801. The largest expense claimed was Miscellaneous Expenses of $34,315 consisting of various travel expenses.

### Authority:

Guam Territorial Income Tax Law §63 – Taxable Income Defined: Basic Standard Deduction. The basic standard deduction is $6,700 in the case of a joint return.

### Conclusion:

Since taxpayer did not provide any records to substantiate Miscellaneous Expenses in the amount of $34,815 as ordinary and necessary expenses paid or incurred during the taxable year in the pursuit of a trade or business in accordance with GTITL §162 and §6001, this expense is disallowed as a deduction. As a result of this disallowance, the total allowable itemized deductions does not exceed the standard deduction amount for a married couple filing a joint return, therefore the itemized deductions claimed is denied in its entirety.

## 1. c. SCHEDULE E

### Facts:

Taxpayers filed a 1040 on Aug. 5, 1996 with a Supplemental Income and Loss – Schedule E showing a loss from rental activities of ($106,641).

The Schedule E listed 11 rental properties all located in California and legal and professional fees for each property totaling $39,400.

### Authority:

Guam Territorial Income Tax Law §469 – Passive Activity Losses and Credits Limited.
In the case of any natural person, subsection (a) shall not apply to that portion of the passive activity loss or the deduction equivalent of the passive activity credit for any taxable year which is attributable to all rental real estate activities with respect to which such individual actively participated in such taxable year. The aggregate amount to which paragraph (1) applies for any taxable year shall not exceed $25,000.

Guam Territorial Income Tax Law §162 – Trade or Business Expenses.
There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

Guam Territorial Income Tax Law §6001 – Notice or Regulations Requiring Records, Statements, and Special Returns
Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe.

### Conclusion:

Since Taxpayers did not provide records showing the purpose of legal & professional fees in the amount of $39,400 or whether this expense was ordinary and necessary in the conduct of carrying on the rental activity, this expense is disallowed in accordance with GTITL §162 and §6001. Due to the disallowance of this expense, the allowable rental loss is ($67,241) which is subject to the passive activity loss rules limiting losses to $25,000 for the taxable year in accordance with GTITL §469.

### 1. d. PERSONAL EXEMPTION LIMITATION

### Facts:

Taxpayer's adjusted gross income increased from $124,435 to $206,076 as a result of adjustments made to their allowable rental loss.

**Authority:**

Guam Territorial Income Tax Law §151(d)(3) – Allowance of Deductions for Personal Exemptions: Phaseout
In general. In the case of any taxpayer whose adjusted gross income for the taxable year exceeds the threshold amount, the exemption amount shall be reduced by the applicable percentage.

**Conclusion:**

Since taxpayers corrected adjusted gross income exceeds the threshold amount for joint return filers of $176,950, their deduction for personal exemptions is subject to limitation.

## 15. a. PENALTIES

**Facts:**

An individual income tax return for the tax year 1994 was filed on a timely basis.

**Authority:**

Guam Territorial Income Tax Law Section 6662(b)(2) – Substantial Understatement of Income Tax
For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return, or $5,000, there shall be added to the tax an amount equal to 20% of the portion of the underpayment to which this section applies.

**Conclusion:**

Due to the substantial understatement of the tax required to be shown on the return ($34,299) which exceeds the amount of $5,000, there shall be added to the tax an amount equal to 20% of the portion of the underpayment in the amount of $6,859.80.

Form **886-A**
Page 4 of 4

**Department of Revenue & Taxation**
**Notice of Deficiency Statement** (Part 1 of 2)

Return Form No.
1040

Name and Address of Taxpayers

    Ronald P. & Erma K. Marangi
    790 N. Marine Drive #886
    Tumon, GU  96911

We have determined the deficiency *(increase in tax)* and penalties shown below.

| Taxable Year Ended | Deficiency | Penalties | Penalty Code Sections |
|---|---|---|---|
| **December 31, 1996** | **$36,997.00** | **$6,859.80** | **GITL §6662(b)(2)** |

In making this determination of your Guam Territorial Income Tax Liability, careful consideration has been given to the report of examination, a copy of which is herewith enclosed.

No protest has been received against the adjustments shown therein.

