Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584


FILED
DISTRICT COURT OF GUAM
NOV 26 2003
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Plaintiffs Ronald P. Marangi and Erma K. Marangi

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | CIVIL CASE NO. CIV03-00039<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION BY PLAINTIFFS RONALD P. MARANGI AND ERMA K. MARANGI |

**COMES NOW**, Plaintiffs Ronald P. Marangi and Erma K. Marangi (hereinafter **"Plaintiffs"**) and files the following Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction against Defendant Government of Guam (hereinafter **"Defendant"**).

<u>OPERATIVE FACTS</u>

The following facts are set forth in the Affidavit of Ronald P. Marangi filed herewith, unless otherwise noted.

In tax year 1996 Plaintiffs resided in Guam and filed their 1996 income tax return with Defendant on August 5, 1997.

ORIGINAL

Page 2
Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

Defendant issued an Notice of Examination dated July 11, 2000 setting a meeting for July 19, 2000, and addressed to Plaintiffs' Guam mailbox. By that time Plaintiffs had moved to the Mainland and did not receive the Notice until Plaintiff Ronald P. Marangi was on Guam on July 24, 2000.

Plaintiff Ronald P. Marangi thereupon immediately called the representative of Defendant, Colleen Meno, and informed her that the records needed were no longer in Guam but that Plaintiff Ronald P. Marangi would bring them with him on his next trip to Guam in October 2000 and would meet with her then. That was agreeable with her.

On August 4, 2000, Defendant issued a Notice of Deficiency to Plaintiffs, which was still addressed to their Guam mailbox, even though Defendant by then had Plaintiffs' Mainland address and despite the agreement to meet again in October 2000.

Without any further correspondence to Plaintiffs, on September 12, 2003 Defendant issued a Notice of Levy and served it on office of Merrill, Lynch, Pierce, Fenner & Smith, Inc. (hereinafter **"Merrill Lynch"**) in New Jersey, in the amount of $76,705.15. That Levy states that the assessment date was march 26, 2002. That Levy was subsequently reduced to $43,850.00.

Despite repeated requests from Plaintiffs and their representative and contact with Defendant by representatives of the Internal Revenue Service office, to advise Plaintiffs of the basis for the Levy, or to advise Plaintiffs of any rights they may have to discuss the Levy with representatives of Defendant, Defendant did nothing.

Page 3
Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction
by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## TEST FOR GRANTING PRELIMINARY INJUNCTION

The Ninth Circuit has stated that to grant a preliminary injunction the moving party must establish that: 1) it has a strong probability of success, 2) the balance of any harm suffered by him if the injunction is not granted outweighs the harm that the other party may suffer, and 3) the order would be in the public interest. Zepeda v. United States Immigration and Naturalization Service, 753 F2d 719 (9th Cir. 1985); Martin v. International Olympic Committee, 740 F2d 670 (9th Cir. 1984).

As will be seen below, there is virtually no scenario where Defendant can prevail. Its actions in issuing and serving the Levy are clearly wrongful and contrary to law.

On the other hand, if Defendant is ordered to release the Levy and it is subsequently determined that Defendant has the right to levy on assets outside of Guam for this asserted deficiency, then Defendant is free to levy on these or other assets of Plaintiffs.

Granting the preliminary injunction requiring the levy to be released is in the public interest. Defendant may attempt this unlawful Levy on other people. In doing so, each of those levies would be wrongful as Defendant has no jurisdiction to assert a levy outside of its geographical limits. If Defendant did Levy on Mainland assets of other people, they will suffer the same damage Plaintiffs have suffered.

The test factors are, therefore, entirely in favor of Plaintiffs.

Page 4
Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction
by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

### THE LEVY IS WRONGFUL

The Levy by Defendant is wrongful for at least three (3) substantive reasons:

1. The tax deficiency asserted in the Notice of Levy is time barred;

2. Defendant does not have the authority to levy or take other action outside of the jurisdiction of Guam; and

3. Before issuing a Levy Defendant is required to first advise Plaintiffs of its intent to levy and Plaintiffs' rights to a Collection of Due Process Hearing. Defendant did not do that.

