<mark>ORIGINAL</mark>



**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Solicitors Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

Attorneys for the Government of Guam

FILED
DISTRICT COURT OF GUAM
DEC 15 2003
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI,  Plaintiffs, vs. GOVERNMENT OF GUAM, Defendant. | CIVIL CASE NO. CIV 03-00039  ANSWER |

Defendant, Government of Guam, by and through the Office of the Attorney General, answers the complaint filed in the above-captioned case as follows:

1. Defendant admits the allegations in paragraphs 3, 10 and 12.

2. Defendant denies the allegations in paragraphs 8, 9, 16, 17, 18, 19, 20, 22, 23, 25, 26 and 27.

3. Defendant is without information sufficient to form a belief as to the allegations in paragraphs 2, 4, 13 and 15, and therefore denies them.

4. Regarding paragraph 1, defendant admits that this lawsuit concerns defendant's administration of the Internal Revenue Code. Defendant also admits that under 48 U.S.C. § 1421i(h), the District Court of Guam has exclusive original jurisdiction over all judicial proceedings

<mark>Page 1
Answer
District Court Civil Case CIV 03-00039                                F:\Civil Litigation\eheisel\03.0441.P01</mark>

<mark>Case 1:03-cv-00039   Document 10   Filed 12/15/2003   Page 1 of 3</mark>

in Guam with respect to the Guam Territorial Income Tax. Defendant denies all other allegations in paragraph 1.

5. Regarding paragraph 5, defendant agrees that on or about July 11, 2000, the Department of Revenue and Taxation issued a letter addressed to plaintiffs at their last known street address, requesting them to confer with department personnel on July 19, 2000 regarding their 1996 tax return. Defendant denies all other allegations in paragraph 5.

6. Regarding paragraph 6, defendant is without information sufficient to form a belief as to whether plaintiff Ronald P. Marangi did not receive defendant's letter until July 24, 2000, and therefore denies this allegation. Defendant admits that plaintiff Ronald P. Marangi had a telephone conversation on or about July 24, 2000 with Colleen S. Meno, a Revenue Agent for the Department of Revenue and Taxation, in which Mr. Marangi informed Ms. Meno that he did not have the information on Guam but that it was in the mainland. Defendant also admits that Mr. Marangi informed Ms. Meno that he would be back on Guam in October 2000 and that he would call when he arrived. Defendant denies all other allegations in paragraph 6.

7. Regarding paragraph 7, defendant admits that Mr. Steffy had contact with Ms. Meno. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 7, and therefore denies them.

8. Regarding paragraph 11, defendant admits that it issued a Notice of Levy on September 12, 2002, directed to Merrill, Lynch, Pierce, Fenner & Smith, Inc., 300 Davidson Avenue, Somersett, New Jersey, where plaintiffs had assets. Defendant admits that the amount of the levy was $76,702.15. Defendant denies all other allegations in paragraph 11.

9. Regarding paragraph 14, defendant admits that it has not released the balance of the levy. Defendant denies all other allegations in paragraph 14.

10. Defendant readmits and redenies the allegations in paragraphs 1 through 20 as admitted and denied above, to the extent they are realleged in paragraph 21.

11. Defendant readmits and redenies the allegations in paragraphs 1 through 23 as admitted and denied above, to the extent they are realleged in paragraph 24.

12. Defendant denies all allegations in the complaint that are not specifically admitted.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs are barred by the statute of limitations from bringing this action.

3. Plaintiffs are barred by 26 U.S.C. § 7421 from seeking the remedy of injunctive relief.

4. Plaintiffs are barred by the Declaratory Judgment Act from seeking the remedy of declaratory relief.

5. This action is barred because plaintiffs failed to exhaust their administrative remedies.

6. Plaintiffs are barred under 26 U.S.C. § 7430 from seeking accounting fees, attorney fees and other litigation costs.

**WHEREFORE,** defendant prays for the following relief:

1. For an order and judgment denying all relief plaintiffs request in their complaint;

2. For an order and judgment dismissing the complaint;

3. For defendant's costs incurred herein; and

4. For such other relief as the Court deems just and equitable.

**Dated December 15, 2003.**

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

By: _____
ERIC A. HEISEL
Assistant Attorney General, Solicitors Division
**Attorney for Defendant Government of Guam**