**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Solicitors Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

Attorneys for the Government of Guam



FILED
DISTRICT COURT OF GUAM
DEC 29 2003
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | CIVIL CASE NO. CIV 03-00039 <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION |

    This memorandum is in opposition to the motion for preliminary injunction that plaintiffs Ronald and Erma Marangi filed herein on November 26, 2003.

    There are several reasons why plaintiffs are not entitled to the relief they requested in their complaint:

    1. Pursuant to 26 U.S.C. § 7421(a), plaintiffs are barred from seeking injunctive relief.

    2. Assuming arguendo that 26 U.S.C. § 7421(a) does not bar plaintiffs from seeking injunctive relief, the required elements for a preliminary injunction do not exist. There is no likelihood that plaintiffs will prevail on the merits. Plaintiffs will not be irreparably harmed if a preliminary injunction is not issued. The balance of hardships weighs heavily in favor of the government of Guam. It is not in the public interest to allow plaintiffs to have access to their levied account before there is a full determination of the case at trial.

Page 1
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039     F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039    Document 13    Filed 12/29/2003    Page 1 of 12

3. The government of Guam correctly followed all of the applicable statutory procedures prior to issuing the levy.

4. The government of Guam is allowed to levy on property not within Guam.

## BACKGROUND

On March 18, 1997, plaintiffs filed an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (1996 Form 4868) with the Department of Revenue and Taxation, Government of Guam (hereinafter referred to as "the department"), seeking a four-month extension for filing their income tax return for tax year 1996. A copy of this application is attached as Exhibit A to the Declaration of Colleen Meno. Plaintiffs filed their 1996 income tax return on August 5, 1997, within the four-month extension.

In 2000, the department selected plaintiffs' 1996 tax return for an audit examination. Colleen Meno, a Revenue Agent at the department, sent plaintiffs a Notice of Examination, dated July 11, 2000. A copy of this notice is attached as Exhibit B to the Declaration of Colleen Meno. The notice was sent to the last known address that the department had for plaintiffs – 790 N. Marine Drive #866, Tumon, Guam 96911. In the notice, the department asked plaintiffs to confer with representatives from the department at the Examination Branch office on July 19, 2000 at 2:30 p.m. Plaintiffs were asked to bring with them any records relative Schedule A and Schedule E, which were attached to their tax return. The notice stated, "<u>Failure to make available for examination any such records will result in the adjustment or disallowance of such item(s)</u>." The notice said that if plaintiffs were unable to make the appointment, they must call the department immediately to reschedule the appointment for a more convenient time. The notice gave a telephone number to call if plaintiffs needed to reschedule the appointment.

Plaintiffs did not show up for their July 19, 2000 appointment. On July 24, 2000, plaintiff Ronald Marangi telephoned Colleen Meno. *Declaration of Colleen Meno*. Mr. Marangi informed Ms. Meno that his wife and he were off-island and would not be back until October 2000. *Id.* He said that they would call the department when they arrived in October. *Id.* Ms. Meno told Mr. Marangi that the statute of limitations was running out for the department to issue a Notice of

Page 2
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039                                   F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039    Document 13    Filed 12/29/2003    Page 2 of 12

Deficiency. *Id.* Mr. Marangi agreed to sign and return Form 872, entitled "Consent to Extend the Time to Assess Tax." Ms. Meno told Mr. Marangi that the form had to be signed by August 4, 2000, because the three-year statute of limitations would run out on August 5, 2000. *Id.* Mr. Marangi gave Ms. Meno a Guam fax number where she could fax the form. *Id.* Mr. Marangi did not give Ms. Meno a new residential or mailing address. *Id.*

On July 24, 2000, Mr. Marangi faxed Ms. Meno a follow up letter. A copy of this letter is attached as Exhibit C to the Declaration of Colleen Meno. In this letter, Mr. Marangi explained that his wife and he were no longer full-time residents of Guam and that they had moved their prime residence to California in December 1999. He said that the records that Ms. Meno was requesting were in storage in California. He said he would endeavor to collect the documents and contact the department for another appointment around October 1, 2000, or as soon as he returned from California. Plaintiffs never contacted the department in October 2000, nor, to date, have they ever submitted the documentation that the department requested. *Declaration of Colleen Meno.*

On July 28, 2000, Ms. Meno faxed Mr. Marangi Form 872 to the Guam fax number he had given her. *Id.* Attached as Exhibit D to her declaration are a copy of the form that Ms. Meno faxed, a copy of Ms. Meno's fax transmittal sheet accompanying the form, and a copy of the fax confirmation sheet indicating that the fax was received.

