Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584

Attorneys for Plaintiffs Ronald P. Marangi and Erma K. Marangi

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | CIVIL CASE NO. CIV03-00039<br><br>REPLY MEMORANDUM OF PLAINTIFFS RONALD P. MARANGI, ET AL. TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION BY DEFENDANT GOVERNMENT OF GUAM; DECLARATION OF SERVICE |

**COMES NOW**, Plaintiffs Ronald P. Marangi and Erma K. Marangi (hereinafter **"Plaintiffs"**) and files the following as their Reply Memorandum to Defendant Government of Guam's (hereinafter **"Defendant"**) Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction.

## THE ASSESSMENT

Defendant attempts to overcome the fatal tardiness in the making of the assessment in two ways. However, it cannot do so.

Page 2
Reply Memorandum of Plaintiffs Ronald P. Marangi, et al. to Opposition to Motion
 for Preliminary Injunction by Defendant Government of Guam; Declaration of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

First, Defendant maintains that Plaintiffs' representative, Robert Steffy, filed an extension of the time of the making of the assessment. That is true, however, by its terms, the time for which the making of the assessment was extended expired on December 31, 2001. The assessment, of course, was not made until March of 2002.

Defendant also apparently maintains that the issuance of the Notice of Deficiency somehow extends the time within which the assessment must be made to offer the time that this assessment was made. The Notice of the Deficiency only suspends the running of the time for the date in the Notice plus sixty days. (IRC §6503(a)). Thus, that time expired January 1, 2001.[1] The Amended Notice of Deficiency (dated August 9, 2000) gave until November 2, 2000 to file an action. The next Notice of Deficiency was not issued until December 19, 2001. Thus, even if the Notice of Deficiency did somehow extend the date for the assessment, there is a gap of nearly over one year between the last Notice of Deficiency and the expiration set forth in the previous Notice of Deficiency.

The 2001 Notice of Deficiency was not valid. Also, a second Notice of Deficiency for the same tax period for the same tax are not issued unless there is an increase in tax. There was no increase in tax shown nor any attachment to show any calculation thereof. Thus, this last Notice was unauthorized.

It was also not sent to the Plaintiffs themselves, only to the Plaintiffs' representative.

---

[1] The notice uses the wrong date, since Plaintiff did not reside in Guam, the date in the Notice should have been one hundred fifty days, or around January 2, 2001. The time would have expired March 1, 2001.

Page 3
Reply Memorandum of Plaintiffs Ronald P. Marangi, et al. to Opposition to Motion
 for Preliminary Injunction by Defendant Government of Guam; Declaration of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

This is not notice to the taxpayer unless the Power of Attorney so provides. (Exhibit "G" to Declaration of Colleen Meno). Mulvania v. Comm., (CA 9 1985) 769 F2d 1376. See also Roszks v. Com., (CA9 1988) 850 F2d 5141. This one does not so provide. Defendant knew that Plaintiff no longer resided in Guam. (Plaintiffs' letter Exhibit "C" to Declaration of Colleen Meno). In such a case, Defendant has a duty to exercise reasonable care and diligence to ascertain Plaintiffs' last known address. Mall v.. Kelly, (1983 D.Ct. Wy.) 564 F.Supp. 371. All Defendant had to do was all Mr. Steffy. (Just as in Crum v. Com., (Ct. App. D.C. 1980) 635 F2d 895).

It should be noted that the Notice of Deficiency does not comply with the statute. The last sentence of the IRC §6212(a) provides that the Notice of Deficiency shall set forth the right of a taxpayer to contact the taxpayer advocate and its place and phone number. These Notices do not do so. This is an important right. They should, therefore, be held to be ineffective in any event.

Thus, the assessment is time barred.

### LEVY PROCEDURE

Defendant maintains that it did send out a Final Notice of its Intent to Levy. (Exhibit "J-1" to Declaration of Kenneth Benavente). However, it is deficient in at least four respects.

First, as Defendant was well aware, the taxpayer was represented by Robert Steffy. At least a copy of all Notices is to be sent the representative. (See section 7 on page 2 of the Power of Attorney, Exhibit "G" to Declaration of Colleen Meno). It was not. It was instead sent to Plaintiffs' Guam address, even though Defendant knew that Plaintiffs no longer resided in Guam. A copy was not sent to Plaintiffs representative, Robert Steffy. As discussed above, the Defendant

Page 4
Reply Memorandum of Plaintiffs Ronald P. Marangi, et al. to Opposition to Motion
 for Preliminary Injunction by Defendant Government of Guam; Declaration of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

has a duty, in this case, to call Mr. Steffy and obtain Plaintiffs' address, before issuing a Notice of Deficiency. The same requirement should apply to the issuance of a Final Notice, a document that is at least as important as a Notice of Deficiency.

Secondly, the Notice which was purportedly sent does not comply with the statute. IRC §6330(a)(3). The Notice states that the publications enclosed explain the taxpayer's right to appeal. That is assuming that it was enclosed. They are not attached to the Exhibits which were presented. Thus, there is nothing in the Notice relating to the required information set forth in the subparagraphs of IRC §6330(a)(3)(C).

Thirdly, the Notice of Intent to Levy must be sent return receipt requested. This was not done. In fact, it was returned to Defendant (See Exhibit "J-3" to Declaration of Kenneth Benavente).

