

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
**Solicitors Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

Attorneys for the Government of Guam



# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, | CIVIL CASE NO. CIV 03-00039 |
| Plaintiffs, | SUMMARY OF TESTIMONY OF DEFENDANT'S WITNESSES |
| vs. | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

As directed by the Court at the hearing in this case on January 9, 2004, defendant submits the following summaries of the testimony that defendant anticipates that its witnesses will give at the continued hearing on January 15, 2004.

1. **Colleen S. Meno**

Defendant anticipates that Ms. Meno will give the following testimony:

Ms. Meno is a Revenue Agent at the Examination Branch of the Department of Revenue and Taxation. She will testify as to her background at the department and as to her duties in general as a revenue agent. She will also testify how the examination process works at the department. She will then testify as to her involvement with plaintiffs' case.

On March 18, 1997, plaintiffs filed an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (1996 Form 4868) with the department, seeking a four-month

Page 1
Summary of Testimony of Defendant's Witnesses
District Court Civil Case CIV 03-00039                                    F:\Civil Litigation\eheisel\03.0441.P08



Case 1:03-cv-00039    Document 26    Filed 01/12/2004    Page 1 of 6

extension for filing their income tax return for tax year 1996. Plaintiffs filed their 1996 income tax return on August 5, 1997.

In 2000, the department selected plaintiffs' 1996 tax return for an audit examination. Ms. Meno sent plaintiffs a Notice of Examination, dated July 11, 2000, to the last known address that the department had for plaintiffs – 790 N. Marine Drive #866, Tumon, Guam 96911. In the notice, the department asked plaintiffs to confer with representatives from the department at the Examination Branch office on July 19, 2000 at 2:30 p.m. Plaintiffs, however, did not show up for their July 19, 2000 appointment.

On July 24, 2000, plaintiff Ronald Marangi telephoned Ms. Meno. He informed her that his wife and he were off-island and would not be back until October 2000. He said that they would call the department when they arrived in October. Ms. Meno told Mr. Marangi that the statute of limitations was running out for the department to do a tax assessment. She said that she would like to send Form 872 to him, which is entitled "Consent to Extend the Time to Assess Tax," and would like to have him sign and return it before the deadline on August 5, 2000. Although Mr. Marangi did not agree to sign and return it, he gave Ms. Meno a Guam fax number where she could fax the form. Ms. Meno asked Mr. Marangi for an updated address. He did not give her one and instead said that she could continue to send communications to him at his Guam address. Mr. Marangi informed Ms. Meno that he would be on Guam in October 2000 and that he would contact her at that time. Plaintiffs never contacted Ms. Meno or anyone else at the department in October 2000.

On July 24, 2000, Mr. Marangi faxed Ms. Meno a follow up letter, memorializing his conversation with Ms. Meno. On July 28, 2000, Ms. Meno faxed Mr. Marangi Form 872, using the Guam fax number he had given her. However, because she did not receive this form back from him prior to the August 5, 2000 deadline, she prepared a Notice of Deficiency, dated August 4, 2000, which she forwarded to Veronica Quan, her supervisor, for signature. The notice was sent to plaintiffs at their 790 N. Marine Drive, Tumon, Guam address. The notice indicated a deficiency of $36,299.00 and a penalty of $6,859.80. The notice stated that plaintiffs had until September 2, 2000 to file a petition with the District Court if they wanted to contest the determination of

deficiency. The department subsequently issued a corrected Notice of Deficiency, showing that plaintiffs had until November 2, 2000 to file a petition with the District Court if they wanted to contest the deficiency.

On August 7, 2000, Ms. Meno was informed that Robert Steffy would be acting as plaintiffs' representative for the purpose of this tax dispute. On August 10, 2000, Robert Steffy went to the department and met with Ms. Meno and gave Ms. Meno a copy of a power of attorney indicating that plaintiffs had executed it on August 8, 2000. On the same date, Mr. Steffy signed the Consent to Extend the Time to Assess Tax (Form 872), the form that Ms. Meno had faxed earlier to Ronald Marangi. When Mr. Steffy met with Ms. Meno on August 10, he informed her that at that time he did not have any of plaintiffs' documents that the department had requested for the audit examination, nor did he have a current address for plaintiffs.

Ms. Meno did not hear anything further from Mr. Steffy until they met in December 2000. At that time, Mr. Steffy said that he had not been in contact with plaintiffs since he had last met with Ms. Meno and that he also did not have any of plaintiffs' documents needed for the audit examination.

The department waited another year before taking any collection action, to give plaintiffs an opportunity to respond. They never did. Ms. Meno called Mr. Steffy's office on November 29, 2001, but he was out. She left a message.

Ms. Meno prepared another Notice of Deficiency, dated December 19, 2001 for Veronica Quan's signature. This time, she addressed the notice to plaintiffs, in care of Robert Steffy, at Mr. Steffy's address. She did so because it was the office's policy to send notices to representatives who submit a Form 872 power of attorney. Ms. Meno recalculated the deficiency, which the notice indicated had increased to $46,548.00, with a penalty of $8,770.00.

