

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Solicitors Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | CIVIL CASE NO. CIV 03-00039 <br><br> GOVERNMENT OF GUAM'S SUPPLEMENTAL BRIEF |

As the Court directed on January 22, 2004, defendant Government of Guam submits the following brief on the following two issues: (1) whether U.S. territories other than Guam follow the Internal Revenue Code in collecting local taxes and, if so, whether they have levied on property located outside their geographical boundaries; and (2) whether service of the December 19, 2001 Notice of Levy on Robert Steffy was legally sufficient.

I. **TAX CASES IN OTHER TERRITORIES.**

As the Court stated in the hearing on January 22, the issue of whether the Department of Revenue and Taxation of the Government of Guam can levy on property outside of Guam is probably a matter of first impression. Counsel for defendant, however, was unable to find any cases regarding other territories where levy outside of the territory was an issue.

A territory that has a tax system that resembles Guam's is the Virgin Islands. *Dudley v. Commissioner of Internal Revenue*, 258 F.2d 182, 186 (3rd Cir. 1958). Under the Naval Service Appropriation Act, the Internal Revenue Code are applied to the Virgin Islands. *Virgin Islands Bureau of Internal Revenue v. Chase Manhattan Bank*, 168 F. Supp. 2d 480, 486 (D.V.I. 2001), *aff'd in part, rev'd in part* 312 F.3d 131 (3rd Cir. 2002). The district court held that the tax laws in the Virgin Islands do not completely mirror the Internal Revenue Code. The court stated that only the substantive provisions of the Internal Revenue Code are applicable in the Virgin Islands, that the administrative assessment and collection procedures are government by local law. *Id.* at 486-87. The Third Circuit reversed this ruling, and held that the income tax laws in force in the United States are held to be in force in the Virgin Islands, except that the proceeds of the taxes are to be paid into the treasury of the Virgin Islands. 312 F.3d at 135-136. The circuit court held that administrative as well as substantive provisions in the Internal Revenue Code are to be used in the Virgin Islands, including procedures regarding levies. *Id.* Although *Chase Manhattan* concerns a levy on a taxpayer's funds, however, it does not involve property outside of the Virgin Islands.

The Internal Revenue Code has been brought into force in the CNMI as a terrritorial income tax in the same manner as in Guam. *United States ex rel. Richards v. De Leon Guerrero*, 1992 W.L. 321010 (D. N. Mariana Islands 1992). However, counsel for defendant was not able to find any CNMI cases that deal with levies outside of the CNMI.

## II. SERVICE OF THE DECEMBER 19, 2001 NOTICE OF LEVY ON ROBERT STEFFY WAS LEGALLY SUFFICIENT.

### FACTS

As the evidence showed at the hearing on January 22, plaintiff Ronald Marangi informed Revenue Agent Colleen Meno on July 24, 2000 that plaintiffs no longer lived on Guam. However, Mr. Marangi did not give Ms. Meno or anyone else at the Department of Revenue and Taxation a new address. As Revenue Officer Ken Benavente testified, the department did not have a new address for plaintiffs until October 2002, more than two years later.

On August 10, 2000, the department was given a copy of a power of attorney, Internal Revenue Service Form 2848, signed by plaintiffs on August 8, 2000. In this power of attorney, plaintiffs appointed Robert Steffy as their attorney-in-fact, authorizing him to perform the following acts:

> 5 Acts authorized. The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5 – Acts authorized).

On the same date – August 10, 2000 – Mr. Steffy signed Form 872, "Consent to Extend the Time to Assess Tax," in which Mr. Steffy, on behalf of plaintiffs, extended the time within which the department could assess plaintiffs' tax until December 31, 2001.

On or about December 19, 2001, defendant sent the second Notice of Deficiency to plaintiffs. The department addressed it to plaintiffs in care of Mr. Steffy, at his address. The notice was sent by certified mail, return receipt requested. The return receipt was signed by Mr. Steffy's secretary.

## DISCUSSION

In their reply memorandum, plaintiffs assert that service of the Notice of Levy plaintiffs' attorney-in-fact was invalid because the power of attorney did not authorize defendant to send him notices on behalf of plaintiffs. As explained below, under the circumstances, service of the December 19, 2001 Notice of Levy on Robert Steffy was sufficient.

