

**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Solicitors Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

**Attorneys for the Government of Guam**



FILED
DISTRICT COURT OF GUAM

JAN 2 6 2004

MARY L. M. MORAN
CLERK OF COURT

(31)

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, | CIVIL CASE NO. CIV 03-00039 |
| Plaintiffs, | GOVERNMENT OF GUAM'S REPLY BRIEF |
| vs. | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

Defendant respectfully submits this reply memorandum in response to plaintiffs' supplemental memorandum, filed herein on January 22, 2004.

Plaintiffs argue that the August 4, 2000 Notice of Deficiency was ineffective because it did not include information about the taxpayer's right to contact a local office of the taxpayer advocate. This is a de minimus defect, especially in light of the fact that plaintiffs actually received the notice and in light of the fact that plaintiffs' representative, Robert Steffy, executed Form 872 ("Consent to Extend the Time to Assess Tax"), extending until December 31, 2001 the time within which to assess plaintiffs' tax.

Plaintiffs also assert that the Notice of Intent to Levy is invalid because it did not contain certain information. This is an insufficient reason to invalidate the notice because plaintiffs did not

Page 1
Government of Guam's Reply Brief
District Court Civil Case CIV 03-00039

ORIGINAL

F:\Civil Litigation\eheisel\03.0441.P12

Case 1:03-cv-00039     Document 34     Filed 01/26/2004     Page 1 of 3

1 receive the notice anyway. They did not receive the notice because they failed to give the
2 Department of Revenue and Taxation their new address.

3 Plaintiffs also argue that the department had an obligation to ascertain their new address
4 when the Notice of Intent to Levy was returned. Plaintiffs continue to blame the department for their
5 own deficiencies. Plaintiffs knew full well what was going on. They knew that the department was
6 seeking to assess their tax and that to avoid this, they needed to provide the documents the
7 department had requested. They also knew that they had informed the department to send all further
8 notices to their Guam address. They also knew or should have known that the department would be
9 sending communications to them in the future. In spite of this, plaintiffs failed to inform plaintiffs
10 of their new address when their Guam address was no longer good. The blame, therefore, rests with
11 plaintiffs, not defendant.

12 Plaintiffs insist that when the notice was returned, the department should have made efforts
13 to obtain plaintiffs' new address. In *Pomeroy v. United States,* 864 F.2d 1191 (5th Cir. 1989), a
14 taxpayer argued that the Internal Revenue Service should have looked in the administrative file after
15 the notice of deficiency was returned undelivered. The court held that this was not required and that
16 the relevant statues simply require that the deficiency notice be mailed to the taxpayers' last known
17 address, not that it be received. *Id.* at 1195. The taxpayers also argued that the Internal Revenue
18 Service should have followed the IRS manual and sent duplicate deficiency notices to both addresses
19 that the IRS had for them if there was any doubt as to what constituted the last known address.
20 However, the court held that "'[p]rocedures or rules adopted by the IRS are not law.'" *Id.* at 1194-
21 95.

22 In the present case, even if Mr. Benavente had known about the power of attorney, it would
23 not have done him any good to look in the examination branch files. The examination branch files
24 did not contain a new address for plaintiffs. Granted, the examination branch files contained a copy
25 of the power of attorney. However, contacting Mr. Steffy would have been fruitless because he did
26 not have a new address for plaintiffs either.

27

28

Page 2
**Government of Guam's Reply Brief**
District Court Civil Case CIV 03-00039                                    F:\Civil Litigation\eheisel\03.0441.P12

Case 1:03-cv-00039     Document 34     Filed 01/26/2004     Page 2 of 3

1  Plaintiffs seem to be saying that the levy is invalid because the department pursued an

2  administrative action rather than filing an action in District Court. As defendants have already

3  argued, whatever enforcement actions the Internal Revenue Service can take, the Department of

4  Revenue can also take. The department had the option of enforcing its lien by filing a lien

5  foreclosure suit pursuant to 26 U.S.C. § 7403(a), or enforcing it through an administrative levy

6  pursuant to 26 U.S.C. § 6331. The department was entitled to enforce the lien by means of an

7  administrative levy, which is what it did. The department's actions, and the levy itself, are therefore

8  valid.

9  **Dated January 26, 2004.**

**OFFICE OF THE ATTORNEY GENERAL**
DOUGLAS B. MOYLAN, Attorney General of Guam

By: _____

**ERIC A. HEISEL**
Assistant Attorney General, Solicitors Division
Attorney for Defendant Government of Guam