FILED
DISTRICT COURT OF GUAM
MAR 24 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| RONALD P. MARANGI AND ERMA K. MARANGI,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>　　　　　Defendant. | Civil Case No. 03-00039<br><br><br>ORDER |

This matter is before the Court on a Motion by Plaintiffs' for a Preliminary Injunction. The Court has reviewed the parties' submissions, as well as relevant caselaw and authority. For the reasons that follow, the Court hereby DENIES the plaintiffs' motion.

**I. FACTS**

In tax year 1996, the plaintiffs resided on Guam and filed their 1996 income tax return with Defendant on August 5, 1997.[1] On July 11, 2000, the Department of Taxation and Revenue (the "defendant") issued a Notice of Examination. See Declaration of Colleen Meno, Exhibit B. However, the plaintiffs had moved to the mainland and did not receive notice until the plaintiff Mr. Marangi returned to Guam on July 24, 2000. Mr. Marangi phoned Colleen Meno, a representative

---

[1] The plaintiffs requested and received from the defendant a four month extension in which to file their return.

of the defendant and informed her that he had moved off island and did not have the records that she had requested to review. He informed her that he would retrieve the documents and bring them when he returned to Guam in October 2000.

In the meanwhile, the plaintiffs contacted Mr. Robert Steffy and appointed him as their representative in this matter. Because the statute of limitations for assessing additional taxes was due to expire on August 4, 2000, the defendant requested the plaintiff to sign a Form 872, entitled "Consent to Extend the Time to Assess Tax." Mr. Marangi gave Ms. Meno a Guam fax number and on July 28, 2000, she faxed Mr. Marangi Form 872. Because Mr. Marangi did not return the Form, the defendant issued a Notice of Deficiency on August 4, 2000.

On August 10, 2000, Robert Steffy met with Ms. Meno and showed her the power of attorney that had been executed by the plaintiff. On that same date, Mr. Steffy signed the Form 872, extending the date of assessment to December 31, 2001. Ms. Meno met with Mr. Steffy in December 2000. However, he did not possess any of the debtors' documents. Thereafter, no action was taken until November 29, 2001, when the Ms. Meno left a message with Mr. Steffy's office to contact her. To date, Mr. Marangi has never provided Mr. Steffy nor the defendant with the requested documentation.

On December 19, 2001, the defendant issued another Notice of Deficiency. This Notice was sent to the plaintiffs in care of Mr. Steffy. On April 24, 2002, Mr. Kenneth Benavente from the Collection Branch issued a Notice of Intent to Levy, seeking to levy against the property of the plaintiffs. This Notice was sent to the plaintiffs' old mailing address in Guam and was returned to the sender. It was not sent to Mr. Steffy. According to Mr. Benevente, he was unaware of the change of the plaintiffs' address because the Collection Branch was not provided with the complete file.[2]

Thereafter, (without the plaintiffs' knowledge) on September 12, 2002, the defendant issued a Notice of Levy and served it on the office of Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") in New Jersey in the amount of $76,705.15. The Levy stated that the assessment date was March 26, 2002. The Levy was subsequently reduced to $43,850.00.

---

[2] Mr. Kenneth Benavente testified that pursuant to office policy, the complete file of a taxpayer is not provided to the collection branch.

## II. ANALYSIS

The plaintiffs now request an Order for Preliminary Injunction against the Government of Guam requiring it to release the account of plaintiffs with Merrill, Lynch, Pierce, Fenner & Smith Inc. from Levy. However, actions to enjoin the assessment and collection of taxes are narrowly limited by the Anti-Injunction Act (the "Act"), 26 U.S.C. § 7421(a).[3] Elias v. Connett, 908 F.2d 521, 523 (9th Cir. 1990). Pursuant to the Act, courts are barred from entertaining any action filed for the purpose of "restraining the assessment or collection of any tax" by the government.[4] The purpose of the Act is to permit the government "to assess and collect taxes alleged to be due without judicial intervention and to require that the legal right to the disputed sums be determined in a suit for a refund. In this manner the United States is assured of prompt collection of its lawful revenue." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S. Ct. 1125, 1129 (1962). While no suit is to be maintained restraining the assessment or collection of any tax, several exceptions exist.[5] "If a suit does not fall within one of the exceptions to the Act, subject matter jurisdiction does not exist and [the] court must dismiss.

In this instance, the plaintiffs claim that there are statutory exceptions supporting the issuance of a preliminary injunction. For example, section 6212(a) which authorizes the issuance of the Notice of Deficiency states that "[s]uch notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office." The plaintiffs argue that the defendant does not have a Taxpayer Advocate Program. Therefore, the notices sent to the plaintiffs are a nullity.

