Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584

Attorneys for Plaintiffs Ronald P. Marangi and Erma K. Marangi

DISTRICT COURT OF GUAM
FILED
APR 19 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | CIVIL CASE NO. CIV03-00039 <br><br> FIRST AMENDED COMPLAINT FOR INJUNCTION IN THE ALTERNATIVE, FOR REFUND; DECLARATORY JUDGMENT; COSTS OF SUIT, AND DAMAGES |

COMES NOW, Plaintiff Ronald P. Marangi and Erma K. Marangi (hereinafter "**Plaintiffs**") and allege as follows:

## JURISDICTION

1. The subject to this lawsuit concerns the administration of the Internal Revenue Code by the Government of Guam acting by and through its Department of Revenue & Taxation and (hereinafter "**Defendant**"). As such this court has sole jurisdiction by virtue of §1421i(k) of the Organic Act of Guam (48 USC §1421i(k)).

Page 2
First Amended Complaint for Injunction in the Alternative, for Refund; Declaratory Judgment; Costs of Suit, and Damages
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## RELEVANT FACTS

2. For the tax year 1996 Plaintiffs were residents of Guam USA and were required to file their income tax return with the Defendant.

3. On or about August 5, 1997 Plaintiffs timely filed their tax return for tax year 1996.

4. Plaintiffs thereafter left Guam USA and returned to the Mainland, United States. Plaintiff Ronald P. Marangi, thereafter, from time to time, would come to Guam USA.

5. On or about July 11, 2000 the Department of Revenue & Taxation issued a letter addressed to Plaintiffs' Guam post office box requiring Plaintiffs to meet on July 19, 2000 with representatives of Defendant to review the tax return.

6. Plaintiff Ronald P. Marangi did not receive Defendant's letter until July 24, 2000. He then called representatives of Defendant and informed them that he did not have the information on Guam but that it was in the Mainland, but that he would be returning in October and would bring the information with him then and meet with Defendant's representatives. The Defendant's representatives agreed.

7. On August 4, 2000, the Defendant issued its Notice of Deficiency without any further contact or communication with either Plaintiffs or Mr. Steffy and before the agreed time for Plaintiffs and Defendant to meet. It was sent to the Guam mailbox even though Defendant knew of Plaintiff's new address.

///

///

Page 3
First Amended Complaint for Injunction in the Alternative, for Refund; Declaratory Judgment; Costs of Suit, and Damages
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

8. On or about August 7, 2000, Plaintiffs retained Robert Steffy, a local Certified Public Accountant, to represent their interest with the Defendant. Mr. Steffy did have contact with the Defendant.

9. The Notice of Deficiency did not advise Plaintiffs of the Taxpayer Advocate, as required by law.

10. On August 10, 2000 Plaintiffs executed a Power of Attorney in favor of Mr. Steffy which among other things authorized the Defendant send a copy of the notices to Mr. Steffy with an original to Plaintiffs.

11. On or about August 10, 2000 Mr. Steffy executed an Extension of the Time within which Defendant could make an assessment for any taxes. That Extension expired on December 31, 2001.

12. On December 19, 2001, Defendant issued another Notice of Deficiency. This Notice of Deficiency also did not have any advise, or reference to, the Taxpayer Advocate. The Notice of Deficiency was sent only to Mr. Steffy. Plaintiffs were never informed about the Second Notice of Deficiency.

13. On March 26, 2002, Defendant assessed taxes in the amount of $76,702.68.

14. On April 24, 2002, a Final Notice/Notice of Intent to Levy was mailed to Plaintiffs' Guam address which was no longer valid and the Final Notice/Notice of Intent to Levy was returned to Defendant. The Defendant through its Collection Division did not have Plaintiffs' entire file which would have included the Power of Attorney to Mr. Steffy.

Page 4
First Amended Complaint for Injunction in the Alternative, for Refund; Declaratory Judgment; Costs of Suit, and Damages
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

15. Defendant took no further steps to cause the Final Notice/Notice of Intent to Levy to be mailed in such a fashion that Plaintiffs or their representative would receive it.

16. The Final Notice/Notice of Intent to Levy contained no reference to or information about the Collection Due Process Hearing Procedure, as required by law.

17. On September 12, 2002 the Defendant filed a levy on Merrill, Lynch, Pierce, Fenner & Smith, Inc. (hereinafter **"Merrill, Lynch"**) in New York where Plaintiffs had assets. The amount of that levy was in the amount of $76,702.00.

18. Thereafter the Department of Revenue & Taxation issued a partial release of the levy leaving approximately $43,850.00 subject to the levy.

19. Merrill, Lynch did not release the funds to the Defendant but put the funds on hold with the result that Plaintiffs could not invest those funds or withdraw them or otherwise have access or use with them.

20. Despite repeated requests, the Defendant has refused and neglected to release the balance of the levy even though in October or November of 2002 representatives of the Defendant told Mr. Steffy that they would do so.

