Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone:  (671) 477-3637
Facsimile :  (671) 472-1584

Attorneys for Plaintiffs Ronald P. Marangi and Erma K. Marangi

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM USA

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | CIVIL CASE NO. CIV03-00039 <br><br> MEMORANDUM OF POINTS AND AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PLAINTIFFS RONALD P. MARANGI AND ERMA K. MARANGI |

COMES NOW, Plaintiffs Ronald P. Marangi and Erma K. Marangi (hereinafter "**Plaintiffs**") and files the following Memorandum of Points and Authorities in Support of Motion for Summary Judgment against Defendant Government of Guam (hereinafter "**Defendant**").

I.

## FACTUAL STATEMENT

The following facts are established to the prior hearing as set forth in the Order dated March 24, 2004, the Declaration of Steven A. Zamsky filed herewith, and in the Affidavit of Ronald P. Marangi filed in support of the Motion for Preliminary Injunction unless otherwise noted.

Page 2
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

In tax year 1996 Plaintiffs resided in Guam and filed their 1996 income tax return with Defendant on August 5, 1997.

Defendant issued an Notice of Examination dated July 11, 2000 setting a meeting for July 19, 2000, and addressed to Plaintiffs' Guam mailbox. By that time Plaintiffs had moved to the Mainland and did not receive the Notice until Plaintiff Ronald P. Marangi was on Guam on July 24, 2000.

Plaintiff Ronald P. Marangi thereupon immediately called the representative of Defendant, Colleen Meno, and informed her that the records needed were no longer in Guam but that Plaintiff Ronald P. Marangi would bring them with him on his next trip to Guam in October 2000 and would meet with her then. That was agreeable with her.

On August 4, 2000, Defendant issued a Notice of Deficiency to Plaintiffs, which was still addressed to their Guam mailbox despite the agreement to meet again in October 2000.

On August 8, 2000, Plaintiffs executed a Power of Attorney in favor of Robert Steffy. The Power of Attorney provides that the original documents such as Notices are to be sent to Plaintiffs with a copy to Mr. Steffy.

On August 10, 2000, Robert Steffy signed an Extension of the Time within which to assess which expired December 31, 2001.

On December 19, 2001, Defendant issued a Notice of Deficiency to Plaintiffs and served only Mr. Steffy. Plaintiffs were never informed about that Notice of Deficiency.

Page 3
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

Defendant assessed taxes against Plaintiffs on March 26, 2002.

On April 24, 2002 Defendant issued a Final Notice/Notice of Intent to Levy and mailed it only to the Plaintiffs at their Guam address. That Notice was returned to Defendant and Defendant did nothing further to cause the Final Notice/Notice of Intent Levy to be given to Plaintiffs.

Neither Notice of Deficiency contained any reference to the taxpayer advocate. Defendant does not have a taxpayer advocate. (Testimony of Veronica Quan).

The Final Notice/Notice of Intent to Levy contained no information concerning the Collection Due Process Hearing Rights program. Defendant does not have such a program. (Testimony of Kenneth Benavente).

Defendant was aware of the Internal Revenue Restructuring and Reform Act of 1998, which established the taxpayer advocate and Collection Due Process Hearing Rights procedures, but the bureaucrat responsible for the review of laws only scanned it and there were not even discussions of implementing it. (see Declaration of Steven A. Zamsky filed herewith).

The Collection Division of Defendant did not have the entire file which had the Power of Attorney in it and did not review that file which was in the possession of the Audit Division of Defendant.

On September 12, 2002 Defendant issued a Notice of Levy and served it on office of Merrill, Lynch, Pierce, Fenner & Smith, Inc. (hereinafter **"Merrill Lynch"**) in New Jersey, in the amount of $76,705.15. That Levy was subsequently reduced to $43,850.00.

Page 4
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

Despite repeated requests from Plaintiffs and their representative and contact with Defendant by representatives of the Internal Revenue Service office, to advise Plaintiffs of the basis for the Levy, or to advise Plaintiffs of any rights they may have to discuss the Levy with representatives of Defendant, or to release the Levy Defendant did nothing.

## II.

## ARGUMENT

### A. NOT NECESSARY TO DECIDE GUAM'S AUTHORITY

As hereinafter set forth, the court need not reach the question or Guam's authority to levy outside of Guam.

(i) **Notice of Deficiency is void.**

IRC §6212 is the section which authorizes the issuances of the Notice of Deficiency, which in turn extends the time for the making of the assessment. That section says:

> **§6212. Notice of deficiency.**
>
> (a) **In general.** If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

Page 5
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

The last sentence of that section provides that the Notice shall have contact information for the taxpayer advocate. The form used by the Department of Revenue and Taxation does not include such language. Indeed it cannot, because the Department of Revenue and Taxation does not even have such a person.

The time within which to make the assessment was to run on August 5, 2000. (3 years after the return was filed). Therefore, Defendant mailed its first Notice of Deficiency. Since this first Notice was ineffective and void, the period ran at that time. The assessment, of course, was not made until years later.

The assessment period having run on August 5, 2000 the extension signed by Mr. Robert Steffy on August 10, 2000 was ineffective and void, the time limit having already run.

Even if it is decided that for some reason the failure to comply with the requirements of the Internal Revenue Code is not fatal, the Notice of Levy dated December 19, 2001 is also ineffective and a nullity and, for the same reasons and because it sent only to Mr. Steffy and not to Plaintiffs. (Testimony of Veronica Quan).

