Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584

Attorneys for Plaintiffs Ronald P. Marangi and Erma K. Marangi

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM USA

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | CIVIL CASE NO. CIV03-00039 <br><br> DECLARATION OF STEVEN A. ZAMSKY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PLAINTIFFS RONALD P. MARANGI AND ERMA K. MARANGI |

I, Steven A. Zamsky, declare as follows:

1. I am an attorney admitted to practice law in Guam USA.

2. I am the attorney of record for Plaintiffs Ronald P. Marangi and Erma K. Marangi.

3. I make this Declaration in Support of Plaintiffs Motion for Summary Judgment and having personal knowledge of all matters set forth herein if called to testify as to said matters I could and would competently do so.

4. On March 9, 2004 Plaintiffs took the deposition of Joseph Rios, Jr.. Attached hereto are portions of the deposition.

Page 2
Declaration of Steven A. Zamsky in Support of Motion for Summary Judgment
 by Plaintiffs Ronald P. Marangi and Erma K. Marangi
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

5. Mr. Rios is the Administrator of Technical Research. (page 4 line 7).

6. A part of the responsibility of that position is that if there is a change in a law Mr. Rios is to advise the Director and other people in the department of the change. (page 5).

7. Mr. Rios testified that the Defendant has three books having to do with the 1998 Act, that he received them, but that there was no discussion regarding implementing the Act. (page 11).

8. The department did nothing to establish either Collection Due Process Hearing Rights procedure nor a Taxpayer Advocates position. (page 13 and 14).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this **21st** day of **April 2004**.

STEVEN A. ZAMSKY

Z8(0496.00)\PLD\P#2177

1  answers be accurate.
2      A    Alright.
3      Q    Your are employed by the Department
4  of Revenue and Taxation?
5      A    Right.
6      Q    And your position is what?
7      A    My legal position is, I am the
8  Administrator Technical Reasearch, but
9  currently I am detailed Deputy Tax
10 Commissioner.
11     Q    Did you have same legal position in
12 1998?
13     A    Yes.
14     Q    Did you attend college?
15     A    Yes.
16     Q    Where.
17     A    I attended at a University of Hawaii
18 in Manoa for about a year and then after
19 that I completed my studies here at
20 University of Guam. I received a
21 Bachelor's Degree in Accounting.
22     Q    When did you join the Department of
23 Revenue and Taxation?
24     A    It was December of 1980.
25     Q    Since 1980?

Pramila D. Sullivan
414 West Soledad Avenue, Suite 501 F
Hagatna, GU 96910
pramila@netpci.com    Phone 477-1389, Fax 477-1070, Cell 687-6600

Case 1:03-cv-00039   Document 49   Filed 04/22/2004   Page 3 of 7

1     A    Right.
2     Q    As a part of your position as the
3  Director of Technical Research if there is
4  a change in a law like by Congress, is it
5  part of your function to advise the
6  Director and other people in the Department
7  of that change?
8     A    Yes its part of our responsibility,
9  the technical research and appeal. However
10 we are significantly understaffed, I have
11 only two appeal officers over there and we
12 have a whole lot of responsibilities there,
13 so I don't know, do you want me to explain
14 our responsibilities there?
15    Q    Sure.
16    A    Our primary responsibility is to
17 hold informal hearings, cases that come
18 from the examination branch is our major
19 responsibility. Other duties are preparing
20 tax rulings, taxpayers send requests for
21 tax exempt status we respond to those, and
22 numerous correspondence from taxpayers and
23 also from in house personal. And I only
24 have two appeal officers there to do these
25 duties. We also conduct tax preparers'

1   Q   The subpoena duces tecum also asked
2   for any memoranda within or without the
3   Department of Revenue and Taxation
4   concerning the 1998 Act. Have you brought
5   anything or there were none?
6   A   (No audible answer)
7   Q   As far as you know these three books
8   are the only thing within the Department
9   having to do with '98 act that is in
10  writing?
11  A   Within my office. I don't know out
12  of the whole Department, I am not sure.
13  Q   Is there any place in the Department
14  where something could be?
15  A   No, maybe some individual employee
16  may order something regarding the Tax
17  Reform Act of 1998, I am not sure.
18  Q   Did you have any discussion with
19  anybody as of yet 1998 Act passed
20  regarding it?
21  A   I don't recall.
22  Q   I am assuming I guess you were aware
23  in 1998 that the Act was passed?
24  A   Yes.
25  Q   Steve Cohen at the time was with the

Pramila D. Sullivan
414 West Soledad Avenue, Suite 501 F
Hagatna, GU 96910
pramila@netpci.com   Phone 477-1965, Fax 477-1077, Cell 687-6600

Case 1:03-cv-00039   Document 49   Filed 04/22/2004   Page 5 of 7

1       Q    Yes.
2       A    Yes.
3       Q    Do you know that was probably
4  established by 1998 Act?
5       A    Do you mind if I take a look?
6       Q    Take a look.
7       (The witness reviews the book)
8       A    When you say so then --
9       Q    I can take a short cut if you want.
10 I will represent to you that Act did
11 establish a Collections Due Process Hearing
12 Procedure; do you have any reason to think
13 that is not right?
14      A    No.
15      Q    Was there anything done by the
16 Department to establish a Taxpayer
17 Advocate's position?
18      A    There wasn't.
19      Q    There was anything done by the
20 Department to establish a Collection Due
21 Process Hearing Procedure?
22      A    No, but the current procedure that
23 we have right now is if a taxpayer
24 disagrees with the revenue officer he can
25 always appeal to the supervisor of

Pramila D. Sullivan
414 West Soledad Avenue, Suite 501 F
Hagatna, GU 96910
pdq0039@netpci.com   Phone/Fax 472-1647-1673 Cell 687-6600

Case 1:03-cv-00039   Document 49   Filed 04/22/2004   Page 6 of 7

1  Collections.  Now if a taxpayer disagrees
2  with the supervisor he can always appeal to
3  our office, the Research and Appeal Office.
4      Q   There are particular time frames and
5  other requirements established by the
6  Collection Due Process Hearing Procedure
7  within the Act.  Does the Department
8  incorporate those?
9      A   Okay, I wasn't part of the
10 Collections.  Again I told you I was just
11 detailed Deputy Tax Commissioner about two
12 weeks ago, I am not too sure as to if they
13 have adopted these procedures.
14     Q   Are there ever any discussion within
15 the Department about establishing the
16 Taxpayer Advocate position?
17     A   I don't believe so.
18     Q   In establishing a Collection Due
19 Process Hearing Procedure?
20     A   I don't believe so.
21     Q   Do you know why?
22     A   It could be with that Taxpayer
23 Advocate - it could be that we don't have
24 funds to create such program.  You know,
25 currently right now we are still under