


Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | Civil Case No. CIV 03-00039 <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant, Government of Guam acting by and through its Department of Revenue & Taxation (hereinafter "defendant"), by and through the Office of the Attorney General, answers the first amended complaint ("first amended complaint") filed in the above-captioned case as follows:

1. Defendant admits the allegation contained in paragraph 1 of the first amended complaint that this lawsuit concerns the administration of the Internal Revenue Code by defendant; defendant also admits the District Court of Guam has exclusive original jurisdiction



over all judicial proceedings in Guam with respect to the Guam Territorial Income Tax, but under § 1421i(h) of the Organic Act of Guam (48 U.S.C. § 1421i(h)), not 1421i(k).

2. Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 4, and 23 of the first amended complaint except admits and alleges for the tax year 1996 plaintiffs were required to file their individual income tax return with the defendant.

3. Defendant admits the allegations contained in paragraphs 3, 11, 13, 15 and 18 of the first amended complaint.

4. Defendant denies the allegations contained in paragraphs 16, 22, 24, 25, 26, 27, 28, 30, 32, 33, 34, 36, 37, 39, 40, 41, and 42 of the first amended complaint.

5. Answering the allegations contained in paragraph 5 of the first amended complaint, defendant admits and alleges that on or about July 11, 2000, the Department of Revenue & Taxation issued a letter addressed to plaintiffs at their last known address as shown on their 1996 tax year individual return requesting them to confer with the department on July 19, 2000 regarding their 1996 tax year return; and denies each and every other allegation contained in said paragraph 5.

6. Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 6 of the first amended complaint that plaintiff Ronald P. Marangi did not receive Defendant's letter until July 24, 2000. Defendant admits the gist of the allegation contained in said paragraph 6, and alleges, that plaintiff Ronald P. Marangi called and had a telephone conversation on or about July 24, 2000 with a representative of defendant, Colleen S. Meno, a Revenue Agent for the Department of Revenue and Taxation, in which Mr. Marangi informed Ms. Meno that he did not have the information

on Guam but that it was in the mainland; defendant also admits that Mr. Marangi informed Ms. Meno that he would be back on Guam in October 2000 and that he would call when he arrived. Defendant denies each and every other allegation contained in paragraph 6 of the first amended complaint.

7. Defendant admits the allegation contained in paragraph 7 of the first amended complaint that on or about August 4, 2000, defendant issued its Notice of Deficiency; and admits and alleges that Notice of Deficiency was sent to plaintiffs addressed to their last known address, to wit, 790 N. Marine Drive #886, Tumon, Guam 96911; and denies each and every other allegation contained in paragraph 7 of the first amended complaint.

8. Defendant admits the allegation contained in paragraph 8 of the first amended complaint that Mr. Robert Steffy, a local certified public accountant, did have contact with defendant; alleges that it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 8.

9. Defendant admits the allegation of paragraph 9 of the first amended complaint that the Notice of Deficiency issued August 4, 2000 did not advise plaintiffs of the Taxpayer Advocate; alleges that it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 9.

10. Defendant alleges that it is without knowledge or information sufficient to form a belief as to truth of the allegation of paragraph 10 of the first amended complaint that on August 10, 2000 plaintiffs executed a Power of Attorney in favor of Mr. Steffy; is informed and believes and thereon alleges the Power of Attorney referenced in said paragraph 10 was signed/dated by plaintiffs August 8, 2000; admits the remaining allegations of paragraph 10 of the first amended complaint.

Page 3
*Answer to First Amended Complaint*
District Court of Guam Civil Case No. CIV 03-00039

A:\Marangi 03.0441a civ03-00039 Answer.doc

Case 1:03-cv-00039  Document 52  Filed 04/29/2004  Page 3 of 6

11. Defendant alleges it is without knowledge or information sufficient to form a belief as to truth of the allegation of paragraph 12 of the first amended complaint that plaintiffs were never informed about the Second Notice of Deficiency; admits the remaining allegations of said paragraph 12.

12. Defendant admits the allegation of paragraph 14 of the first amended complaint that on April 24, 2002, a Final Notice/Notice of Intent to Levy was mailed to plaintiffs and that said Final Notice/Notice of Intent to Levy was returned to defendant; also admits the allegation of paragraph 14 of the first amended complaint that the defendant through its Collection Division did not have plaintiffs' entire file which would have included the Power of Attorney to Mr. Steffy; denies the allegation of paragraph 14 of the first amended complaint that plaintiffs' Guam address to which the Final Notice/Notice of Intent to Levy was mailed was no longer valid.

13. Defendant denies the allegation of paragraph 17 of the first amended complaint that on September 12, 2002, it filed a levy on Merrill, Lynch, Pierce, Fenner & Smith, Inc. (hereinafter "Merrill, Lynch") in New York where plaintiffs had assets; admits and alleges that on September 12, 2002, defendant issued a Notice of Levy directed to Merrill, Lynch, Pierce, Fenner & Smith, Inc., 300 Davidson Avenue, Somersett, New Jersey, where plaintiffs had assets; admits the amount of the levy was $76,702.15.

14. Defendant admits the allegation of paragraph 19 of the first amended complaint that Merrill, Lynch did not release the funds to defendant; denies the allegation that plaintiffs could not otherwise have access or use of such funds; alleges it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of paragraph 19 of the first amended complaint.

15. Defendant admits the allegation of paragraph 20 of the first amended complaint that it has not released the balance of the levy; denies each and every other allegation contained in paragraph 20 of the first amended complaint.

16. Defendant admits the allegation of paragraph 21 of the first amended complaint that it does not have a Taxpayer Advocate; alleges it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of paragraph 21 of the first amended complaint.

17. Answering paragraphs 29, 31, 35, and 38, defendant realleges and incorporates by reference herein its answers to paragraphs 1 through 23 of the first amended complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' first amended complaint is barred by the doctrine waiver.

2. Plaintiffs' first amended complaint is barred by the doctrine of *volenti non fit injuria* that is, assumption of the risk.

3. Plaintiffs' first amended complaint fails to state a claim upon which relief can be granted.

4. Plaintiffs' first amended complaint is barred by the statute of limitations, plaintiffs not having filed a petition with the District Court within ninety days after the Notice of Deficiency mailed December 19, 2001.

5. Plaintiffs are barred by 26 U.S.C. § 7421 from seeking the remedy of injunctive relief.

6. Plaintiffs are barred by the Declaratory Judgment Act from seeking the remedy of declaratory relief.

7. This action is barred because plaintiffs failed to exhaust their administrative remedies.

8. Plaintiffs are barred under 26 U.S.C. § 7430 from seeking accounting fees, attorney fees and other litigation costs.

**WHEREFORE,** Defendant prays for the following relief:

1. For an order and judgment denying all relief plaintiffs request in their first amended complaint;

2. For an order and judgment dismissing the first amended complaint;

3. For defendant's costs incurred herein; and

4. For such other and further relief as the Court deems just and equitable.

Dated April 29th, 2004

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General**

By: _____
PHILIP D. ISAAC
**Assistant Attorney General, Civil Division**
**Attorney for Defendant Government of Guam**