

**Office of the Attorney General**
Douglas B. Moylan
Attorney General of Guam
Solicitor's Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

**Attorneys for the Government of Guam**



FILED
DISTRICT COURT OF GUAM
MAY 07 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

RONALD P. MARANGI and
ERMA K. MARANGI,

                Plaintiffs,

            vs.

GOVERNMENT OF GUAM,

                Defendant.

) Civil Case No. CIV 03-00039
)
)
)
)
) **DEFENDANT'S MEMORANDUM**
) **OF POINTS AND**
) **AUTHORITIES IN OPPOSITION**
) **TO**
) **MOTION FOR SUMMARY**
) **JUDGMENT**
)
)
)
)


ORIGINAL

# TABLE OF AUTHORITIES

**CASES:**                                                                 **PAGE(S)**

*Chase Manhattan Bank v. Government of the Virgin Islands,* 300 F.3d 320
    (3rd Cir. 2002) .......................................................................... 12

*Pomeroy v. United States,* 864 F.2d 1191 (5th Cir. 1989) ..............................14

*Morse v. Internal Revenue Service,* 635 F.2d 701 (8th Cir. 1980)..................... 15

*Sitka v. United States,* 903 F. Supp. 282 (D. Conn. 1995)............................... 15

*Moore v. Mitchell,* 281 U.S. 18, 50 S. Ct. 175 (1930)..................................... 16

**FEDERAL STATUTES:**

26 U.S.C.A. Sec 6212 by adding to Sec. 6212(a)........................................... 12

26 U.S.C.A. Sec. 7802 ...................................................................... 12

26 U.S.C. §§6015(e), 6212(a) or (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i),
    6672(c), 6694(c), or 7426(a) or (b)(1), 7429(b), 7436.................................. 16

26 U.S.C. § 6212(a) ........................................................................ 10

26 U.S.C. §6212(b)(1)........................................................................ 8

26 U.S.C. § 6213(a) ........................................................................ 10

26 U.S.C. § 6331............................................................................ 15

26 U.S.C. § 6501(a) .....................................................................10, 11

26 U.S.C. § 6503(a)(1)...................................................................10, 11

26 U.S.C. § 7403(a) ........................................................................ 15

**FEDERAL STATUTES: (cont'd)**                                    PAGE(S)

26 U.S.C. § 7421(a) ........................................................................ 1,16

42 U.S.C.A Sec. 1422c(c) ............................................................... 13

46 U.S.C.A. Sec. 1421i(a)................................................................. 7

48 U.S.C.A. Sec. 1421 ..................................................................... 13

48 U.S.C.A. Sec 1421i(c) ................................................................. 14

48 U.S.C. § 1421i(a) ....................................................................... 16

48 U.S.C. § 1421i(d)(2) .................................................................. 17

48 U.S.C. § 1421i(g) ....................................................................... 17

48 U.S.C. § 1421i(h)(4) ................................................................... 17

Sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i),
      6672(c), 6694(c) and 7426(a) and (b)(1), 7429(b) and 7436 ...................................... 16

§ 7421 .............................................................................................. 16


**INTERNAL REVENUE CODE:**

IRC Sec. 6212 ............................................................................... 12

IRC Sec. 6501(b)(1) ........................................................................ 10

The Internal Revenue Service Restructuring And Reform Act of 1998,
      PL 105-206 (HR 2676), July 22, 1998, 112 Stat 685 .............................................. 12

Defendant, Government of Guam ("Defendant"), by and through the Office of the Attorney General, by this Memorandum of Points and Authorities, opposes the motion of plaintiffs for summary judgment filed April 22, 2004.

1. Pursuant to 26 U.S.C. § 7421(a), plaintiffs are barred from seeking injunctive relief.

2. The government of Guam correctly followed all of the applicable statutory procedures prior to issuing the levy.

3. The government of Guam is allowed to levy on property not within Guam.

## BACKGROUND

On March 18, 1997, plaintiffs filed with the Department of Revenue and Taxation, Government of Guam (hereinafter referred to as "the department"), 1996 Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, requesting an automatic 4-month extension of time to August 15, 1997 to file their individual income tax return for the calendar year 1996. A copy of this application is attached as Exhibit A to the Declaration of Colleen Meno filed December 29, 2003 (hereinafter "Meno Decl."). Within that period of extension, on August 5, 1997, plaintiffs timely filed with the department their 1996 individual tax return.

