Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584

Attorneys for Plaintiffs Ronald P. Marangi and Erma K. Marangi



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM USA

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | CIVIL CASE NO. CIV03-00039 <br><br> PLAINTIFFS RONALD P. MARANGI, ET AL.'S REPLY MEMORANDUM TO DEFENDANT GOVERNMENT OF GUAM'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |

COMES NOW, Plaintiffs Ronald P. Marangi and Erma K. Marangi (hereinafter "**Plaintiffs**") and files their Reply Memorandum to Defendant Government of Guam (hereinafter "**Defendant**") Opposition to Motion for Summary Judgment.

I.

### IRC §6212, §6320, AND §6330 ARE FULLY APPLICABLE TO GUAM

Defendant maintains that the mirroring provisions of the Organic Act in applying the Internal Revenue Code to Guam do not apply to §6212, §6320 and §6330. Actually, what

Page 2
Plaintiffs Ronald P. Marangi, et al.'s Reply Memorandum
to Defendant Government of Guam's Opposition to Motion for Summary Judgment
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

Defendant is maintaining, is that only a portion of IRC §6212 do not apply to Guam. For the reasons discussed below, that is not the case.

The Ninth Circuit has addressed the meaning of the phrase "manifestly unreasonable", used in the Organic Act to create exceptions to where the Internal Revenue Code is made applicable to Guam. In <u>Holmes v. Director of Revenue and Taxation</u>, 827 F.2d 1243 (9th Cir. 1987), ("<u>Holmes I</u>"), the court said that the phrase must be read narrowly and that in order to not apply a provision of the Internal Revenue to Guam, it must be absurd to do so. That holding was more recently affirmed by the court in <u>Holmes v. Director of Revenue and Taxation</u>, 937 F.2d 481 (9th Cir. 1991), ("<u>Holmes II</u>"); see also <u>GovGuam v. Kaster</u>, 362 F.2d 248 (9th Cir. 1966).

The court in <u>Holmes I</u> also expressly refused to follow precedent arising from the Third Circuit concerning the Virgin Islands. There are provisions which are different.

The 1998 Act created important protections for taxpayers including the Taxpayer Advocate Procedures and Collection Due Process Hearing Procedures. It is hardly absurd to extend those same protections to Guam taxpayers who are otherwise subject to the Internal Revenue Code.

Defendant goes on to say that there is an additional reason why it is manifestly unreasonable to apply those provisions to Guam because that Act also provided for substantial restructuring of the Internal Revenue Service and creation of many new provisions. Those provisions are not applicable to Guam. Under the Organic Act (§1421i(d)) only certain portions of the Internal Revenue Code are made applicable to Guam. Included in those provisions are IRC §6212, §6320 and §6330. However, the provisions of the Act which create the positions and reorganizations of

Page 3
Plaintiffs Ronald P. Marangi, et al.'s Reply Memorandum
to Defendant Government of Guam's Opposition to Motion for Summary Judgment
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

the Internal Revenue Service are not within the provisions made applicable to Guam. They are in different portions of the Internal Revenue Code. Guam is free to provide those functions as it chooses. It chose to ignore them.

It is also useful to look at IRC §7651. That provision is not yet in effect. It and IRC §931, which is known as the "delinkage" provision, do not come into effect until there is an implementing agreement of the 1986 Reform Act between the Government of Guam and United States. That agreement has not come into existence, primarily because the delinkage is viewed as unfavorable by the Defendant. Those provisions, nevertheless, give a clear indication that Congress fully intended that the collection procedures contained in the Code be applicable to the Territories. Because of the delinkage, that provision is necessary in order to make clear that the administration, collection, and enforcement provisions of the Code are applicable. Indeed that section has very strong language. For example, in IRC §7651(1) the provisions are to apply as if the term "United States" when used in geographical sense included such possession.

## II.

## ASSESSMENT IS VOID

The assessments in this case was not made until March of 2001. The Extension of the time within which to make the assessment expired December 31, 2000.

On December 19, 2000, the Defendant issued its Notice of Deficiency (90 day letter). Such Notice, if proper extends the time for making the assessment. However, this Notice is a nullity for two reasons.

Page 4
Plaintiffs Ronald P. Marangi, et al.'s Reply Memorandum
to Defendant Government of Guam's Opposition to Motion for Summary Judgment
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

First, the Notice does not contain any reference to the Taxpayer Advocacy position as required by IRC §6212.

Secondly, the Notice was never sent to the taxpayer as required by statute. It was sent only to the taxpayer's representative, Mr. Robert Steffy, and the taxpayer did not know about it, until this litigation. See Steffy Affidavit filed herewith. Colleen Meno testified that nowhere in the Department files is Mr. Steffy's office given as Plaintiffs' address. (Hearing Transcript p. 12). _Moise v. IRS_, 635 F.2d 701 (8th Cir. 1980) and _Sitka v. U.S._, 903 F.Supp. 282 (D.Conn. 1995), the cases cited by Defendant both involve situations in which the IRS proved it had sent the notice to the correct address. A case which is in point is _Mulvania v Com._, 769 P.2d 1376 (9thCir. 1985), which voided a Notice of Deficiency not properly sent to the taxpayer.

Therefore, the assessment is time barred and void.

With respect to Guam, the Ninth Circuit held, years ago, that an assessment was void when, in that case, it was made simultaneously with the sending of the 90 day letter. _Bromberg v. Ingling_, 300 F.2d 859 (9th Cir. 1962) (the substantive law with respect to taxation and sourcing of income and the filing of returns, has since been changed).

///

///

///

///

///

Page 5
Plaintiffs Ronald P. Marangi, et al.'s Reply Memorandum
to Defendant Government of Guam's Opposition to Motion for Summary Judgment
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## III.

