Steven A. Zamsky, Esq.
**ZAMSKY LAW FIRM**
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584



FILED
DISTRICT COURT OF GUAM
MAY 24 2004 no'
MARY L. M. MORAN
CLERK OF COURT
(60)

Attorneys for Plaintiffs Ronald P. Marangi and Erma K. Marangi

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM USA

| | |
|---|---|
| RONALD P. MARANGI and ERMA K. MARANGI,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>        Defendant. | CIVIL CASE NO. CIV03-00039<br><br>**SUPPLEMENTAL MEMORANDUM RE LEVY BY PLAINTIFFS RONALD P. MARANGI, ET AL.; CERTIFICATE OF SERVICE** |

    **COMES NOW**, Plaintiffs Ronald P. Marangi and Erma K. Marangi (hereinafter **"Plaintiffs"**) and submits the following Supplemental Memorandum Re Levy.

    The Court allowed Plaintiffs time to submit a memorandum with additional authorities on the question of ordering Defendant Government of Guam (hereinafter **"Defendant"**) to release the levy at issue.

    In additional to the statutory exceptions to the anti-injunction rule is the rule of the Supreme Court in _Enochs v. Williams Packing & Navigation Co., 370 US 1, 82 S.Ct. 1125, 8 L.Ed. 2d 292 (1962)_. It held that where under the facts of the case there is no basis for the Internal Revenue

**ORIGINAL**

Page 2
Supplemental Memorandum Re Levy by Plaintiffs Ronald P. Marangi, et al.; Certificate of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

Service to prevail, an injunction should issue. It compared the comparable Tax Injunction Act of 1937 (28 U.S.C. §1341) which forbids Federal courts to entertain injunction suits against the collection of state taxes where there is a plain, speedy, and efficient remedy at law and equity. The Court observed as follows:

> "It indicates that if Congress had desired to make the availability of the injunctive remedy against the collections of federal taxes not lawfully due depend upon the adequacy of the legal remedy, it would have said so explicitly."

In that case, the Government's actions were not without foundation.

There are also statutory exceptions. The applicable one is IRC §6213.

Directly on point is the case of *Mall v. Kelly, 564 F.Supp. 371 (Dist. Wyo. 1983)*. The Court in that case found that the Notice of Deficiency was invalid and enjoined any collection activity. The Court did not consider whether or not other remedies were available or any issue of irreparable injury to the plaintiff.

Also very instructive is the case of *Rodriguez v. USA, 629 F.Supp. 333 (N.Dist. Ill. 1986)*. Cited with approval by *O'Bryant v. U.S., 49 F.3d 340 (7th Cir. 1995)*. The Internal Revenue Service in that case had erroneously issued a refund to the plaintiffs and instead of proceeding through the proper procedures, levied on plaintiff's bank account without notice. Plaintiff sought, among other things, an injunction and declaratory relief. The Court found that both were applicable. The Court noted that the concerns addressed by the statute were that the injunctions would directly halt the process of assessment or collection because they would be grounded on disputes of the right to tax or the amount to be taxed or collected. The Court then stated that those

Page 3
Supplemental Memorandum Re Levy by Plaintiffs Ronald P. Marangi, et al.; Certificate of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

concerns are not at issue when the enforcement has already taken place. It also found that it was not prohibited from the awarding declaratory relief. It did both and it concluded "it (the IRS) should and must be enjoined under the authority granted to this court by 26 USC §6213(a).

Such is the case here, the merits of the tax are not at issue (although not conceded), the wrongfulness of the Levy is the issue.

## CONCLUSION

The outcome of the Motion for Summary Judgment on the refund claim, if Plaintiffs were to pay the tax and file such a Motion, is a foregone conclusion since this Court has found that the assessment is void. It would be an inefficient utilization of the parties' time, and the Court's time and resources, to go through that process when the Court could simply order that the Defendant issue a Release of the Levy in question. Under the foregoing authorities, it has the power to do so.

Respectfully submitted this **24th** day of **May 2004**.

**ZAMSKY LAW FIRM**
**Attorneys for Plaintiffs**
**Ronald P. Marangi and Erma K. Marangi**

By: _____
   **STEVEN A. ZAMSKY**

Page 4
Supplemental Memorandum Re Levy by Plaintiffs Ronald P. Marangi, et al.; Certificate of Service
Ronald P. Marangi, et al. v. Government of Guam
District Court of Guam Civil Case No. CIV03-00039

## CERTIFICATE OF SERVICE

I, Steven A. Zamsky, hereby certify that on the **24th** day of **May 2004**, I will caused to served by hand delivery a true and correct copies of **Supplemental Memorandum Re Levy by Plaintiffs Ronald P. Marangi, et al.; Certificate of Service** upon **Phillip D. Isaac, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL**, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Drive, Hagåtña, Guam USA 96910, **Attorneys for Defendant Government of Guam**.

Dated this **24th** day of **May 2004**.

_____
STEVEN A. ZAMSKY

Z8(0496.00)\PLD\P#2190