**Department of Revenue & Taxation**

| | Return Form No. |
|---|---|
| | 1040 |

## Notice of Deficiency Statement (Part 2 of 2)

| Name and Address of Taxpayers | Taxable Year Ended: |
|---|---|
| | December 31, 1996 |
| Ronald P. & Erma K. Marangi | Deficiency: |
| 790 N. Marine Drive #886 | $ 36,997.00 |
| Tumon, GU 96911 | Penalties: |
| | $ 6,859.80 |

Date of 30-day letter: **N/A**

### Adjustment to Income

| | | |
|---|---|---|
| Adjusted Gross or Taxable Income Shown on Return or As Previously Adjusted: | $ | 79,984.00 |
| Additional Income and/or Unallowable Deduction: | | |
| a) Schedule A - Itemized Deductions | $ 36,801.00 | |
| b) Standard Deduction | (6,700.00) | |
| c) Schedule E - Passive Loss Limitation | 42,241.00 | |
| Legal & Professional Fees | 39,400.00 | |
| d) Personal Exemption Limitation | 1,836.00 | 113,578.00 |
| Corrected Adjusted Gross or Taxable Income | $ | 193,562.00 |

### Explanation of Items

a) Schedule A - The total itemized deductions claimed is disallowed due to the nonsubstantiation of Miscellaneous Expenses consisting of travel expenses and other. Taxpayer also failed to show that these expenses are ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business in accordance with the Guam Territorial Income Tax Law §162 and §6001.

b) Standard Deduction - The standard deduction amount for married persons filing a joint return is allowed in accordance with the Guam Territorial Income Tax Law §63.

c) Schedule E - In accordance with Guam Territorial Income Tax Law §469, all rental activities are defined as passive activities and thereby subject to the passive activity loss rules limiting losses to $25,000 for the taxable year. The allowable rental loss of ($67,241) after the disallowance of legal & professional fees due to nonsubstantiation under GTITL §162 and §6001 is subject to the $25,000 passive loss limitation.

d) Personal Exemption Limitation - Due to the adjustments made on the allowable rental loss, taxpayer's adjusted gross income has increased to $206,076 which exceeds the threshold amount for joint filers of $176,950 subject to limitation governed under GTITL §151(d)(3).

PENALTIES:

Due to the substantial understatement of the tax required to be shown on the return ($34,299) which exceeds the amount of $5,000, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment in accordance with §6662(b)(2) of the Guam Income Tax Law.

### Computation of Income Tax

| | | |
|---|---|---|
| Corrected Tax | $ | 54,177.00 |
| Less: _____ Credits | | |
| Plus: Other Taxes _____ | | |
| Total Corrected Tax Liability | $ | 54,177.00 |
| Less: Total Tax Shown on Return or as Previously Adjusted | | |
| Adjustments to Earned Income Credit - increase (decrease) | | - |
| Deficiency of income tax | $ | 54,177.00 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | | |
| Total Corrected Tax Liability | $ | 54,177.00 |
| Less: Amount previously collected without assessment | $ 19,878.00 | |
| Estimated Tax Payments | | |
| Assessments | | |
| Earned Income Credit | | 19,878.00 |
| Plus: Previous Refund | | |
| **Amount Due and Payable Excluding Interest and Penalties \*** | $ | 34,299.00 |

**\* If payment has been made, please notify this office by calling 475-1882. Interest will be computed on the date of payment.**

| Form **870** | Department of Revenue & Taxation | Date received by |
|---|---|---|
| (Rev. March 1992) | **Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment** | Rev. & Tax |

| Names & Addresses of taxpayer(s) *(Number, street, city or town, state, zip code)* | Social Security or Employer Identification number: |
|---|---|
| Ronald P. & Erma K. Marangi<br>790 N. Marine Drive #886<br>Tumon, GU 96911 | 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 / 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 |

### Increase//(Decrease) in Tax and Penalties

| Tax Year Ended | Tax | Penalties | | |
|---|---|---|---|---|
| 1996 | $36,997.00 | GTITC §6662(b)(2) | $6,859.80 | |
| | | | | |
| | | | | |
| | | | | |

### Instructions

#### General Information

If you consent to the assessment of the deficiencies shown in this waiver, please sign and return the form in order to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent you from filing a claim for refund *(after you have paid the tax)* if you later believe you are so entitled. It will not prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

If you later file a claim and the Department disallows it, you may file suit for refund in the District Court of Guam, but you may not file a petition with the U.S. Tax Court.