The Internal Revenue Code is made applicable to Guam by the Organic Act and by the provisions of the Code itself. Organic Act §1421i(k); Internal Revenue Code §7651.

In order to assess an additional tax, that assessment must be made within three (3) years of the date of the filing of the income tax return. Internal Revenue Code §6501. The time for assessing an additional tax, then, expired on August 4, 2000. Although Defendant issued a Notice of Deficiency just before the running of that time, the Levy states that the assessment was not made until March 26, 2002. It is the assessment that must be made that matters. The Notice of Deficiency itself speaks in terms of the assessment being made in the future. See for example, R.Cruz, (Tax Court 1990), 60 TCM 1280, dec. 46, 989(M) T.C. Memo 1990, - 594, ¶90, 594.

///

///

///

Page 5
Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

Thus, the tax sought to be collected by the Levy was not validly assessed and therefore no deficiency exists.

States do not have the authority to take collection actions to recover taxes on assets outside of its geographical jurisdiction. They cannot even sue in another State to enforce the first State's revenue claim. Moore v. Mitchell, (1930) 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673.

Thus, Defendant has absolutely no authority to issue the Levy on accounts in any of the States or other Territories, although it attempted to do so in this instance. The Levy is just without any legal authority.

Prior to issuing a levy, the Defendant is required by the Internal Revenue Code to issue to Plaintiffs a Notice of its Intent to Levy and to advise Plaintiffs of their rights to the Collection Due Process Hearing. Internal Revenue Code §6330. The Defendant did not do so and the issuance of the Levy is, therefore, invalid.

Section 6330 also provides that until that notice is given and certain actions are taken, or not taken, no levy shall issue and expressly authorizes the issuance of an injunction. Internal Revenue Code §6330(d)(1)

### EXCEPTIONS TO INTERNAL REVENUE CODE ANTI-INJUNCTION PROVISIONS

Although, the Internal Revenue Code provides that generally no injunction will be granted to restrain the collection of taxes, there are exceptions. (Internal Revenue Code §7421)

Page 6
Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

In this instance, Plaintiffs qualify for both the statutory exceptions and an exception that has been created by the Supreme Court.

Among the statutory exceptions is the exception in the Internal Revenue Code §6330(d)(1). Plaintiffs are within the time during which the Collection Due Process Hearing is to be held. As noted above, before taking a collection action such a hearing is required to be held. Defendant did not give notice to Plaintiffs of that right so that the right to a hearing still exists and no levy can be made. As noted that Section and Internal Revenue Code §7521 expressly allows an injunction to issue.

The Supreme Court held in Enochs v. Williams Packing & Navigation Co., (1954) 340 U.S. 1, 82 S.Ct. 1125, 8 L.Ed. 2d 292, that where there is no circumstance that the tax could be collected it is proper to allow an injunction to be issued. The Supreme Court held:

> "We believe that the question of whether the government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained." 340 U.S. 1 at 7, 8 L.Ed. 2d 292 at 296.

As noted above, this additional tax sought to be collected is time barred. Further, the attempt to levy outside of the jurisdiction of Guam is illegal and there is no instance when that levy could be legal. Defendant did not give the required notice to Plaintiffs.

///

///

Page 7
Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction
by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## CONCLUSION

This wrongful and cavalier action by Defendant cries out for the issuance for the preliminary injunction requiring Defendants to release the levy.

Respectfully submitted this _26_ day of **November 2003**.

      **ZAMSKY LAW FIRM**
      **Attorneys for Plaintiffs**
      **Ronald P. Marangi and Erma K. Marangi**

By: _____
    STEVEN A. ZAMSKY

Z8(0496.00)\PLD\P#2071