Because the department did not receive Form 872 back from plaintiffs by August 4, 2000, and because the department was on the eve of the statute of limitations, the Examination Branch of the department issued a Notice of Deficiency, dated August 4, 2000. *Declaration of Colleen Meno.* The notice was sent to plaintiffs at their 790 N. Marine Drive, Tumon, Guam address because plaintiffs had not given the department an updated mailing address. *Id.* A copy of the notice is attached as Exhibit E to the Declaration of Colleen Meno. Also attached as part of Exhibit E is a copy of the Receipt for Certified Mail and a copy of Form 870.

The notice indicated a deficiency of $36,299.00 and a penalty of $6,859.80. The notice said that if plaintiffs did not intend to contest the department's determination of deficiency, to please sign and return the enclosed waiver form (Form 870, entitled "Waiver of Restrictions on Assessment and

Page 3
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039                                    F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039     Document 13     Filed 12/29/2003     Page 3 of 12

Collection of Deficiency in Tax and Acceptance of Overassessment"). The notice also informed plaintiffs that if they decided not to send in the waiver, the law required that after 90 days from the date of the letter, they would be assessed the deficiency and take action to collect the tax. The notice also informed plaintiffs that if they decided to contest the department's determination, they could do so by filing a petition with the District Court within 90 days. The notice indicated that the deadline for filing a lawsuit in District Court to dispute the deficiency determination was September 2, 2000.

The department subsequently issued a corrected Notice of Deficiency, showing that plaintiffs had until November 2, 2000 to file in District Court. Attached as Exhibit F to the Declaration of Colleen Meno are a copy of the department's letter, entitled "Extension to File Petition," and a copy of the corrected Notice of Deficiency.

On August 7, 2000, the department was informed that Robert Steffy would be acting as plaintiffs' representative for the purpose of this tax dispute. *Declaration of Colleen Meno.* Ms. Meno called Mr. Steffy's office on that date (August 7), but he was out. *Id.* She left a message. *Id.*

On August 10, 2000, Robert Steffy went to the department and met with Ms. Meno. *Id.* Mr. Steffy gave Ms. Meno a copy of a power of attorney indicating that plaintiffs had executed it on August 8, 2000. *Id.* A copy of the power of attorney is attached as Exhibit G to the Declaration of Colleen Meno. On the same date, Mr. Steffy signed the Consent to Extend the Time to Assess Tax (Form 872), the form that Ms. Meno had faxed earlier to Ronald Marangi. *Id.* A copy of the form is attached as Exhibit H to the Declaration of Colleen Meno. When Mr. Steffy met with Ms. Meno on August 10, he informed her that at that time he did not have any of plaintiffs' documents that they needed to present for the audit examination, nor did he have a current address for plaintiffs. *Id.*

Ms. Meno gave Mr. Steffy a copy of Form 872 on October 30, 2000. *Id.* She did not hear anything further from Mr. Steffy until they met in December 2000. *Id.* At that time, Mr. Steffy said that he had not been in contact with plaintiffs since he had last met with Ms. Meno and that he also did not have any of plaintiffs' documents needed for the audit examination. *Id.*

Page 4
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039                                            F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039   Document 13   Filed 12/29/2003   Page 4 of 12

The department waited another year before taking any collection action, to give plaintiffs an opportunity to respond. *Id.* They never did. *Id.* Ms. Meno called Mr. Steffy's office on November 29, 2001, but he was out. *Id.* She left a message. *Id.*