Additionally, the amount set forth in the Notice is incorrect. It states an ending balance of approximately $75,000.00 while the December 19, 2001 Notice, although ineffective, shows a combined balance of approximately $55,000.00. (Exhibit "I" to the Declaration of Colleen Meno).

## DEFENDANT HAS NO POWER TO LEVY OUTSIDE OF GUAM

Defendant seeks to avoid the clear holding of the Supreme Court in Moore v. Mitchell, 281 US 18, 50 S.Ct. 175 (1930), by arguing that the holding does not apply to Guam, because it dealt with States in the United States and not a territory. That is, of course, ludicrous. The reason why the Moore court held that an official of one state could not bring an action in another state is

Page 5
Reply Memorandum of Plaintiffs Ronald P. Marangi, et al. to Opposition to Motion
for Preliminary Injunction by Defendant Government of Guam; Declaration of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

because the second state gives no power to the first state to collect taxes in the second state. New Jersey, of course, has not granted any power to Guam to bring an action in New Jersey for collection of Guam taxes, much less an attempt to enforce a Guam levy on assets held in New Jersey.

Defendant also apparently asserts that this is involving federal income taxes. Obviously, that is not the case. The provisions of the IRC apply to Guam as Guam's Territorial Income Tax. That is made clear in 48 USC §1421(i).

If Congress intended that 48 USC §1421(i)(g) was to grant jurisdiction to Guam beyond that otherwise available to States it would have expressly said so. What it obviously intended was that Guam is to have the same enforcement powers in Guam as the United States would have with respect to its assessment in the United States. Also, that section does not purport (nor could it) to act for New Jersey.

Defendant also relies on the provisions of 48 USC §1421(i)(h)(iv). In the first place, the Defendant did not attempt to file an action in a District Court of the United States, it simply served Merrill Lynch with its levy. Also, that provision is contrary to the holdings of the Supreme Court and Congress cannot impose on a state a duty to enforce Guam's tax law.

///

///

///

///

Page 6
Reply Memorandum of Plaintiffs Ronald P. Marangi, et al. to Opposition to Motion
 for Preliminary Injunction by Defendant Government of Guam; Declaration of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## PLAINTIFFS ARE NOT PROHIBITED FROM OBTAINING AN INJUNCTION

The provisions of IRC §7421 do not prohibit the issuance of an injunction. As discussed in Plaintiffs' Opening Memoranda an exception therein set forth relates to IRC §6330 so that it is proper to issue an injunction before the expiration of the time during which a request for a Due Process Hearing is to be made. That time has not expired in this case, since the taxpayer was never given any notice that such a hearing was available.

Additionally, as also set forth in Plaintiffs' Opening Memoranda another exception was established by the Supreme Court in <u>Enoch v. Williams Packing and Navigation, Co.</u>, (1954) 340 US 1, 82 S.Ct. 1125, 8 L.Ed. 2d 292 and is clearly applicable. As demonstrated above, there is no set of law for the facts in this case which would allow the Defendant to levy this tax claim on property outside of Guam. Thus, an injunction may be granted.

## CONCLUSION

A Preliminary Injunction should issue in this matter. The December 12, 2001 Notice of Deficiency not only does not comply with the requirements of the statute, it was not properly attempted to be delivered to Plaintiffs therefore, the assessment is beyond the time allowed by law (having expired by at least December 31, 2001) and the Levy is void. The Notice of Intent to Levy was never given to the taxpayer as required by law nor do the circumstances surrounding it cause it to be deemed to have been given to the taxpayer. Therefor, the Levy itself is also void. Guam has no power to Levy on assets outside of Guam. If that Levy is not removed, then the taxpayer

Page 7
Reply Memorandum of Plaintiffs Ronald P. Marangi, et al. to Opposition to Motion
 for Preliminary Injunction by Defendant Government of Guam; Declaration of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

is left with no choice but to pay the rather substantial amounts claimed by the Defendant (after having failed to provide for any meaningful audit on the merits), bring an action in this Court for a refund presenting the exact same issues and, after winning being at the mercy of a financially cash short Government of Guam and hope to be paid. The equities are all in the side of the Plaintiffs.

Respectfully submitted this **5th** day of **January 2004**.

        **ZAMSKY LAW FIRM**
        **Attorneys for Plaintiffs**
          Ronald P. Marangi and Erma K. Marangi

By: _____
      STEVEN A. ZAMSKY

Page 8
Reply Memorandum of Plaintiffs Ronald P. Marangi, et al. to Opposition to Motion
 for Preliminary Injunction by Defendant Government of Guam; Declaration of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## DECLARATION OF SERVICE

I, Steven A. Zamsky, hereby certify that on the **5th** day of **January 2004**, I will cause to be served by hand delivery a true and correct copy of the **Reply Memorandum of Plaintiffs Ronald P. Marangi, et al. to Opposition to Motion for Preliminary Injunction by Defendant Government of Guam; Declaration of Service** upon **Eric A. Heisel, Assistant Attorney General, Office of the Attorney General**, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Drive, Hagåtña, Guam USA 96910, **Attorneys for Defendant Government of Guam**.

Dated this **5th day of January 2004**.

_____
STEVEN A. ZAMSKY

Z8(0496.00)\PLD\P#2115