To date, the department has never received the requested documentation from either Mr. Steffy or plaintiffs. The department was not aware of plaintiffs' new address until after the Notice of Levy was issued.

Page 3
Summary of Testimony of Defendant's Witnesses
District Court Civil Case CIV 03-00039                              F:\Civil Litigation\eheisel\03.0441.P08

Case 1:03-cv-00039    Document 26    Filed 01/12/2004    Page 3 of 6

## 2. Veronica Quan.

Defendant anticipates that Ms. Quan will give the following testimony:

Ms. Quan is Ms. Meno's supervisor at the Examination Branch of the Department of Revenue and Taxation. She will testify as to her background at the department and as to her duties in the Examination Branch. She will also testify how the examination process works at the department. She will then testify as to her involvement with plaintiffs' case.

Ms. Quan signed both Notices of Deficiency that Ms. Meno prepared. On the first Notice of Deficiency, the secretary stamped the wrong date – September 2, 2000 – as the deadline for filing an action in District Court. The notice was sent again, with the correct deadline stamped in (November 2, 2000).

It has been the office's policy to send notices to the taxpayer's representative when the representative has signed Form 872 (Power of Attorney).

When Ms. Quan spoke with Mr. Steffy, she asked him for plaintiffs' new address. He told her that he did not have it.

## 3. Nell Gaza.

Defendant anticipates that Ms. Gaza will give the following testimony:

Ms. Gaza works in the Accounting Branch of the Department of Revenue and Taxation. She will testify as to her background at the department and as to her duties in general at the Accounting Branch. She will then testify as to her involvement with plaintiffs' case.

Plaintiffs' case was referred to Ms. Gaza after the time period had run for plaintiffs to file an action in District Court as explained in the December 19, 2001 Notice of Deficiency. Using information from the department's records, she assessed plaintiffs' tax on March 26, 2002. On April 4, 2002, she issued a notice of tax due and sent it to plaintiffs at their last known address. She prepared a second notice, dated April 15, 2002, which she forwarded to the Collection Branch to send out. She also forwarded the case to the Collection Branch.

### 4. Kenneth Benavente.

Defendant anticipates that Mr. Benavente will give the following testimony:

Mr. Benavente is a Revenue Officer III at the Collection Branch of the Department of Revenue and Taxation. He will testify as to his background at the department and as to his duties in general as a revenue agent. He will also testify how the collection process works at the department. He will then testify as to his involvement with plaintiffs' case.

The Collection Branch issued the second notice prepared by Ms. Gaza. It was sent to plaintiffs' last known address.

Mr. Benavente prepared a Notice of Intent to Levy, dated April 24, 2002, which he sent to plaintiffs' last known address – 790 N. Marine Drive, PMB 886, Tumon, Guam 96911. At that point in time, Mr. Benavente did not know that plaintiffs had moved away from Guam, nor was he aware of Mr. Steffy's involvement or the power of attorney. The power of attorney was placed in the Examination Branch file, and Mr. Benavente was not aware of either plaintiffs' new address or the power of attorney until after he had issued the Notice of Levy. Defendant did not have plaintiffs' new address until after he sent the Notice of Levy.

When plaintiffs did not respond to the Notice of Intent to Levy, on July 29, 2002, Mr. Manibusan prepared a Notice of Levy, directed to Merrill Lynch, Pierce, Fenner & Smith, Inc. at its Guam address. When he attempted to serve the notice on Merrill Lynch on Guam, he was informed that plaintiffs did not have a Merrill Lynch account on Guam anymore. Therefore, he prepared another Notice of Levy, dated September 12, 2002, and sent it to Merrill Lynch's main office at 300 Davidson Avenue, Somersett, New Jersey 08873.

Merrill Lynch contacted Mr. Manibusan when it received the Notice of Levy and informed him that plaintiffs' Merrill Lynch account was in San Diego, California. He then sent the notice to Merrill Lynch in San Diego.

At a later date, Mr. Manibusan agreed to partially discharge the amount of the levy to $43,850.00, the amount of the principal tax owed. He did so.

Page 5
Summary of Testimony of Defendant's Witnesses
District Court Civil Case CIV 03-00039                                F:\Civil Litigation\eheisel\03.0441.P08

Case 1:03-cv-00039   Document 26   Filed 01/12/2004   Page 5 of 6

1       To date, Merrill Lynch has not sent any of plaintiffs' funds to the department pursuant to the
2 levy.
3     **Dated January 12, 2004.**

                               **OFFICE OF THE ATTORNEY GENERAL**
                               DOUGLAS B. MOYLAN, Attorney General of Guam

                    By: _[signature]_
                          ERIC A. HEISEL
                          Assistant Attorney General, Solicitors Division
                          Attorney for Defendant Government of Guam

Page 6
Summary of Testimony of Defendant's Witnesses
District Court Civil Case CIV 03-00039          F:\Civil Litigation\eheisel\03.0441.P08

Case 1:03-cv-00039    Document 26    Filed 01/12/2004    Page 6 of 6