In *United States v. Ahrens*, 530 F.2d 781 (8th Cir. 1976), a notice of deficiency was sent to the taxpayer and to his attorney. Although the attorney received the notice, the taxpayer did not, because he was in Vietnam. However, the court held that notice was sufficient, on grounds that the Commissioner had acted reasonably under the circumstances. As the court held:

> The notice was sent to McGowan, who held a duly executed power of attorney to represent Ahrens before the IRS with respect to taxpayer's 1961 income taxes. Such notice has been consistently held sufficient. *See Expanding Envelope & Folder Corp. v. Shotz*, 385 F.2d 402, 404 (3rd Cir. 1967); *Delman v. Commission, supra*, 384 F.2d at 932; *Kisting v. Commissioner*, 298 F.2d 268-69 (8th Cir. 1962); *Commissioner v. Steward*, 186 F.2d 239, 242 (6th Cir. 1951). At the time the notice

> was mailed, the taxpayer was in Vietnam. <u>Under the circumstances, the Commissioner was reasonable as a matter of law in concluding that the taxpayer should be notified through his duly authorized attorney. That the taxpayer did not receive actual notice of the deficiency is irrelevant.</u> See Brown v. Lethert, 360 F.2d 560, 562 (8th Cir. 1966).

530 F.2d at 785 (emphasis added).

In *Commissioner of Internal Revenue v. Stewart*, 186 F.2d 239 (6th Cir. 1951), a notice of deficiency was sent by registered mail to the taxpayer's attorney, who was previously authorized under a power of attorney filed with the Commissioner to represent the taxpayer in connection with the deficiency. The taxpayer argued that such notice was insufficient because it was sent to the attorney. The court disagreed, stating that such a strict literal construction of the statute was not authorized this case. Although ultimately the taxpayer was not harmed because he filed a petition for re-determination, the court held that under the circumstances, because of the existence of the power of attorney, notice to the attorney was sufficient. The court held as follows:

> Notice of the deficiency assessment was sent by registered mail to the taxpayer's attorney, previously authorized under a power of attorney filed with the Commissioner "to represent him * * * in connection with the proposed deficiency for the calendar years 1943, 1944, 1945 and 1946, now pending before the department * * *" and who was by the terms of the power of attorney "authorized to prosecute and * * * appeals or claims arising out of the aforesaid tax liability and in particular the proceedings necessary to defeat the proposed deficiency now pending before the department, and to do any and all acts in connection therewith as fully to all intents and purposes as the grantor itself might or could do." Under the law of principal and agent, the Commissioner's notice to the taxpayer's attorney clothed with such authority was notice to the taxpayer himself.

186 F.2d at 241-42. It is important to note that the court applied the rules of agency without any indication whether the taxpayer designated in the power of attorney that the attorney was to receive the originals of the notices.

It is true that plaintiffs did not check the box on page 2 of Form 2848 indicating that the original of the notices were to be sent to the representative. However, it was not unreasonable under the circumstances for the department to expect that mailing the notice to Mr. Steffy was sufficient. Under the power of attorney he was authorized to perform any and all acts that the taxpayers could perform with respect to the taxpayers' 1996 taxes. It was Mr. Steffy, not plaintiffs, who executed Form 872 to extend the time to assess plaintiffs' tax. Also, the department knew that Mr. Steffy had

received the Notice of Deficiency because of the return receipt. It would not have been unreasonable for the department to expect that Mr. Steffy would inform plaintiffs of the notice. Perhaps most importantly, the department had been informed that the taxpayers no longer lived on Guam. As the court stated in *Stewart*, "This Court has previously ruled that a failure to strictly comply with the statutory notice provisions dies not necessarily deprive the Tax Court of its jurisdiction to act in the matter." 186 F.2d at 241.

In their reply memorandum, plaintiffs cite *Mulvania v. Commissioner of Internal Revenue*, 769 F.2d 1376 (9th Cir. 1985). In that case, the court held that a notice of deficiency sent to the taxpayer's accountant was insufficient even though the accountant had a power of attorney. However, unlike the present case, there is no indication in the decision that the taxpayer had executed a Form 2848 power of attorney. Most significantly, the scope of the power of attorney in *Mulvania* was narrow. Mulvania had only granted him a power of attorney which requests that courtesy copies of all communication be sent to his representative, and the notice was sent to the accountant by regular mail. As the court stated, "Because Simonis [the accountant] did not have a broad power of attorney, however, the law of principal and agent does not apply." 769 F.2d at 1379. In the present case, the power of attorney was broad, making the general rules of agency applicable (*see Steward, supra*). Also, the department sent notice to Mr. Steffy by certified mail, return receipt requested, not by regular mail.

Under the circumstances, mailing of the notice to Mr. Steffy was reasonable and legally sufficient.

**Dated January 23, 2004.**

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

By: _____
**ERIC A. HEISEL**
Assistant Attorney General, Solicitors Division
Attorney for Defendant Government of Guam