---

[3]The Internal Revenue Code (the "Code") is made applicable to Guam by the Organic Act and by the provisions of the Code itself. Organic Act §1421i(k); Internal Revenue Code § 7651.

[4]The term "government" shall be used in those instances where caselaw and the statutes refer to the IRS.

[5]**§7421. Prohibition of suits to restrain assessment or collection.**

**(a) Tax.** Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), or 7426(a) or and (b)(1), 7429(b) or 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Additionally, the plaintiffs claim that before issuing a Levy the defendant failed to first advise the plaintiffs of its intent to levy and the plaintiffs' rights to a Collection of Due Process Hearing. Section 6330 of the Code provides "no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." 26 U.S.C. § 6330 (a)(1). As to what knowledge the government acquires concerning the taxpayer's address is a question of fact. See Maxfield v. Commissioner, 153 F.2d 325, 327 (9th Cir. 1946).

As noted, on April 24, 2002, the Collection Branch of the government sent a Notice of Intent to Levy to the plaintiffs' old address on Guam which was returned to the Collection Branch. This notice was not sent to Mr. Steffy. It is presumed that a taxpayer's last known address is the address on his or her most recent return, unless the taxpayer subsequently communicates "clear and concise" notice to the government of a change in address. King v. Commissioner of Internal Revenue, 857 F.2d 676, 679 (9th Cir. 1988). Ms. Meno was aware of the fact that the plaintiffs no longer resided on Guam. However, Mr. Benavente who worked in the collection department was unaware of the plaintiffs' residency because he was not provided the file with that information. Yet, when the Notice was returned to the defendant as undeliverable, Mr. Benavente should have been put on notice that the plaintiffs had moved. The department of taxation is not so large as to preclude him from making a phone call to another division to inquire whether the plaintiffs had moved from Guam. It seems that with respect to this notice, none was given to the plaintiffs.

Thus, a taxpayer may seek to enjoin the assessment, levy and collection of taxes if he can demonstrate that the government failed to provide notices as required by statute. See Rappaport v. United States, 583 F.2d 298 (7th Cir. 1978). Here, the taxpayer has shown the likelihood that the notice of levy was improperly issued.

Given that the plaintiffs would likely prevail on the notice issue, the next query is whether there are grounds to warrant equitable relief. To obtain injunctive relief the taxpayer must, in addition to satisfying one of the recognized exceptions, allege sufficient grounds to warrant relief." Elias v. Connett, 908 F.2d at 523 (9th Cir. 1990). In determining whether to grant preliminary injunctive relief, the Court must look at the following factors: (1) the likelihood of the plaintiff's success on the merits; and (2) the relative balance of potential hardships to the

plaintiff, defendant, and the public. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839-40 (9th Cir. 2001). To establish equity jurisdiction, the plaintiff must establish that he will suffer irreparable injury or that he otherwise lacks an adequate remedy at law. See Enochs v. Williams Packing Co., 370 U.S. 1, 7 (1962).

The Court will address the second prong of the test first. The plaintiffs state that they have suffered irreparable harm. They claim that the levy has financially burdened them because they use the account in their business and it has created problems with their credit rating. However, the plaintiffs do not offer any supporting evidence for their allegation. The plaintiffs have failed to show more than the alleged financial hardship if denied the relief they seek. This does not rise to the level of irreparable harm. See Enochs, 370 U.S. at 6 ("[I]njunctive relief is not available simply because the collection of the taxes would cause an irreparable injury such as financial ruination."). The plaintiffs have not shown that they lack an adequate legal remedy. They can file an action for a refund. See Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313 (9th Cir. 1982) ("Along with a showing of improper assessment, the taxpayer must prove irreparable injury and an absence of an adequate legal remedy."). Therefore, the Court finds that the plaintiffs have not satisfied the second prong of the test. Accordingly, the Court need not address the likelihood of success on the merits at this point, and will address that matter when it comes before this Court for trial should the plaintiffs seek such an action.

### III. CONCLUSION

The Court finds that the plaintiffs have failed to show this Court that they will suffer irreparable harm should the preliminary injunction not issue. Accordingly the Court DENIES the plaintiffs' Motion.

IT IS FURTHER ORDERED that a proposed Scheduling Order and a proposed Discovery Plan shall be filed on or before April 1, 2004.

///

///

///

1   IT IS FURTHER ORDERED that a Scheduling Conference shall be held on April 6, 2004
2 at 3:00 p.m.
3   Dated this 24th day of March, 2004.

>                                    JOHN S. UNPINGCO
>                                    District Judge