21. Defendant does not have a Taxpayer Advocate as required by law.

22. Defendant does not have a Collection Due Process Hearing Procedure, as required by law.

///

///

Page 5
First Amended Complaint for Injunction in the Alternative, for Refund; Declaratory Judgment; Costs of Suit, and Damages
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

23. Plaintiffs have incurred costs and expenses including accounting and attorneys fees and will continue to incur accounting and attorneys fees in this litigation.

## FIRST CAUSE OF ACTION
## PERMANENT INJUNCTION

24. The existence of the levy has and will continue to cause irreparable damage to Plaintiffs for which there is no remedy at law.

25. The levy is wrongful because:

    (a) Defendant has no jurisdiction to issue a levy outside of Guam USA;

    (b) No valid Final Notice/Notice of Intent to Levy was given nor was Plaintiffs advised of their rights to a Collection Due Process Hearing; and

    (c) No steps were taken by Defendant to cause Plaintiffs to receive such Notice.

    (d) The assessment for the tax subject to the levy was time barred.

26. Plaintiffs qualify for the exception in Internal Revenue Code ("IRC") §7421 to the general prohibition against injunctions in tax matters and there is no set of facts which would make the Levy lawful.

27. Defendant is not entitled to the tax which is represented by the levy.

28. Defendant should be enjoined and directed to release said levy.

///

///

///

///

Page 6
First Amended Complaint for Injunction in the Alternative, for Refund; Declaratory Judgment; Costs of Suit, and Damages
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## SECOND CAUSE OF ACTION
## IN THE ALTERNATIVE TO THE FIRST CAUSE OF ACTION
## AWARDING PLAINTIFFS A REFUND

29. Plaintiffs realleges the allegations contained in paragraphs 1 through 23 above.

30. In the event that the injunction prayed for in the First Cause of Action is not granted, then Plaintiffs are entitled to an award of a Judgment against Defendant for a refund of the amount subject to the Levy together with interest thereon.

## THIRD CAUSE OF ACTION
## DECLARATORY JUDGMENT THAT THE ASSESSMENT IS INVALID

31. Plaintiffs realleges the allegations contained in paragraphs 1 through 23 above.

32. The time within which an assessment could be validly made expired on August 5, 2000. At the very latest the time within which making the assessment expired December 31, 2001.

33. Both Notices of Deficiency are void.

34. The assessment was made on March 26, 2002, beyond the period within which such an assessment could be made.

## FOURTH CAUSE OF ACTION
## IN THE ALTERNATIVE DECLARING THE NOTICE OF DEFICIENCY VOID

35. Plaintiffs realleges the allegations contained in paragraphs 1 through 23 above.

36. Defendant's actions in notifying Plaintiffs of the audit and the issuing the Notice of Deficiency are in violation of the law.

///

///

Page 7
First Amended Complaint for Injunction in the Alternative, for Refund; Declaratory Judgment; Costs of Suit, and Damages
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

37. In the alternative to the Third Cause of Action the Notice of Deficiency should be declared void and Defendant should be enjoined and directed to reopen the 1996 tax return for audit.

### FIFTH CAUSE OF ACTION
### LITIGATION COSTS

38. Plaintiffs realleges the allegations contained in paragraph 1 through 23 above.

39. Defendant has waived any requirement for further proceedings to be had by Plaintiffs with the Defendant.

40. Plaintiffs have exhausted all administrative remedies and all applicable time periods have run.

41. The Defendant's action are not substantially justified.

42. Plaintiffs have incurred and will continue to incur accounting fees, attorneys fees, and other costs of this litigation for which they are entitled to judgment against Defendant as provided in IRC §7430 upon the entry thereof in such amount as shall be determined according to proof.

**WHEREFORE**, Plaintiffs pray for judgment and order against Defendant as follows:

1. Enjoining and directing Defendant through its Department of Revenue & Taxation to immediately release the levy which it has filed with Merrill Lynch of New York.

2. In the alternative to paragraph 1, entering a Judgment against Defendant in the amount of $43,850.00 together with interest and Ordering Defendant to pay the same to Plaintiffs.

Page 8
First Amended Complaint for Injunction in the Alternative, for Refund; Declaratory Judgment; Costs of Suit, and Damages
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

3. Declaring the assessment of March 26, 2004 to be invalid and of no effect.

4. In the alternative to paragraph 3, declaring the Notice of Deficiency void and enjoining and directing Defendant to reopen the 1996 tax return for audit.

5. For an award for accounting fees and attorneys fees and other qualified litigation costs which Plaintiffs have incurred as of the date of the entry of judgment.

6. For such other relief as this Court deems just and proper.

Dated this _19_ day of **April 2004**.

**ZAMSKY LAW FIRM**
**Attorneys for Plaintiffs**
Ronald P. Marangi and Erma K. Marangi

By: _____
STEVEN A. ZAMSKY

Z8(0496.00)\PLD\P#2168