If a Notice of Deficiency is not given to the taxpayer it is invalid. See *Mall v. Kelly, (D.Ct. Wyo. 1983), 564 F.Supp. 371*. Further, delivering a Notice to a taxpayer's representative, such as an accountant, is not notice to the taxpayer. *Mulvania v. Comm., (9th Cir. 1985), 769 F.2d 1376)*.

Page 6
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

Both Ms. Colleen Meno and Ms. Veronica Quan testified that no where in Defendant's files was there anything that indicates Plaintiffs' address to be in care of Mr. Steffy's office. It is clear from the terms of the Power of Attorney itself and regulations (which Defendant testified they were governed by) in all cases the notices are to be sent to the taxpayer and, if so directed in the Power of Attorney elsewhere as well in this case, a copy to Mr. Steffy. See IRS Regs. 601.506. Service on a taxpayer's accountant is not service on the taxpayer except when the specifics of the Notice of Deficiency are communicated to the taxpayer. There is no evidence in this case that such communication occurred.

The December 19, 2001 Notice is therefore a nullity and the time for assessing expired at the latest on December 31, 2001. The assessment of March 2002 is, therefore, time barred.

(2) **Final Notice is Void.**

Even if Defendant is somehow held not to have been affected by the requirements of law regarding the Notice of Deficiency, the Final Notice/Notice of Intent to Levy is also invalid. IRC §6320 and §6330 and the regulations thereunder (Regs. 301.6503-1T) expressly detail the information to be given to the taxpayer and the Collection Due Process Hearing Rights of a taxpayer. The enclosures sent with that Notice do not comply with law. What does comply is the Notice which is Plaintiffs' Hearing Exhibit 16. This is the IRS form. Hearing Exhibit 14 is also an IRS form, and used by the Defendant. Both were revised early in the year 2000. Defendant does not even have such a Collection Due Process Hearing Rights procedure.

Page 7
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

### (3) Defendant Took No Other Steps to Serve Plaintiffs.

Defendant has an obligation to ascertain a taxpayer's address when it knows the old address is no good. This Final Notice was returned.

Mr. Kenneth Benavente testified that when the envelope came back from the post office that he took no steps to determine Plaintiffs' correct address. However, when he was unable to serve Merrill Lynch here, he undertook quite a bit of investigation to determine an address for Merrill Lynch. To find Plaintiffs' address, all he had to do is call Mr. Steffy. Granted that Mr. Benavente did not personally know of Mr. Steffy's involvement, because the Department's procedure is to not deliver him the examination file. However, as the Department the Defendant had such knowledge. Mr. Benavente could have gained such knowledge, also, by either looking at that file, or talking to either Ms. Meno or Ms. Quan. Both are simple steps, as previously held by this Court. Thus the service of the Final Notice/Notice of Deficiency is invalid and void. See for example *Mall, supra*.

///

///

///

///

///

///

Page 8
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

### (4) Defendant Has No Authority To Levy Outside of Guam.

If the Court reaches this issue, even if it is considered that Defendant could bring an action to collect taxes in another district court, that authorization is not what is involved here. This is an attempt to serve a Levy, and enforce it, outside of Guam. The Levy, of course, did not have the benefit of any judicial intervention but is solely an administrative action. Therefore, even if the provisions of the Organic Act are viewed to be valid and authorize an action for the collection of taxes in a district court of a different district, Defendant did not attempt to do so.

### (5) Injunction Proper.

Since the time that Merrill Lynch received the Notice of Levy Merrill Lynch has placed a hold on the amount of the Levy on Plaintiffs account with them and Plaintiffs have not had, and currently do not have access to that amount. Merrill Lynch has not paid any funds to Defendant. Thus, there is no action at law (such as a suit for a refund) available to Plaintiffs.

### B. PLAINTIFFS ARE ENTITLED TO THEIR ATTORNEYS FEES

Section 7430 of the Internal Revenue Code provides that if the Government's action with regard to any collection matter does not have substantial authority supporting it, then the taxpayer is entitled to recovery from the Government of the attorneys fees and related costs that it has incurred in contesting those actions. Illustrative of this is a Ninth Circuit decision involving a case arising from Guam *Holmes v. Director of Revenue & Taxation*, (9th Cir. 1991), 937 F.2d 481.

Page 9
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

In this case not only is there no substantial support for the Government's action, there is absolutely no support for its actions and its actions are contrary to the express provisions of the Internal Revenue Code. Plaintiffs are, therefore, entitled to recovery of their attorneys fees and related costs incurred with respect to this Levy. See *Sansom (D.C. Fla. 1988), 905 F.Supp. 1505.*

## CONCLUSION

Defendant, for the reasons set forth above, did not issue notices which comply with the requirements of the Internal Revenue Code, did not properly serve either the last Notice of Deficiency nor the Final Notice/Notice of Intent to Levy, does not have authority to Levy outside of Guam USA, and has not substantial justification for the actions it has taken. Plaintiffs are therefore entitled to 1) an injunction requiring Defendant to immediately release the Levy it filed with Merrill Lynch; 2) declaring that the assessment of March 26, 2002 is void; and 3) awarding Plaintiffs their attorneys fees and related costs that they have incurred related the wrongful Levy and this litigation.

Respectfully submitted this **21st** day of **April 2004**.

ZAMSKY LAW FIRM
**Attorneys for Plaintiffs**
 Ronald P. Marangi and Erma K. Marangi

By: _____
 STEVEN A. ZAMSKY

Z8(0496.00)\PLD\P#2171