In 2000, the department selected plaintiffs' 1996 tax return for an audit examination. Colleen Meno, a Revenue Agent at the department, sent plaintiffs a Notice of Examination, dated July 11, 2000, Meno Decl., Exh. B. The notice was sent to the last known address that the department had for plaintiffs – 790 N. Marine Drive #866, Tumon, Guam 96911. In the notice, the department requested plaintiffs confer with representatives from the department at the Examination Branch office on July 19, 2000 at 2:30 p.m. and present any records relative to listed issues regarding Tax Form 1040 Schedule A and Schedule E for Tax Year 1996, which

were attached to their tax return. The notice state, "Failure to make available for examination any such records will result in the adjustment or disallowance of such item(s)." The notice said that if plaintiffs were unable to make the appointment, they must call the department immediately to reschedule the appointment for a more convenient time. The notice gave a telephone number to call if plaintiffs needed to reschedule the appointment. Shown as an enclosure with that Notice of Examination, was Pub. 1 – Your Rights as a Taxpayer.

Plaintiffs did not show up for their July 19, 2000 appointment. On July 24, 2000, plaintiff Ronald Marangi telephoned Colleen Meno. Meno Decl. Mr. Marangi informed Ms. Meno that his wife and he were off-island and would not be back until October 2000. *Id.* He said that they would call the department when they arrived in October. *Id.* Ms. Meno told Mr. Marangi that the statute of limitations was running out for the department to issue a Notice of Deficiency. *Id.* Mr. Marangi agreed to sign and return Form 872, entitled "Consent to Extend the Time to Assess Tax." Mr. Marangi did not give Ms. Meno a new residential or mailing address. *Id.*

On July 24, 2000, Mr. Marangi faxed Ms. Meno a follow up letter. A copy of this letter is attached as Exhibit C to the *Meno Decl.* In this letter, Mr. Marangi explained that his wife and he were no longer full-time residents of Guam and they had moved their prime residence to California in December 1999, the records Ms. Meno was requesting were in storage in California, he would endeavor to collect the documents and contact the department for another appointment around October 1, 2000, or as soon as he returned from California. Plaintiffs never contacted the department in October 2000, nor, as of the date of the *Meno Decl.*, signed dated December 24, 2003, did they submit the documentation the department requested. *Meno Decl.*

Page 2
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039     Document 55     Filed 05/07/2004     Page 5 of 21

On July 28, 2000, Ms. Meno faxed Mr. Marangi Form 872 to the Guam fax number he had given her. *Id.* Attached as Exhibit D to her declaration are a copy of the form that Ms Meno faxed, a copy of Ms. Meno's fax transmittal sheet accompanying the form, and a copy of the fax confirmation sheet indicating that the fax was received.

The Examination Branch of the department issued a Notice of Deficiency, dated August 4, 2000 sent to plaintiffs at their 790 N. Marine Drive #886, Tumon, Guam 96911 address plaintiffs not having given the department an updated mailing address. *Meno Decl.* A copy of the notice is attached as Exhibit E to the *Meno Decl.* Also attached as part of Exhibit E is a copy of the Receipt for Certified Mail and a copy of Form 870.

The notice indicated a deficiency of $36,299.00 and a penalty of $6,859.80 for the Tax Year Ended 1996. The notice informed plaintiffs that if plaintiffs did not intend to contest the department's determination of deficiency, to please sign and return the enclosed waiver form (Form 870, entitled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment"), and that such would permit an early assessment of the deficiency and limit the accumulation of interest. The notice also informed plaintiffs that if they decided not to send in the waiver, the law required that after 90 days from the date of the letter, they would be assessed the deficiency and action taken to collect the tax. The notice also informed plaintiffs that if they decided to contest the department's determination, they could do so by filing a petition with the District Court within 90 days. The notice indicated that the deadline for filing a lawsuit in District Court to dispute the deficiency determination was September 2, 2000.