## THE FINAL NOTICE/NOTICE OF INTENT TO LEVY IS VOID

IRC §6320 and §9330 require that before a levy may take place, a notice must be sent to the taxpayer and that notice must contain information on the Collection Due Process Hearing procedure. This Final Notice/Notice fo Intent to Levy complies with neither requirement. Even though the Defendant knew that Plaintiffs had a taxpayer representative, that fact, by reason of department procedures, was not communicated to the agent. When the Final Notice/Notice of Intent to Levy was returned Defendant had the obligation to make reasonable investigation of a valid address for the taxpayer. IRS Regs. 301.6336-IT(a) (Exhibit "B" to Plaintiffs' Supplemental Memorandum filed January 22, 2004). <u>Mall v. Kelly</u>, 564 F.Supp. 371 (Wyo. 1983). In this case, all Defendant needed to do, had Defendant bothered to look in the file, was to contact Mr. Steffy. Mr. Steffy who the holder of the power of attorney, also was supposed to receive a copy of all notices. Mr. Steffy did not, however, the case law is clear that that failure is not fatal.

The information which was included in the undelivered Final Notice is in Exhibits "14" and "15". These are old IRS forms and do not have any time frames except for 10 days to appeal after preliminary conferences, and two days after the manager's conference. The form was revised in May of 2000, Hearing Exhibit "16", contains the correct information. In contrast to the form used by Defendant, among other things, it expressly provides that an appeal may be had within 30 days after the Final Notice/Notice of Intent to Levy. It also expressly provides for judicial review of the results of the Collection Due Process Hearing (see page 2).

Page 6
Plaintiffs Ronald P. Marangi, et al.'s Reply Memorandum
to Defendant Government of Guam's Opposition to Motion for Summary Judgment
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## IV.

## INJUNCTION IS PROPER

Defendant maintains that none of the exceptions to the Anti-Injunction provision of IRC §7421 are applicable. Defendant is wrong. There are two applicable exceptions, namely those provided in §6213(a) and §6330(e)(1). Section 6213(a) provides that an injunction may be maintained if collection action is taken before the expiration of the 90 period following a Notice of Deficiency. Of course, that time frame never started because the Notice o Deficiency was deficient and was not properly mailed and is a nullity. The other exception contained in §6330(e)(1) is that an injunction is proper where collection action is taken before the time to request a Collection Due Process Hearing expires. That time never expired in this case because no Notice of that process was ever given. This case also falls into the judicial allowance of injunctions which the Supreme Court adopted in *Enochs v. Williams Packing and Navigation Co.*, 370 US 1, 8 L.Ed. 2nd 292 (1962), rehrg. den. (370 US 965 8 L.Ed. 2nd 833 (1962). As demonstrated in the briefing in this case, there is no set of facts which would justify the Defendant's actions and they have and will result in irreparable injury to the Plaintiffs by denying them the money which is sequestered by Merrill Lynch. Plaintiffs have no remedy at law to recover that money.

The assessment was invalid, is void and the levy may be enjoined.

///

///

///

Page 7
Plaintiffs Ronald P. Marangi, et al.'s Reply Memorandum
to Defendant Government of Guam's Opposition to Motion for Summary Judgment
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## V.

## **GUAM DOES NOT HAVE THE AUTHORITY TO LEVY OUTSIDE OF GUAM**

In applying the general collection procedures of the Internal Revenue Code to Guam it is clear that those procedures apply only to activities taken within Guam. For example, IRC §6323(f) provides for the procedures for filing a tax lien. Those procedures apply only with respect to jurisdictions within the United States. Under the mirror concept, therefore, those procedures in the case of Defendant apply only with respect to Guam. Indeed, Guam has no more authority than any of the states to attempt to levy on property outside of the state. The Supreme Court has held that one state or subdivision thereof, may not sue in another state for the collection of its taxes. *Moore v. Mitchell*, *281 US 18 (1930)*. If a state may not sue in another state, surely they may not levy. Congress later provided an exception to Guam and adopted the only grant of extra territorial authority which is that contained in §1421i(h)(4) of the Organic Act which gives Guam authority to file a suit in another district court. The venue would be California, the Plaintiffs' resident state, not New York or New Jersey. It does not give Guam authority to issue an administrative levy on a taxpayer's accounts or other property outside of Guam.

Defendant makes a comment that the case law prohibiting one jurisdiction from enforcing the tax provisions of another jurisdiction do not apply because this is a federal income tax. That, is, of course patently wrong. The provisions of the Organic Act expressly make the Internal Revenue Code as applied to Guam, a Guam territorial income tax.

Page 8
Plaintiffs Ronald P. Marangi, et al.'s Reply Memorandum
to Defendant Government of Guam's Opposition to Motion for Summary Judgment
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## CONCLUSION

For the reasons set forth in Plaintiffs' Opening Brief and in this Brief, the assessment is time barred and the levy wrongful. There is no support for Defendant's position, let alone substantial support. Plaintiffs are therefore entitled to the entry of Summary Judgment in this case which among other things that this Court may seem pertinent, would 1) direct the Department to release the levy on Plaintiffs' Merrill Lynch account; 2) declare the assessment entered in this case to be time barred and void; and 3) awarding to Plaintiffs their attorneys fees and other litigation costs that they have incurred.

Respectfully submitted this **14th** day of **May 2004**.

**ZAMSKY LAW FIRM**
**Attorneys for Plaintiffs**
**Ronald P. Marangi and Erma K. Marangi**

By: _____
STEVEN A. ZAMSKY

Z8(0496.00)\PLD\P#2185