We will consider this waiver a valid claim for refund or credit of any overpayment due you resulting from any decrease in tax and penalties shown above, provided you sign and file it within the period established by law for making such a claim.

#### Who Must Sign

If you filed jointly, both you and your spouse must sign. If this waiver is for a corporation, it should be signed with the corporation name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this waiver provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity *(for example, an executor, administrator, or a trustee)* Form 56, Notice Concerning Fiduciary Relationship, should, unless previously filed, accompany this form.

### Consent to Assessment and Collection

I consent to the immediate assessment and collection of any deficiencies *(increase in tax and penalties)* and accept any overassessment *(decrease in tax and penalties)* shown above, plus any interest provided by law. I understand that by signing this waiver, I will not be able to contest these years in the District Court of Guam, unless additional deficiencies are determined for these years.

| Your Signature Here ➝ | | Date |
|---|---|---|
| Spouse's Signature ➝ | | Date |
| Taxpayer's Representative Sign Here ➝ | | Date |
| Corporate Name ➝ | | |

| Corporate Officer(s) Sign Here ➝ | | Title | Date |
|---|---|---|---|
| | | Title | Date |

Form **870**

RONALD P. & ERMA K. MARANGI
P.O. Box 940
Springville, CA 93265-0940

March 3, 2003

Government of Guam
Director
Department of Revenue and Taxation
P. O. Box 23607
Barrigada, Guam 96921

RE: 1996 Ronald P. & Erma K. Marangi Form 1040 Social Security # 556 68 4026

Dear Sir,

We have been struggling with the Audit and Collection Departments of Guam Revenue and Taxation for quite some time regarding the audit of our Personal return for 1996. We submitted through our Guam based CPA, Bob Steffy, in October 2002 information which was belatedly requested. Despite substantial confusion on both sides, we have complied with supplying data, which was already in the hands of the Audit Department. To date, we have heard nothing.

In October, 2002, with no notice to us or our Guam based CPA; your Collections Department placed a levy on one of our accounts at Merrill Lynch in New York. This unnecessary and unwarranted levy is a real burden on my wife and myself. We use this account in our business and the levy has created problems with our credit rating.

We would appreciate a response to our request for a status update. We have called Maria Mesa and Kenneth Benevente with no return phone calls. We have sent registered letters to Ms. Mesa and your office with no response. We have attempted email, but the email came back as undelivered. (I presume that was due to the aftermath of the recent typhoon.)

We are asking for your assistance to close this audit and release the levy. Our California CPA has prepared the most recent submittal, which was forwarded to Ms. Mesa, and they have not heard a word from that office as they expected they would.

We have not lived on Guam since 1999 and this matter has come as a complete shock to us after such a long gap of time.

Thank you for your consideration.

Phone/Fax 559 539 0190 Email: kikul@earthlink.net

EXHIBIT "E"



**RONALD P. & ERMA K. MARANGI**
P.O. Box 940
SPRINGVILLE, CA 93265-0940

June 13, 2003

Director
Department of Revenue and Taxation
Government of Guam

Dear Sir,

We are extremely disappointed with the treatment we have received from your department. We have attempted over the last several years to communicate and resolve a tax matter that is relatively simple in our estimation.

We have engaged the services of a Tax Advisor, Mr. Bob Steffy, who has also been unable to get any cooperation or consistent responsiveness from your staff.

I am attaching a Form 911, Application for Taxpayer Assistance Order for your action. We have also forwarded a copy of this Form 911 to the IRS Assistant Commissioner International in Washington D. C.

We have been abused and suffered financial damage as a result of the lack of communication and lack of appropriate procedure by various individuals within the Department.

Mr. Steffy is attempting to meet with you directly in an effort to at least present the material, which was requested by your department.

There are specific procedures to be followed in any audit process. Those procedures have absolutely not been adhered to in this matter.

I have sent registered return receipt letters to your attention as well as to your predecessor. So far no response. I have sent registered return receipt letters to members of the Department Staff. So far no response. I have left phone messages for your staff. No response.

Sir, it is impossible for me at such a great distance to effectively communicate when there is such a total lack of responsiveness.

Can you please get involved? We do not have a tax obligation for the 1996 tax year.