The Examination Branch issued another Notice of Deficiency on December 19, 2001. *Id.* This time, the department addressed it to plaintiffs, in care of Robert Steffy, at Mr. Steffy's address on Guam. *Id.* Attached as Exhibit I to the Declaration of Colleen Meno are a copy of the notice, the certified mail receipt, the return receipt, showing that the letter was received by Sherrie Sampson on December 21, 2001, and the department's address on the return receipt, and Form 870. The notice showed that the deficiency had increased to $46,548.00, with a penalty of $8,770.00. The notice gave plaintiffs 90 days – until March 19, 2002 – to file an action in District Court if they wanted to dispute the deficiency determination.

On March 26, 2002, defendant made its assessment for the tax deficiency. *Id.*

On April 24, 2002, the Collection Branch issued a Notice of Intent to Levy. *Declaration of Kenneth Manibusan.* A copy of the notice is attached as Exhibit J to the Declaration of Kenneth Manibusan. He sent the notice to plaintiffs' last known address – 790 N. Marine Drive, PMB 886, Tumon, Guam 96911. *Id.* As of that date, plaintiffs had still not sent the department an updated address. *Id.* When plaintiffs did not respond to the Notice of Intent to Levy, on September 12, 2003, Mr. Manibusan issued a Notice of Levy and served it on Merrill Lynch, Pierce, Fenner & Smith, Inc., 300 Davidson Avenue, Somersett, New Jersey 08873, where plaintiffs had an account. *Id.* At a later date, the department partially discharged the amount of the levy to $43,850.00, the amount of the principal tax owed. *Id.* To date, Merrill Lynch has not sent any of plaintiffs' funds to the department pursuant to the levy. *Id.*

## DISCUSSION

I. **THE DEPARTMENT FOLLOWED THE PROPER LEGAL PROCEDURES, LEADING UP TO A VALID LEVY.**

Under the Organic Act, the Guam Territorial Income Tax laws are the mirror image of the Internal Revenue Code. 48 U.S.C. § 1421i(a). The procedures that the Department of Revenue and

Page 5
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039                                      F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039   Document 13   Filed 12/29/2003   Page 5 of 12

Taxation must follow prior to issuing a levy on a tax deficiency are the same that the Internal Revenue Service must follow. These procedures are as follows:

1. <u>An income tax return is selected for an audit examination</u>. The department selected plaintiffs' 1996 income tax return for an audit examination.

2. <u>A Notice of Examination is sent to the taxpayer</u>. The notice asks the taxpayer to attend a meeting with department personnel and to bring documentation to substantiate exemptions, deductions and business expenses that were claimed on the income tax return. The department sent a Notice of Examination, dated July 11, 2000, to plaintiffs' last known address – 790 N. Marine Drive #866, Tumon, Guam 96911.

3. <u>If the taxpayer fails to show up for the examination, the department can issue a Notice of Deficiency</u>. Plaintiffs failed to show up at the examination meeting, scheduled for July 19, 2000. Therefore, the department, at that point, was entitled to issue a Notice of Deficiency, indicating the additional amount of tax that plaintiffs owed, plus penalties, based upon the lack of substantiation of various expenses plaintiffs used to reduce their income tax obligation. The notice gives the taxpayer a deadline by which the taxpayer can file an action in District Court if the taxpayer the determination of deficiency. The notice is sufficient if sent to the taxpayer's last known address. 26 U.S.C. § 6212(b)(1).

The department issued its first Notice of Deficiency on August 4, 2000 and sent it to plaintiffs' last known address – 790 N. Marine Drive #866, Tumon, Guam 96911. As of that date, neither plaintiffs nor Mr. Steffy had advised the department of a new address.

On August 7, 2000, Robert Steffy contacted the department, informing the department that plaintiffs had retained him to represent them in this tax dispute. To date, neither plaintiffs nor Mr. Steffy has ever provided the department with the requested documentation

The department issued a second Notice of Deficiency on December 19, 2001, notifying plaintiffs that they had until March 19, 2002 to file an action in District Court if they wanted to dispute the determination of deficiency. The department sent the notice to plaintiffs, in care of Mr. Steffy at his address.