The department subsequently, on August 9, 2000, a date within three (3) years after the date, August 15, 1997, by which plaintiffs were required to file their 1996 return, issued a

Page 3
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039   Document 55   Filed 05/07/2004   Page 6 of 21

corrected Notice of Deficiency, showing that plaintiffs had until November 2, 2000, a date within ninety (90) days after August 4, 2000, to file a petition in the District Court. Attached as Exhibit F to the *Meno Decl.* are a copy of the department's letter, entitled "Extension to File Petition," and a copy of the corrected Notice of Deficiency.

On August 10, 2000, Robert Steffy went to the department and met with Ms. Meno. *Meno Decl.* Mr. Steffy gave Ms. Meno a copy of an executed Power of Attorney and Declaration of Representation, Form 2848 (Rev. 12-97), for Taxpayer plaintiffs, with address shown as 790 N. Marine Drive #886, Tumon, Guam 96911, appointing as attorney-in-fact their representative (line 2) Robert J. Steffy, C.P.A., 210 F.C. Flores Street Suite 100, Agana, Guam 96910 to represent plaintiffs before the Internal Revenue Service for (line 3) tax matters Income/1040/1996. By that Form, the representative was authorized "to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents." There followed exclusions not here relevant. Line 7 Notices and communications provided, "Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2..." Such Form was signed dated August 8, 2000. A copy of the power of attorney is attached as Exhibit G to the *Meno Decl.*

On the same date, Mr. Steffy signed the Consent to Extend the Time to Assess Tax (Form 872), the form that Ms. Meno had faxed earlier to plaintiff Ronald Marangi. *Meno Decl.* A copy of the form is attached as Exhibit H to the *Meno Decl.* By that Consent to Extend the Time to Assess Tax, Form 872 (Rev August 1988), signed dated August 10,2000 by Mr. Steffy as representative of plaintiffs of 790 N. Marine Drive #886, Tumon, GU 96911, plaintiffs

Page 4
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039   Document 55   Filed 05/07/2004   Page 7 of 21

consented and agreed the amount of any Guam individual income tax due on any return made by plaintiffs for the period ended December 31, 1996 may be assessed at any time on or before December 31, 2001.When Mr. Steffy met with Ms. Meno on August 10, 2000, he informed her at that time he did not have any of plaintiffs' documents that they needed to present for the audit examination, **nor did he have a current address for plaintiffs**. *Id.*

Ms. Meno gave Mr. Steffy a copy of Form 872 on October 30, 2000. *Meno Decl.* She did not hear anything further from Mr. Steffy until they met in December 2000. *Id.* At that time, Mr. Steffy said that he had not been in contact with plaintiffs since he had last met with Ms. Meno and that he also did not have any of plaintiffs' documents needed for the audit examination. *Id.*

By Form 1040 signed dated **September 30, 2001**, file stamped received October 11, 2001, plaintiffs filed with the government of Guam, Department of Revenue and Taxation, their individual income tax return for the tax year 2000 showing thereon their address as 790 N. Marine Drive PMB 886, Tumon GU 96911. At all times relevant, including tax year 1996 to present, Form 1040 Instructions have contained instructions for the taxpayer to provide correct address information and that if the taxpayer moves after filing always to notify the IRS of the new address.

The department waited another year before taking any collection action, to give plaintiffs an opportunity to respond. *Meno Decl.* They never did. *Id.* Ms. Meno called Mr. Steffy's office on November 29, 2001, but he was out. *Id.* She left a message. *Id.*

The Examination Branch issued another Notice of Deficiency on December 19, 2001. *Meno Decl.* This time, the department addressed it to plaintiffs, in care of Robert Steffy, at Mr. Steffy's address on Guam. *Id.* Attached as Exhibit 1 to the *Meno Decl.* are a copy of the

Page 5
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039   Document 55   Filed 05/07/2004   Page 8 of 21

notice, the certified mail receipt, the return receipt, showing that the letter was received by Sherrie Sampson on December 21, 2001, and the department's address on the return receipt, and Form 870. The notice showed that the deficiency had increased to $46,548.00, with a penalty of $8,770.00. The notice gave plaintiffs 90 days – until March 19, 2002 – to file an action in District Court if they wanted to dispute the deficiency determination. As to this December 19, 2001 mailing to plaintiffs in care of Mr. Steffy without mailing also to plaintiffs at their otherwise last known address, i.e. the Guam postal box, as noted above, over a year earlier, in August, 2000, Mr. Steffy had told Ms. Meno he did not have a current address for plaintiffs. But Mr. Steffy was plaintiffs' attorney-in-fact. And, presumably, plaintiffs do not deny they closed out their Guam postal box by the end of 2000.