Sincerely,

Ronald P. Marangi

CC: Robert J. Steffy

EXHIBIT "F"

# Erma Marangi

**From:** "Torres, Sandra U (LA MESA XGG 213)"
**To:** "Erma Marangi" <kiku1@earthlink.net>
**Sent:** Tuesday, October 22, 2002 2:05 PM
**Subject:** RE: Fax Number for Anthony Alfred
Hello Ron,

Yesterday, our Legal Counsel received a partial release from the Dept. of Guam reducing the amount of the Levy from $76,702.15 to $43,850.00. We have not sent any money to them for the Levy. We will continue to keep you informed of any new developments. In the meantime, continue to let us know if you receive any additional information.

Best Regards,

Sandra (currently in Princeton, New Jersey - Merrill Lynch Corporate Center)

PS. Nothing like being on the East Coast in the Fall....the leaves are bright red and yellow....and the air has that crisp, clean smell....aaawwww

-----Original Message-----
**From:** Erma Marangi [mailto:kiku1@earthlink.net]
**Sent:** Saturday, October 19, 2002 9:16 AM
**To:** Torres, Sandra U (LA MESA XGG 213)
**Subject:** Re: Fax Number for Anthony Alfred

Dear Sandra,

Thanks for the fax number. I have sent a copy of my letter to the Guam Tax Office confirming their agreement to remove the Levy. I do not know how long this will take, but I do not want him taking any action without reasonable notice to us.

If necessary, I will have our attorney speak with him.

Thanks,

Ron Marangi

-----Original Message-----
**From:** Torres, Sandra U (LA MESA XGG 213)
**To:** 'Erma Marangi'
**Sent:** Friday, October 18, 2002 6:50 AM
**Subject:** RE: Fax Number for Anthony Alfred

Good Morning,

Anthony's fax number is (212)670-4512.

Have a great weekend!

Sandra

-----Original Message-----
**From:** Erma Marangi [mailto:kiku1@earthlink.net]
**Sent:** Thursday, October 17, 2002 6:48 PM
**To:** Sandra Torres, CFM

**EXHIBIT "G"**

10/22/2002



# INTERNAL REVENUE SERVICE

**Large and Mid-Size Business Division**
Office of the Director, International
1111 Constitution Avenue, NW, Attn: LM:IN
Washington, D.C. 20224-0002
Phone: (202) 435-5000   Fax: (202) 435-5010



## Facsimile Coversheet

Date: 6/18

Pages: 6

**TO:** Paul Terloje

**FAX** 671-472-2643

**PHONE:**

**FROM** STEPHEN H. FLESNER
PROGRAM MANAGER U.S. POSSESSIONS   LM:IN:IP

**FAX** (202) 435-5081 or 5082

**PHONE:** (202) 435-5072

**SUBJECT:** Help— He is your TP!

**REMARKS:** Please see my note and take it in the spirit in which it was sent — see you in Pago Pago!

NOTE: This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and/or restricted as to or exempt from disclosure under applicable laws. If the recipient of this message is not the addressee (i.e., the intended recipient, you are hereby notified that you should not read this document and that any dissemination, distribution, or copying of this communication, except insofar as is necessary to deliver this document to the intended recipient, is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and you will be provided further instruction about the return or destruction of this document. If all pages are not received, please call the sender. Thank You.

EXHIBIT "H"

Paul – I received this letter and contacted Mr. Marangi to discuss the IRS
position in this matter.  I told him that we have no jurisdiction over Guam taxes
and explained that if I were to forward the Application for Taxpayer Assistance
Order to our Taxpayer Advocate, there is nothing that IRS can do to resolve the
issue.   That being said, and of course only hearing one side of the story, it
seems that someone in RevTax should, at the minimum, allow the Rep…Bob
Steffy to discuss this so both he and Mr. Marangi have a better understanding of
any appellate rights that may exist or the basis for the assessment.  I know you
all are as overwhelmed as we are at the moment…I would however appreciate it
if you would provide some feedback to the Rep or the taxpayer in this instance.
I'm not going to ask what authority RevTax has to enforce the levy that is
referenced in the letter…..or why the brokerage firm has honored the levy….we
can discuss that over a beer in Pago Pago.

Steve F.