Page 6
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039          F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039     Document 13     Filed 12/29/2003     Page 6 of 12

4. <u>If the taxpayer fails to file an action in the District Court challenging the determination of deficiency by the deadline, the department can assess the tax and issue a Notice of Intent to Levy.</u> Plaintiffs failed to file an action in District Court before the deadline of March 19, 2002. Therefore, the department was entitled to assess the tax and issue a Notice of Intent to Levy, which it did, on April 24, 2002. The department sent the Notice of Intent to Levy to plaintiffs last known address at 790 N. Marine Drive because as of that date, plaintiffs had not given them an updated address.

5. <u>If the taxpayer fails to respond to the Notice of Intent to Levy, the department can issue a Notice of Levy and serve it on third parties who are in possession of assets belonging to the taxpayer.</u> Plaintiffs failed to respond to the Notice of Intent to Levy. Therefore, the department was entitled to issue a Notice of Levy. On September 12, 2002, the department issued a Notice of Levy, addressed to Merrill Lynch, Pierce, Fenner & Smith, Inc., 300 Davidson Avenue, Somersett, New Jersey 08873, where plaintiffs have an account.

Accordingly, the department correctly followed all of the procedures required by law prior to serving the Notice of Levy on Merrill Lynch.

## II. PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION MUST BE DENIED.

### A. Plaintiffs are barred by 26 U.S.C. § 7421(a) from seeking an injunction in this case.

Ordinarily, the remedy of injunction is not available to a taxpayer who is seeking to restrain the collection of a tax. As provided in 26 U.S.C. § 7421(a):

> **§ 7421. Prohibition of suits to restrain assessment or collection.**
>
> **(a) Tax.** Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b) and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

None of the situations addressed by 26 U.S.C. §§ 6015(e), 6212(a) or (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), or 7426(a) or (b)(1), 7429(b) or 7436 apply to the present situation. Therefore, there is no applicable exception to the anti-injunction statute. Accordingly, plaintiffs' motion for a preliminary injunction should be denied on this basis alone. Furthermore, plaintiffs' request for a permanent injunction should also be denied pursuant to § 7421.

Page 7
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039     F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039   Document 13   Filed 12/29/2003   Page 7 of 12

**B. Assuming *arguendo* that plaintiffs are not barred pursuant to the anti-injunction statute from seeking injunctive relief, plaintiffs' motion should be denied because the requisite criteria for issuing a preliminary injunction do not exist.**

A preliminary injunction is appropriate where plaintiffs demonstrate either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor. *Southwest Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 917 (9th Cir. 2003). The court must also consider whether the public interest favors issuance of the injunction. *Id.* This alternative test for injunctive relief has also been formulated as follows: a plaintiff is required to establish (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). *Id. at 917-918.* This analysis creates a continuum: the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor. *Id. at 918.*

In the present case, as discussed above, there is no likelihood that plaintiffs will prevail on the merits. The department followed all of the statutory procedures correctly. All requisite notices were properly sent to plaintiffs and plaintiffs failed to respond.

Plaintiffs have also failed to show that they would suffer irreparable injury if the preliminary injunction is not granted. The levy was in place for more than 14 months before plaintiffs filed this lawsuit. Plaintiffs can easily remedy the situation by paying the tax deficiency and then filing a claim if they so desire. If the tax deficiency is paid, the levy will be lifted. Therefore, the relief plaintiffs seek is within their control.

The balance of hardships also weighs heavily in favor of the department. If the levy is lifted before a determination has been made at trial as to the legality of the levy, plaintiffs will have an opportunity to use those funds and the department will have been denied an opportunity to collect the tax deficiency.

Page 8
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039                    F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039    Document 13    Filed 12/29/2003    Page 8 of 12

The public interest also demands that taxes be paid when owed. Plaintiffs can attempt to establish the illegality of the levy at trial. Releasing the levy before the issues can be properly litigated would not serve the public interest.