On March 26, 2002, defendant timely made its assessment for the tax deficiency. *Meno Decl.*.

On April 24, 2002, the Collection Branch issued a Notice of Intent to Levy. *Declaration of Kenneth Benavente* filed December 29, 2003 (hereinafter "*Benavente Decl.*"). A copy of the notice is attached as Exhibit J to the *Benavente Decl.*. He sent the notice to plaintiffs' last known address – 790 N. Marine Drive, PMB 886, Tumon, Guam 96911. *Id.* As of that date, plaintiffs had still not sent the department an updated address. *Id.* When plaintiffs did not respond to the Notice of Intent to Levy, on September 12, 2003, Mr. Benavente issued a Notice of Levy and served it on Merrill Lynch, Pierce, Fenner & Smith, Inc., 300 Davidson Avenue, Somersett, New Jersey 08873, where plaintiffs had an account. Shown enclosed with that Final Notice, as indicated in the body of such Notice, was Publication 594 and Publication 1660 explaining appeal rights *Id.* At a later date, the department partially discharged the

*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

amount of the levy to $43,850.00, the amount of the principal tax owed. *Id.* To date, Merrill, Lynch has not sent any of plaintiffs' funds to the department pursuant to the levy. *Id.*

## ARGUMENT

## I

## THE DEPARTMENT FOLLOWED THE PROPER PROCEDURES LEADING UP TO A VALID LEVY, SUCH PROCEDURES WERE NOT TIME BARRED, NOR WERE NOTICES DEFECTIVE IN CONTENT.

### A. THE DEPARTMENT FOLLOWED THE PROPER LEGAL PROCEDURES LEADING UP TO A VALID LEVY.

Under the Organic Act of Guam, 46 U.S.C.A. Sec. 1421i(a) the income tax laws in force in the United States of America are held to be likewise in force in Guam, subject to certain qualifications or exceptions discussed herein to the extent applicable. The procedures the Department of Revenue and Taxation follows prior to issuing a levy on a tax deficiency are, in all **applicable** material respects, the same as the Internal Revenue Service follows. Those procedures as detailed in the factual statement above are:

1. An income tax return is selected for an audit examination;

2. A Notice of Examination is sent to the taxpayer;

3. If the taxpayer fails to show up for the examination, the department can, and in this case did, timely issue a Notice of Deficiency on August 4, 2000, a date on or before August 15, 2000, a date within three years after the 4-month automatic extension requested by plaintiffs with respect to their Tax Year 1996 return, indicating the additional amount of tax that plaintiffs owed, plus penalties, based upon the lack of substantiation of various expenses plaintiffs used to reduce their income tax obligations, the notice giving the taxpayer a deadline

Page 7
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039   Document 55   Filed 05/07/2004   Page 10 of 21

by which the taxpayer can file an action in District Court if the taxpayer the determination of deficiency, the notice sent to the taxpayers' last known address. 26 U.S.C. § 6212(b)(1). On August 10, 2000, Mr. Steffy provided defendant a document by which plaintiffs appointed Mr. Steffy their attorney-in-fact. To date, neither plaintiffs nor Mr. Steffy have provided the department with the audit examination documentation requested. The department issued timely a second Notice of Deficiency on December 19, 2001, notifying plaintiffs that they had until March 19, 2002 to file an action in District Court if they wanted to dispute the determination of deficiency. The department sent the notice to plaintiffs in care of Mr. Steffy at his address, Mr. Steffy being their attorney-in-fact.

4. If the taxpayer fails to file an action in the District Court challenging the determination of deficiency by the deadline, the department can assess the tax and issue a Notice of Intent to Levy. Plaintiffs failed to file an action in District Court before the deadline of March 19, 2002. Therefore, the department was entitled to assess the tax, which it did on March 26, 2002, and issue a Notice of Intent to Levy, which it did, on April 24, 2002. The department's Collection Branch sent the Assessment and the notice of Intent to Levy to plaintiffs' last known address at 790 N. Marine Drive because as of that date, plaintiffs had not given them an updated address.