TOTAL P.02

# Ronald P. Marangi

**From:** "Flesner Stephen H"
**To:** "'Ronald P. Marangi'" <rmarangi@earthlink.net>
**Sent:** Thursday, July 17, 2003 8:08 AM
**Subject:** RE: Guam Tax Return

Unfortunately the trip to American Samoa was cancelled...they had runway problems and the conference we were to attend was rescheduled until Oct. So...I didn't get a chance to see Paul Terlaje. I did fax him the information you provided along with a note and the email asking that he look into it and provide you with a response. I'm afraid that is all I can do at this time. If your POA has met with their Director...Art Illagan, then I would image they will follow up with his instructions to reopen the exam. I would leave you a person to contact after my departure on th 31st, however the IRS does a piss poor job of succession planning and at this point in time, they are beginning to figure out that they will need to fill behind me...don't ask my personal thoughts on this issue..you can probably imagne them.    If I were in your shoes, I would follow up with your POA and have him continue to bring this to the attention of Art and I would press Merril Lynch further on the legal basis that they have to honor a levy from Guam...a good atty would sue the hell out of them over this issue...please don't quote me on that. Good Luck.

-----Original Message-----
**From:** Ronald P. Marangi [mailto:rmarangi@earthlink.net]
**Sent:** Thursday, July 10, 2003 11:44 AM
**To:** stephen.h.flesner@irs.gov
**Subject:** Re: Guam Tax Return

Dear Mr. Flesner,

As we agreed, I am touching base on my ongoing attempts to work with the Rev and Tax Department on Guam.

My CPA, Bob Steffy, has met with the new Director of Rev and Tax. The Director agreed to instruct John Camacho to audit my 1996 return. This was done verbally. I still do not have any confirmation from Rev and Tax that they are going to do anything.

Mr. Steffy was attending the Pacific Olympic Games tryouts in Fiji for two weeks. He is supposed to let me have an update upon his return.

Will there be someone with whom I can communicate in your office in the future?

I sent a note to Merrill Lynch asking under what statute they honored the Levy. They are investigating. It has over two weeks since they started that investigation. That length of time with no follow up tells me that they are scrambling.

I would appreciate you speaking with Paul Terlaje if you have the opportunity. I would at least like to get some formal notification that they are doing something. I have yet to receive any written communication from anyone at Rev and Tax.

Hope your trip is enjoyable and fruitful.

Regards,

Ron Marangi

—— Original Message ——
**From:** Ronald P. Marangi
**To:** stephen.h.flesner@irs.gov
**Sent:** Wednesday, June 18, 2003 11:25 AM
**Subject:** Guam Tax Return

07/18/2003

**EXHIBIT "I"**

## Erma Marangi

**From:** "Erma Marangi" <kiku1@earthlink.net>
**To:** "Sandra Torres, CFM" <storres@pclient.ml.com>
**Sent:** Wednesday, June 18, 2003 7:27 AM
**Subject:** Tax Levy

Dear Sandra,

You may be enjoying the Yosemite experience at this time, but I wanted to update you on the Levy placed on our account by the Government of Guam.

I have been working with my Guam CPA on this matter since October (and before). We have enlisted the services of the United States IRS Commissioner for International. We have made some progress, but it is painstakingly slow.

The reason for my note is that the Mainland United States IRS Assistant Commissioner, Steve Flesner, was surprised that Merrill Lynch honored a levy from Guam. He asked his legal counsel if this was correct and the IRS legal counsel said that Merrill Lynch New York (or any non Guam located funds) should not be honoring a 'foreign' levy. Guam has a completely separate tax status. They do use US forms, but they do not have responsibility to the Mainland US Tax system nor does the IRS have any relationship to them.

Mr. Flesner suggested that I ask Merrill Lynch to do a little homework on their honoring of the Guam levy as he said it could set a nasty precedent.

I suspected as much. I felt that Guam Rev and Tax was just on a fishing expedition. I am certain that they felt that by sending a 'look alike' form, they could snag something.

I left a phone message with Anthony Alfred at the Merrill Lynch office in New York to ask for a clarification on why Merrill Lynch has honored the Levy. They should not be responding to a Levy on Mainland located funds from a foreign tax authority.

Could you please touch base with him. I hope we can make some progress in this matter in the next couple of months, but communicating with the appropriate individuals is difficult. The IRS Commissioners office is sending a letter to them to ask for an explanation, but they said that they have not had good luck in getting responses in the recent past.

Obviously, if Merrill Lynch can release the Levy, that would be desirable.

Erma is home and resting.

Let me know.

Thanks,

Ron Marangi

**EXHIBIT "J"**

6/18/2003