The levy should therefore remain in place until plaintiffs are able to establish at trial that the levy is improper or illegal. The status quo should be maintained.

## III. THE TAX DEFICIENCY ASSERTED IN THE NOTICE OF LEVY IS NOT TIME BARRED.

As provided in 26 U.S.C. § 6501(a), a tax assessment must be made within three years after the date the tax return was filed. However, 26 U.S.C. § 6212(a) allows the department, prior to making an assessment, to issue a Notice of Deficiency (commonly referred to as a "90-day letter"). *Brown v. United States*, 391 F.2d 653 (Ct. Cl. 1968). 26 U.S.C. § 6212(a) provides as follows:

> **§ 6212. Notice of deficiency.**
>
> **(a) In general.** – If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

This notice is sufficient if mailed to the taxpayer's last known address. 26 U.S.C. § 6212(b)(1). The taxpayer has 90 days after the mailing of the notice within which to petition the tax court for a redetermination of the deficiency. 26 U.S.C. § 6213(a). A tax assessment is not permitted until the expiration of the 90 days. *Id.* The running of the 3-year statute of limitations set forth in 26 U.S.C. § 6501(a) is suspended for the 90-day period and for 60 days thereafter. 26 U.S.C. § 6503(a)(1).

In the present case, plaintiffs filed their tax return on August 5, 1997. Pursuant to 26 U.S.C. § 6501(a), the department had until August 5, 2000 either to do an assessment or to issue a Notice of Deficiency pursuant to 26 U.S.C. § 6212(a). The department issued a Notice of Deficiency on August 4, 2000, informing plaintiffs that they had until November 2, 2000 – 90 days – to file a petition in the District Court for a redetermination of the deficiency. The department mailed this notice to plaintiffs' last known address, which is all they were required to do by law.

Page 9
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039          F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039    Document 13    Filed 12/29/2003    Page 9 of 12

On August 10, 2000, Robert Steffy, plaintiffs' representative pursuant to a power of attorney, executed Form 872 – "Consent to Extend the Time to Assess Tax" – on behalf of plaintiffs. Therefore, through their legal representative, plaintiffs agreed to extend the time within which the department could assess the tax to December 31, 2001.

The department issued another Notice of Deficiency on December 19, 2001, before the expiration of the extended statute of limitations. The notice was mailed to plaintiffs through their representative, Mr. Steffy. The notice gave plaintiffs until March 19, 2002 – 90 days – within which to file an action in the District Court for a redetermination of the deficiency. Plaintiffs did not file an action within the time limit. Notice of deficiency sent by certified mail to the taxpayer's last known address, but never received and returned undelivered, is sufficient. *Morse v. Internal Revenue Service*, 635 F.2d 701 (8th Cir. 1980); *see also Sitka v. United States*, 903 F. Supp. 282 (D. Conn. 1995) (taxpayer who stated that he never received notice of income tax deficiency failed to invoke statutory exception to Anti-Injunction Act that permitted collection of taxes to be enjoined when Internal Revenue Service failed to mail notice of deficiency, where government established that notice of deficiency was mailed by certified mail).

Pursuant to 26 U.S.C. § 6503(a)(1), the time within which to assess the tax was suspended until May 18, 2002 – 60 days after the 90-day suspension. The department assessed the tax on March 26, 2002, well within the extended statute of limitations. Accordingly, the assessment is valid.

## IV. THE DEPARTMENT IS ALLOWED TO LEVY ON PROPERTY NOT LOCATED ON GUAM.

Guam's tax laws are the mirror image of the Internal Revenue Code. 48 U.S.C. § 1421i(a). Plaintiffs cite *Moore v. Mitchell*, 281 U.S. 18, 50 S. Ct. 175 (1930) for the proposition that a state does not have authority to take collection actions to recover taxes on assets outside of its geographical jurisdiction. This case is inapplicable to the present situation because it involved state, county, and city taxes, not federal income taxes. The present case deals with income taxes under the Internal Revenue Code.