5. If the taxpayer fails to respond to the Notice of Intent to Levy, the department can issue a Notice of Levy and serve it on third parties who are in possession of assets belonging to the taxpayer. Plaintiffs failed to respond to the Notice of Intent to Levy. Therefore, the department was entitled to issue a Notice of Levy. On September 12, 2002, the department issued a Notice of Levy, addressed to Merrill Lynch, Pierce, Fenner & Smith, Inc., 300 Davidson Avenue, Somersett, New Jersey 08873, where plaintiffs have an account.

Page 8
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039   Document 55   Filed 05/07/2004   Page 11 of 21

1    Accordingly, the department correctly followed all of the procedures required by law
2    prior to serving the Notice of Levy on Merrill Lynch. Plaintiffs seemingly do not dispute the
3    efficacy of these procedures followed by defendant in their case except in certain particulars as
4    more fully discussed below.

5

### B.    THE TAX DEFICIENCY ASSERTED IN THE NOTICE OF LEVY IS
6    NOT TIME BARRED.

7    The department issued a Notice of Deficiency on August 4, 2000, corrected August 9,
8    2000, informing plaintiffs that they had until November 2, 2000 – 90 days – to file a petition in
9    the District Court for a redetermination of the deficiency. The department mailed this notice to
10   plaintiffs' last known address, which is all they were required to do by law.

11   At Plaintiffs' Memo, page 5, lines 15-17, plaintiffs argue the assessment period having
12   run on August 5, 2000, a date three (3) years after the return was filed, the extension signed by
13   Mr. Robert Steffy on August 10, 2000 was ineffective and void. Such argument fails in the
14   premise.
15

16   By their timely filed Application for Automatic Extension of Time To File U.S.
17   Individual Income Tax Return, Plaintiffs had an automatic 4-month extension of time to
18   August 15, 1997 to file their individual tax return for the calendar year 1996. Three (3) years
19   after August 15, 1997 is August 15, 2000.

20   / / / / /

21   / / / / /

22   / / / / /

23

24

25

Page 9
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039    Document 55    Filed 05/07/2004    Page 12 of 21

I.R.C. Sec. 6501(b)(1) provides:

"(b) Time return deemed filed

    (1)     Early return

           For purposes of this section, a return of tax imposed by this title, except tax imposed by chapter 3, 21, or 24, filed before the last day prescribed by law by regulations promulgated pursuant to law for the filing thereof, shall be considered as filed on such last day."

Pursuant to 26 U.S.C. § 6501(a), the department had until August 15, 2000 either to do an assessment or to issue a Notice of Deficiency pursuant to 26 U.S.C. § 6212(a). Similarly, plaintiffs had until August 15, 2000 to consent to extend the time to assess tax. Accordingly, August 10, 2000 being within three (3) years after August 15, 1997, the Consent to Extend the Time to Assess Tax, Form 872 (Rev August 1988), signed dated August 10,2000 by Mr. Steffy as representative of Plaintiffs of 790 N. Marine Drive #886, Tumon, GU 96911, by which Plaintiffs consented and agreed the amount of any Guam individual income tax due on any return made by Plaintiffs for the period ended December 31, 1996 may be assessed at any time on or before December 31, 2001 was timely.

Similarly, the Notice of Deficiency issued by the department on December 19, 2001, being within the extended limitations period consented to of December 31, 2001, was timely. That December 19, 2001 notice gave plaintiffs until March 19, 2002 – 90 days – within which to file an action in the District Court for a redetermination of the deficiency. Pursuant to 26 U.S.C. § 6503(a)(1),). The taxpayer has 90 days after the mailing of the notice within which to petition the tax court for a redetermination of the deficiency. 26 U.S.C. § 6213(a). A tax assessment is not permitted until the expiration of the 90 days. *Id.* The running of the 3-year