Page 10
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039    F:\Civil Litigation\eheise\03.0441.P02

Case 1:03-cv-00039   Document 13   Filed 12/29/2003   Page 10 of 12

The Organic Act specifically provides that the government of Guam is entitled to enforce the income tax laws to the same extent that the federal government can enforce them. As provided in 48 U.S.C. § 1421i(d)(2):

> (2) The Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial Income Tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the Unites States income tax.

Similarly, 48 U.S.C. § 1421ig) provides as follows:

> **(g) Liens.** The Government of Guam shall have a lien with respect to the Guam Territorial Income Tax in the same manner and with the same effect, and subject to the same conditions, as the United States has a lien with respect to the United States Income Tax. Such lien in respect of the Guam Territorial Income Tax shall be enforceable in the name of and by the government of Guam.

Therefore, if the federal government can file a lien on assets located in New Jersey or New York, the government of Guam can also do so.

There is another section in the Organic Act that merits attention: 48 U.S.C. § 1421i(h)(4), which provides as follows:

> (4) A civil action for the collection of the Guam Territorial Income Tax, together with fines, penalties and forfeitures, or for the recovery of any erroneous refund of such tax, may be brought in the name of and by the government of Guam in the District Court of Guam <u>or in any district court of the United States</u> or in any court having the jurisdiction of a district court of the United States.

(Emphasis added.) Therefore, if need be, the government of Guam can file an action in federal district court in New Jersey, New York or any other state in the United States for the purpose of collecting plaintiffs' tax deficiency.

Accordingly, the department can issue levies on property outside of Guam.

## V. THE DEPARTMENT SENT PLAINTIFFS NOTICE OF ITS INTENT TO LEVY.

Plaintiffs argue that the levy is invalid because the department failed to advise plaintiffs of its intent to levy. As discussed above, defendant sent plaintiffs its Notice of Intent to Levy on April 24, 2002. Therefore, the levy is valid.

Page 11
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039                              F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039    Document 13    Filed 12/29/2003    Page 11 of 12

# CONCLUSION

The department correctly followed all of the required statutory procedures prior to serving the Notice of Levy in this case. By statute and by consent, the time limit for assessing plaintiffs' tax was extended to May 18, 2002. The department assessed the tax prior to that date. All notices were properly sent because the department sent them to plaintiffs' last known address.

The anti-injunction statute bars plaintiffs from seeking injunctive relief in this case. None of the exceptions to this statute apply to the present situation.

Even if it could be argued that one of the exceptions to the anti-injunction statute exists, plaintiffs fail to meet the criteria for issuance of a preliminary injunction. Because the department correctly followed all of the necessary procedures, there is no way that plaintiffs could prevail on the merits. Also, because 14 months elapsed after the levy was issued before plaintiffs filed this lawsuit, plaintiffs have failed to demonstrate the urgency in releasing the levy. Plaintiffs will not suffer irreparable harm if they have to wait until the matter can be litigated at trial. On the other hand, the government will suffer irreparable injury if the preliminary injunction is granted, because plaintiffs could then dispose of their assets, thereby depriving the government of an opportunity to collect plaintiffs' tax deficiency. In any event, plaintiffs have an adequate remedy at law. They can pay the deficiency and then file a claim for a refund. Once they pay the deficiency, the levy will be lifted.

Guam's income tax laws are the mirror image of the federal income taxes. Therefore, the government of Guam can collect tax deficiencies from sources outside of Guam.

For the foregoing reasons, the motion for a preliminary injunction should be denied.

**Dated December 29, 2003.**

**OFFICE OF THE ATTORNEY GENERAL**
DOUGLAS B. MOYLAN, Attorney General of Guam

By: _____
**ERIC A. HEISEL**
Assistant Attorney General, Solicitors Division
Attorney for Defendant Government of Guam

Page 12
Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction
District Court Civil Case CIV 03-00039                      F:\Civil Litigation\eheisel\03.0441.P02

Case 1:03-cv-00039    Document 13    Filed 12/29/2003    Page 12 of 12