Page 10
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039　Document 55　Filed 05/07/2004　Page 13 of 21

statute of limitations set forth in 26 U.S.C. § 6501(a) is suspended for the 90-day period and for 60 days thereafter. 26 U.S.C. § 6503(a)(1). Resultingly, the time within which to assess the tax was suspended until May 18, 2002 – 60 days after the 90- day suspension. The department assessed the tax on March 26, 2002, well within the extended statute of limitations. Accordingly, the assessment was timely. Thereafter, on April 24, 2002, Defendant, by Revenue Officer, Kenneth Benavente of Defendant's Collection Branch, sent by registered mail to plaintiffs at their last known address, 790 N. Marine Drive, PMB 886, Tumon, Gu 96911, a Final Notice/ Notice of Intent To Levy And Notice Of Your Right To A Hearing. Pltfs' Exh. 9. That Final Notice was returned to sender. As shown in that Final Notice, enclosed were Publication 594 and Publication 1660. More than thirty (30) days later, on September 12, 2002, Defendant, by Maria D. Mesa, Supervisor, Collection Branch, issued a Notice of Levy and served it on Merrill, Lynch, Pierce, Fenner & Smith, Inc. (hereinafter "Merrill Lynch") at its office in Somersett, New Jersey, in the amount of $76,705.15. That levy subsequently was reduced to $43,850.00.

## C. THE NOTICES OF DEFICIENCY WERE NOT RENDERED INEFFECTIVE FOR ANY FAILURE TO INCLUDE NOTICE TO THE TAXPAYER OF THE TAXPAYER'S RIGHT TO CONTACT A LOCAL OFFICE OF THE TAXPAYER ADVOCATE AND THE LOCATION AND PHONE NUMBER OF THE APPROPRIATE OFFICE

By their first amended complaint, paras. 9, 12, and 21, plaintiffs allege, and at Pltfs' Memo, page 4, plaintiffs argue, in effect, the notices of deficiency are void for failure to include reference to the Taxpayer Advocate and for failure of defendant to have a Taxpayer Advocate.

The question of whether or not the government of Guam is required to have a Taxpayer Advocate appears not to have been addressed by any court.

Page 11
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039    Document 55    Filed 05/07/2004    Page 14 of 21

One case, however, comes part way close in attempting to state rules of construction that guide the mirroring mechanism under which Virgin Islands tax law generally tracks federal income tax law. The court in *Chase Manhattan Bank v. Government of the Virgin Islands*, 300 F.3d 320 (3rd Cir. 2002), embraced three, (1) the substitution principle, (2) the equality principle, and (3) the manifest incompatibility principle, the last of which requires that the IRC should not apply to Virgin Islands tax law if the result is manifestly inapplicable or incompatible with a separate territorial income tax.

The third of those, the manifestly inapplicable rule, would indicate if Guam is not required to have a Taxpayer Advocate, any requirement of IRC Sec. 6212 its notices make reference to one is manifestly inapplicable.

Admittedly, the government of Guam does not have a Taxpayer Advocate and apparently never has.

Provisions of the Internal Revenue Code for the Taxpayer Advocate in its most recent incarnation are as provided by The Internal Revenue Service Restructuring And Reform Act of 1998, PL 105-206 (HR 2676), July 22, 1998, 112 Stat 685. Title I of the Act addresses reorganization of the structure and management of the IRS and, among other things, amends 26 USCA Sec. 7802 to establish within the Department of the Treasury the Internal Revenue Service Oversight Board; amends Sec. 7803 with regard to the appointment of a Commissioner of Internal Revenue and appointment of a Chief Counsel for the Internal Revenue Service, and with regard to establishment in the IRS of an Office of the Taxpayer Advocate and appointment of the "National Taxpayer Advocate". There follows amendment to 26 U.S.C.A. Sec 6212 by adding to Sec. 6212(a) the language containing reference to the taxpayer advocate.

Page 12
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039   Document 55   Filed 05/07/2004   Page 15 of 21

1         Lock-step mirror imaging seemingly would require then that the Governor of Guam

2 appoint not only a Director of Revenue and Taxation, but also a Dept. of Rev & Tax Oversight

3 Board and a "Territorial Taxpayer Advocate". But, while the U.S. Congress may have directed

4 the reorganization of the structure and management of the IRS it does not necessarily follow it

5 intended to reorganize the structure and management of the Guam Department of Revenue and

6 Taxation, particularly since by 42 U.S.C.A Sec. 1422c(c) it granted to the Governor of Guam

7 the duty and authority from time to time to examine the organization of the executive branch of

8 the government of Guam and to determine and carry out such changes therein as are necessary

9 to promote effective management and to execute faithfully the purposes of the Organic Act of

10 Guam and the laws of Guam. Furthermore, and perhaps more to the point, while the Congress

11 may have appropriated funds necessary to the IRS to create and staff an Internal Revenue

12 Service Oversight Board and an Office of Taxpayer Advocate, headed by what is now the

13 National Taxpayer Advocate, the Congress did not appropriate funds to establish a Guam

14 RevTax Oversight Board nor a Guam Taxpayer Advocate and neither has the Guam

15 Legislature. Given the power and authority delegated by the Congress, through the Organic

16 Act of Guam, 48 U.S.C.A. Sec. 1421, et. seq. to the Governor of Guam and the Guam

17 Legislature, and the government of Guam having not thus far created what otherwise the

18 Congress may have created with respect to the IRS, and appropriated funds for such purpose, it

19 would seem provisions of the IRC for creation of an office of Taxpayer Advocate by the

20 government of Guam are manifestly inapplicable or incompatible with a separate Guam

21 territorial income tax no matter how much one may consider such office desirable. And no

22 matter how desirable, neither the Congress nor the government of Guam has expressly or

*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

implicitly determined the function of a Guam Taxpayer Advocate to be "needful" as that term is used in 48 U.S.C.A. Sec 1421i(c).

## II

### THE DEPARTMENT TOOK EVERY STEP REASONABLE TO NOTICE PLAINTIFFS, PARTICULARLY IN VIEW OF THEIR SEEMINGLY PURPOSEFUL EFFORTS TO AVOID RECEIPT OF NOTICES

At no time relevant did plaintiffs make any effort to provide defendant with any address other than their Tumon, Guam address and that of their attorney-in-fact. Indeed, they seemingly went out of their way to refuse to. They informed their attorney-in-fact they could be reached through an employer, or former employer, Caronel, but even that was never conveyed at any time relevant to defendant. Almost literally, the bird was in plaintiffs' hands and they chose to assume the risk of not receiving notices they had every reason to assume would be forthcoming and likely, if not certainly, would have received had they provided defendant, or their attorney-in-fact with their current mailing address. *Volenti non fit injuria.* Furthermore, under such circumstance, plaintiffs ought not be heard to complain of an alleged failure of defendant to have, or to include reference to, a taxpayer advocate.

Plaintiffs insist that when the notice was returned, the department should have made efforts to obtain plaintiffs' new address. In *Pomeroy v. United States,* 864 F.2d 1191 (5th Cir. 1989), a taxpayer argued that the Internal Revenue Service should have looked in the administrative file after the notice of deficiency was returned undelivered. The court held that this was not required and that the relevant statues simply require that the deficiency notice be mailed to the taxpayers' last known address, not that it be received. *Id.* at 1195. The taxpayers also argued that the Internal Revenue Service should have followed the IRD manual and sent

Page 14
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039   Document 55   Filed 05/07/2004   Page 17 of 21

duplicate deficiency notices to both addresses that the IRS had for them if there was any doubt as to what constituted the last known address. However, the court held that "'[p]rocedures or rules adopted by the IRS are not law.'" *Id.* at 1194-95.

In the present case, even if Mr. Benavente had known about the power of attorney, it would not have done him any good to look in the examination branch files. The examination branch files did not contain a new address for plaintiffs. Granted, the examination branch files contained a copy of the power of attorney. However, contacting Mr. Steffy would have been fruitless because he did not have a new address for plaintiffs either.

Plaintiffs seem to be saying that the levy is invalid because the department pursued an administrative action rather than filing an action in District Court. As defendants have already argued, whatever enforcement actions the Internal Revenue Service can take, the Department of Revenue can also take. The department had the option of enforcing its lien by filing a lien foreclosure suit pursuant to 26 U.S.C. § 7403(a), or enforcing it through an administrative levy pursuant to 26 U.S.C. § 6331. The department was entitled to enforce the lien by means of an administrative levy, which is what it did. The department's actions, and the levy itself, are therefore valid.

The notice was mailed to plaintiffs in care of their representative, and attorney-in-fact, Mr. Steffy. Plaintiffs did not file an action within the time limit. Notice of deficiency sent by certified mail to the taxpayer's last known address, but never received and returned undelivered, is sufficient. *Morse v. Internal Revenue Service,* 635 F.2d 701 (8th Cir. 1980); *see also Sitka v. United States,* 903 F. Supp. 282 (D. Conn. 1995) (taxpayer who stated that he never received notice of income tax deficiency failed to invoke statutory exception to Anti-Injunction Act that permitted collection of taxes to be enjoined when Internal Revenue Service failed to mail notice

*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

deficiency, where government established that notice of deficiency was mailed by certified mail).

**III**

**PLAINTIFFS ARE BARRED BY 26 U.S.C. §7421(a) FROM SEEKING AN INJUNCTION IN THIS CASE.**

Ordinarily, the remedy of injunction is not available to a taxpayer who is seeking to restrain the collection of a tax. As provided in 26 U.S.C. § 7421(a):

**§ 7421. Prohibition of suits to restrain assessment or collection.**

(a) **Tax.** Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b) and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

None of the situations addressed by 26 U.S.C. §§6015(e), 6212(a) or (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), or 7426(a) or (b)(1), 7429(b) or 7436 apply to the present situation. Therefore, there is no applicable exception to the anti-injunction statute. Accordingly, plaintiffs' request for a permanent injunction should also be denied pursuant to § 7421.

**IV**

**THE DEPARTMENT IS ALLOWED TO LEVY ON PROPERTY NOT LOCATED ON GUAM.**

48 U.S.C. § 1421i(a). Plaintiffs cite *Moore v. Mitchell*, 281 U.S. 18, 50 S. Ct. 175 (1930) for the proposition that a state does not have authority to take collection actions to recover taxes on assets outside of its geographical jurisdiction. This case is inapplicable to the

---

Page 16
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

present situation because it involved state, county, and city taxes, not federal income taxes. The present case deals with income taxes under the Internal Revenue Code.

The Organic Act specifically provides that the government of Guam is entitled to enforce the income tax laws to the same extent that the federal government can enforce them. As provided in 48 U.S.C. § 1421i(d)(2):

> (2) The Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial Income Tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax.

Similarly, 48 U.S.C. § 1421i(g) provides as follows:

> **(g) Liens.** The Government of Guam shall have a lien with respect to the Guam Territorial Income Tax in the same manner and with the same effect, and subject to the same conditions, as the United States has a lien with respect to the United States Income Tax. Such lien in respect of the Guam Territorial Income Tax shall be enforceable in the name of and by the government of Guam.

Therefore, if the federal government can file a lien on assets located in New Jersey or New York, the government of Guam can also do so.

There is another section in the Organic Act that merits attention: 48 U.S.C. § 1421i(h)(4), which provides as follows:

> (4) A civil action for the collection of the Guam Territorial Income Tax, together with fines, penalties and forfeitures, or for the recovery of any erroneous refund of such tax, may be brought in the name of and by the government of Guam in the District Court of Guam or in any district court of the United States or in any court having the jurisdiction of a district court of the United States.

Page 17
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039    Document 55    Filed 05/07/2004    Page 20 of 21

(Emphasis added.) Therefore, if need be, the government of Guam can file an action in federal district court in New Jersey, New York or any other state in the United States for the purpose of collecting plaintiffs' tax deficiency.

Accordingly, the department can issue levies on property outside of Guam.

## CONCLUSION

The department correctly followed all of the required statutory procedures prior to serving the Notice of Levy in this case. By statute and by consent, the time limit for assessing plaintiffs' tax was extended to May 18, 2002. The department assessed the tax prior to that date. All notices were properly sent because the department sent them to plaintiffs' last known address.

The anti-injunction statute bars plaintiffs from seeking injunctive relief in this case. None of the exceptions to this statute apply to the present situation.

Plaintiffs have an adequate remedy at law. They can pay the deficiency and then file a claim.

The government of Guam can collect income tax deficiencies from sources outside of Guam to the same extent as the Internal Revenue Service.

For the foregoing reasons, plaintiffs' motion for summary judgment should be denied.

Dated: May 7, 2004.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

By: _____
PHILIP D. ISAAC
Assistant Attorney General, Civil Division
Attorney for Defendant Government of Guam

Page 18
*Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment*
District Court Civil Case No. CIV 03-00039

Case 1:03-cv-00039    Document 55    Filed 05/07/2004    Page 21 of 21