FILED
DISTRICT COURT OF GUAM
MAY 26 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| RONALD P. MARANGI; et al., | Case No. CIV 03-00039 DDP |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| GOVERNMENT OF GUAM, | [Motion filed on 04/22/04] |
| Defendant. | |

This matter comes before the Court on the plaintiffs' motion for summary judgment. After reviewing the materials submitted by the parties and hearing oral argument, the Court grants in part and denies in part the motion, and adopts the following order.

I.  **Background**

   A.  Factual History

In tax year 1996, the plaintiffs Ronald P. Marangi and Erma K. Marangi (the "plaintiffs"), a married couple, resided in Guam. The plaintiffs timely filed their 1996 income tax return with the defendant Government of Guam (the "defendant") on August 5, 1997.[1] On July 11, 2000, Guam's Department of Taxation and Revenue (the "Department") selected the plaintiffs' 1996 tax return for an audit

---

[1] The plaintiffs applied for and received from the defendant a four-month extension in which to file their return.

examination and mailed a Notice of Examination to the last known address that the Department had for the plaintiffs.[2] (See Meno Decl. ¶ 4, Ex. B thereto.) However, the plaintiffs had since moved to California and did not receive the Notice of Examination until the plaintiff Mr. Marangi returned to Guam on July 24, 2000. On that same date, Mr. Marangi telephoned Colleen Meno ("Ms. Meno"), a revenue agent at the examination branch of the Department, and informed her that he and his wife had moved to California, and that the records requested by the Department were in storage in California. Mr. Marangi informed Ms. Meno that he would retrieve the requested documents, bring them when he returned to Guam in October 2000, and contact the Department for an appointment at that time. Following his telephone conversation with Ms. Meno, On July 24, 2000, Mr. Marangi faxed a letter to Ms. Meno reiterating what he had told her over the telephone. (Id. ¶¶ 6-7, Ex. C thereto.)

Because the statute of limitations for assessing additional taxes was due to expire on August 4, 2000, the Department requested that Mr. Marangi sign a Form 872, entitled "Consent to Extend the Time to Assess Tax." Mr. Marangi gave Ms. Meno a Guam fax number and, on July 28, 2000, she faxed Mr. Marangi Form 872. (Id. ¶ 9, Ex. D thereto.) Because Mr. Marangi did not return the form, the Department issued a Notice of Deficiency on August 4, 2000, which was mailed to the plaintiffs at their 790 N. Marine Drive address in Guam. (Id. ¶ 10, Ex. E thereto.) The Notice of Deficiency did not contain any information regarding the taxpayer advocate, the

---

[2] That address is: 790 N. Marine Drive #866, Tumon, Guam 96911.

2

significance of which is set forth in the analysis section of this proposed order.

On August 8, 2000, the plaintiffs contacted Mr. Robert Steffy ("Mr. Steffy") and executed a Power of Attorney in favor of Mr. Steffy. (Id., Ex. G-1 thereto.) The Power of Attorney provides for Mr. Steffy to represent the plaintiffs in this matter. (Id.) The Power of Attorney also provides that original documents, including notices, are to be sent to the plaintiffs, and that copies of original documents are to be sent to Mr. Steffy. (Id.) On August 10, 2000, Mr. Steffy met with Ms. Meno and showed her the Power of Attorney that the plaintiffs executed. On that same date, Mr. Steffy signed the Form 872, extending the time within which to make an assessment to December 31, 2001.

On December 19, 2001, the Department issued another Notice of Deficiency to the plaintiffs. This Notice was addressed to the plaintiffs in care of Mr. Steffy, but was sent only to Mr. Steffy's address.[3] (Id., Ex. I-1 thereto.) As with the first Notice of Deficiency, the December 19, 2001 Notice of Deficiency contained no reference to the taxpayer advocate. On April 24, 2002, Kenneth Benavente ("Mr. Benavente"), a revenue officer at the collection branch of the Department, issued a Notice of Intent to Levy, seeking to levy against property owned by the plaintiffs to pay the alleged tax deficiency. (Benavente Decl. ¶¶ 1-2, Ex. G thereto.)

---

[3] Mr. Steffy has declared that he does not recall seeing the December 19, 2001 Notice of Deficiency at the time it was mailed, that he does not have a copy of it in his file, and that he never communicated the existence of this notice to the plaintiffs. (Steffy Decl. ¶¶ 4-6.) However, the record shows that this notice was received by an employee of Mr. Steffy on December 21, 2001. (Meno Decl. ¶ 17, Ex. I thereto.)

3

The Notice of Intent to Levy was sent to the plaintiffs' old mailing address on Guam and was returned to the sender. Neither the original nor a copy of this notice was sent to Mr. Steffy,[4] and the Department did nothing further to ensure that the plaintiffs were provided with this notice. According to Mr. Benavente, he was unaware of the change of the plaintiffs' address because the Department's collection branch was not provided with the complete file.[5]

Thereafter, on September 12, 2002, without the plaintiffs' knowledge, the Department issued a Notice of Levy and served it on the office of Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") in New Jersey in the amount of $76,705.15. The Levy stated that the assessment date was March 26, 2002. The Levy was subsequently reduced to $43,850.00. Merrill Lynch put the plaintiffs' funds on hold and has not released them to the Department.

B. Procedural History

On November 20, 2003, the plaintiffs commenced this action by filing a complaint for injunctive relief, fees and costs of suit, and damages. On November 26, 2003, the plaintiffs filed a motion for preliminary injunction, seeking to compel the defendant to release from Levy the plaintiffs' account with Merrill Lynch. Following a hearing on the plaintiffs' motion for a preliminary

---

[4] Although Mr. Steffy did not have an address for the plaintiffs, he did have a telephone number and fax number at which the plaintiffs could be contacted.

[5] Mr. Kenneth Benavente has testified that pursuant to Department policy, the complete file of a taxpayer is not provided to the collection branch.

injunction, on March 24, 2004, Judge Unpingco issued an order denying the motion. Judge Unpingco found that, while the plaintiffs demonstrated "the likelihood that the [N]otice of [L]evy was improperly issued" (see 03/24/04 Order at 4:22-23), the plaintiffs failed to show that they lacked an adequate legal remedy to warrant the equitable relief requested (see id. at 5:5-18).

In response to the March 24, 2004 Order, the plaintiffs filed a First Amended Complaint ("FAC") on April 19, 2004. In the FAC, the plaintiffs seek permanent injunctive relief (first cause of action), or, in the alternative, a judgment against the defendant for a refund of the amount subject to the Levy together with interest thereon (second cause of action). Three days after amending their complaint, on April 22, 2004, the plaintiffs filed the instant motion for summary judgment. By this motion, the plaintiffs seek: (1) a declaratory judgment that the March 26, 2002 assessment is void; (2) a permanent injunction requiring the defendant to immediately release the Levy filed with Merrill Lynch; and (3) reimbursement for attorney's fees and costs incurred in this action. The plaintiffs do not seek a refund of the amount subject to the Levy, presumably because the plaintiffs have not paid the assessment in the first instance.

## II. Discussion

### A. Legal Standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material

5

facts are those "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's claim is insufficient to defeat summary judgment. Id. at 252. In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the non-moving party. Id. at 242.

B. Analysis

1. The March 26, 2002 Assessment is Void

Section 6212(a) of the Internal Revenue Code authorizes the issuance of a Notice of Deficiency. Specifically, that section provides:

> If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

26 U.S.C. § 6212(a) (emphasis added). The last sentence of § 6212(a) makes clear that a Notice of Deficiency shall include contact information for the local office of the taxpayer advocate. Moreover, under the Organic Act of Guam, the income tax laws in force in the United States are "held to be likewise in force in Guam." 48 U.S.C. § 1421i(a). Indeed, the Organic Act of Guam expressly provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code. Id. § 1421i(d)(1). Included within subtitle F of the Internal Revenue Code is § 6212(a), the provision set forth above that requires that

a Notice of Deficiency include contact information for the taxpayer advocate. In the instant action, neither the August 4, 2000 nor the December 19, 2001 Notice of Deficiency sent to the plaintiffs included any reference to the taxpayer advocate. It is undisputed that the Notice of Deficiency form used by the Department does not contain such information, and that the Government of Guam does not have a taxpayer advocate. (See Opp. at 12:12-13.) Thus, based on the mandatory language of 26 U.S.C. § 6212(a), and the Organic Act of Guam's express adoption of that section as the law of Guam, the Notices of Deficiency sent to the plaintiffs lacked required information, and therefore, are void.

The defendant argues that the taxpayer advocate requirement of § 6212(a) of the Internal Revenue Code should not be applied to Guam because that requirement is "manifestly incompatible" with the intent of the Organic Act of Guam. (Opp. at 12:5-11.) According to the defendant, the Internal Revenue Service Restructuring and Reform Act of 1998, PL 105-206 (HR 2676), July 22, 1998, 112 Stat. 685 (the "1998 Act"), which created the taxpayer advocate requirement in its present incarnation, substantially restructured and established several new positions within the Internal Revenue Service. (Id. at 12:14-25.) The defendant contends that while the 1998 Act reorganized the structure and management of the Internal Revenue Service, it does not necessarily follow that Congress intended to reorganize the structure and management of the Department. (Id. at 13:3-6.)

The Court finds the defendant's argument unpersuasive for three reasons. First, § 6212(a) of the Internal Revenue Code contains two requirements: (1) the Notice of Deficiency must be

7

sent to the taxpayer by certified mail or registered mail; and (2) the Notice of Deficiency must include contact information for the local office of the taxpayer advocate. See 26 U.S.C. § 6212(a). If the defendant's argument were adopted, only the first requirement of § 6212(a) would apply to Guam. However, there is nothing in the statutory language that supports the defendant's interpretation.

Second, the provisions of the 1998 Act that reorganized the Internal Revenue Service, and to which the defendant refers, are not made applicable to Guam by the Organic Act of Guam. Under § 1421i(d) of the Organic Act of Guam, only certain portions of the Internal Revenue Code, including § 6212(a), are expressly made applicable to Guam.

Third, the Ninth Circuit has held that the term "manifestly incompatible," as used in the Organic Act of Guam, must be read narrowly. Holmes v. Director of Revenue & Taxation, 827 F.2d 1243, 1246 (9th Cir. 1987). The Ninth Circuit construed the term "as giving the court the flexibility to avoid results that are absurd on their face or that lead to internal contradictions in the application of the Code . . . ." Id. Here, the defendant has not demonstrated that it would be absurd or contradictory to require the Government of Guam to establish an office of the taxpayer advocate and to provide the office's contact information on Notices of Deficiency sent to taxpayers. The Court is unaware of any reason why taxpayers on Guam should be precluded from enjoying the same protections and rights afforded taxpayers in the fifty states by the taxpayer advocate office.

Case 1:03-cv-00039   Document 65-2   Filed 05/26/2004   Page 8 of 16

Section 7803(c) of the Internal Revenue Code, which created the "Office of the Taxpayer Advocate" within the Internal Revenue Service,[6] provides, "It shall be the function of the Office of the Taxpayer Advocate to -- (i) assist taxpayers in resolving problems with the Internal Revenue Service; (ii) identify areas in which taxpayers have problems in dealings with the Internal Revenue Service; (iii) to the extent possible, propose changes in the administrative practices of the Internal Revenue Service to mitigate problems identified under clause (ii); and (iv) identify potential legislative changes which may be appropriate to mitigate such problems." 26 U.S.C. § 7803(c)(2)(A). Subsections (iii) and (iv) of § 7803(c)(1)(B) set forth the qualifications and employment restrictions of the National Taxpayer Advocate, who is appointed by the Secretary of the Treasury and supervises the Office of the Taxpayer Advocate. Id. § 7803(c)(1)(B)(iii)&(iv). The individual appointed to be the National Taxpayer Advocate cannot have been an officer or employee of the Internal Revenue Service during the two-year period ending with such individual's appointment, and must agree not to accept employment with the Internal Revenue Service for at least five years after ceasing to be the National Taxpayer Advocate. Id. In addition, the local offices of the taxpayer advocate "shall, at the initial meeting with any taxpayer seeking . . . assistance . . ., notify such taxpayer that the taxpayer advocate offices operate independently of any other Internal Revenue Service office and report directly to Congress through the

---

[6] Section 7803 is within subtitle F of the Internal Revenue Code, and therefore has been expressly adopted as the law in force on Guam.

National Taxpayer Advocate." Id. § 7803(c)(4)(A)(iii). Last, the local offices of the taxpayer advocate "may, at the taxpayer advocate's discretion, not disclose to the Internal Revenue Service contact with, or information provided by, [the] taxpayer." Id. § 7803(c)(4)(A)(iv).

The foregoing provisions of the 1998 Act, all of which have been expressly adopted as the law in force on Guam, reveal Congress's intent to create an independent body within the Internal Revenue Service to provide taxpayers with meaningful assistance and protection. Indeed, in enacting the 1998 Act, "Congress believed that the Taxpayer Advocate serves an important role within the IRS in terms of preserving taxpayer rights and solving problems that taxpayers encounter in their dealings with the IRS." See Joint Comm. Print 1998, 105th Cong., 2d Sess., General Explanation of Tax Legislation Enacted in 1998. Based on the foregoing considerations, the Court finds that the Internal Revenue Code provisions pertaining to the taxpayer advocate, including the requirement that a Notice of Deficiency contain contact information for the local office of the taxpayer advocate, are significant. The Government of Guam, by not including such information in the Notices of Deficiency sent to the plaintiffs, failed to comply with an important notice requirement, thereby rendering the notices fatally deficient and thus void.

Moreover, the plaintiffs have submitted evidence that there was no discussion among Department employees about the changes brought about by the 1998 Act. Mr. Joseph Rios, Jr. ("Mr. Rios"), the employee responsible for advising the Director of the Department about changes in the tax laws, testified that he does

10

Case 1:03-cv-00039    Document 65-2    Filed 05/26/2004    Page 10 of 16

not recall having had discussions with the Director or anyone else within the Department about the 1998 Act or its implementation in Guam. (Rios Depo. at 11:18-21, attached to Zamsky Decl.) Mr. Rios further testified that the Department did nothing to establish a taxpayer advocate position. (Id. at 14:14-17.) Based on Mr. Rios's testimony, it appears that the Department failed to adequately consider the 1998 Act and its application to Guam. The Department cannot avoid provisions of law merely because it failed to act as is required by law.

For the foregoing reasons, the Court finds that the August 4, 2000 and the December 19, 2001 Notices of Deficiency sent to the plaintiffs are void.[7] Because the December 19, 2001 Notice of Deficiency is void, the time within which to make an assessment expired on December 31, 2001. The assessment was not made until nearly three months later, on March 26, 2002, and was therefore time-barred. Accordingly, the Court finds, as a matter of law, that the assessment is void, and therefore grants the plaintiffs' motion for summary judgement on this issue.

2. The Plaintiffs' Request for Permanent Injunctive Relief

The Court now considers whether the plaintiffs have alleged sufficient grounds to warrant injunctive relief. Actions to enjoin the assessment and collection of taxes are narrowly limited by the

---

[7] In light of this finding, the Court need not address the plaintiffs' additional argument that the December 19, 2001 Notice of Deficiency is void because it was sent only to Mr. Steffy. The Court also need not address the plaintiffs' argument that the April 24, 2002 Notice of Intent to Levy is void because it was sent to the plaintiffs' old mailing address, was not sent to Mr. Steffy, and lacked information regarding a collection due process hearing.

11

Anti-Injunction Act, 26 U.S.C. § 7421(a).[8] Elias v. Connett, 908 F.2d 521, 523 (9th Cir. 1990). Pursuant to the Anti-Injunction Act, courts are barred from entertaining any action filed for the purpose of "restraining the assessment or collection of any tax" by the government.[9] The purpose of the Anti-Injunction Act is to permit the government "to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the [government] is assured of prompt collection of its lawful revenue." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962) (footnote omitted). While no suit is to be maintained restraining the assessment or collection of any tax, several statutory exceptions exist.[10] If a suit does not fall within one of the exceptions, subject matter jurisdiction does not exist and the court must dismiss. Elias, 908 F.2d at 523.

Here, the plaintiffs claim that there is a statutory exception supporting the issuance of a preliminary injunction. Section 6213(a) of the Internal Revenue Code provides that an injunction may issue if a collection action is taken before the expiration of

---

[8] 26 U.S.C. § 7421(a) is contained within subtitle F of the Internal Revenue Code, and thus is applicable to Guam.

[9] The term "government" shall be used in those instances where caselaw and the statutes refer to the IRS.

[10] **Section 7421. Prohibition of suits to restrain assessment or collection.**

**(a) Tax.** Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), or 7426(a) or and (b)(1), 7429(b) or 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

12

the ninety-day period following a Notice of Deficiency. 26 U.S.C. § 6213(a). Because the December 19, 2001 Notice of Deficiency is void, the plaintiffs argue, the time frame for commencing a collection action was not triggered, and the Department's March 24, 2002 assessment occurred before a proper Notice of Deficiency was sent. The Court agrees with the plaintiffs, and finds that they satisfy the exception contained in § 6213(a). Thus, the plaintiffs are not jurisdictionally barred from seeking an injunction.

However, in order to obtain injunctive relief the taxpayer must, in addition to satisfying one of the recognized exceptions, allege sufficient grounds to warrant injunctive relief. Elias, 908 F.2d at 523; Jensen v. Internal Revenue Serv., 835 F.2d 196, 198 (9th Cir. 1987). This means that, before an injunction may issue, the plaintiff must show that he will suffer irreparable injury and that he otherwise lacks an adequate remedy at law. Elias, 908 F.2d at 526; Jensen, 835 F.2d at 198; Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313 (9th Cir. 1982).

Here, the plaintiffs vaguely allege in the FAC that "the existence of the levy has and will continue to cause irreparable damage to Plaintiffs for which there is no remedy at law." (FAC ¶ 24.) However, the plaintiffs do not offer any evidence to support this allegation.[11] Indeed, the plaintiffs fail to address the issue

---

[11] The plaintiffs similarly failed to present evidence of irreparable harm when their motion for a preliminary injunction came before Judge Unpingco. In fact, Judge Unpingco denied the plaintiffs' motion on that ground. Following Judge Unpingco's order, the plaintiffs, rather than paying the assessment and moving for summary judgment on their second cause of action (for a refund), instead chose to move for summary judgment on their injunctive relief claim, without providing the Court with evidence of irreparable harm and lack of an adequate legal remedy.

13

of irreparable harm in their motion, and, in their reply, the plaintiffs merely repeat their allegation that they will suffer irreparable harm if a permanent injunction is not issued. (Reply at 6:20-22.) Thus, the plaintiffs have failed to show any evidence of irreparable harm and lack of an adequate legal remedy. Assuming arguendo that the plaintiffs will suffer financial hardship if injunctive relief is denied, the case law is clear that this does not rise to the level of irreparable harm. See Enochs, 370 U.S. at 6 (noting injunctive relief is not available simply because the collection of the taxes would cause an irreparable injury such as financial ruination).

In sum, the plaintiffs have not shown that they lack an adequate legal remedy. They can pay the assessment and move for summary judgment on their second cause of action (for a refund). See Cool Fuel, Inc., 685 F.2d at 314 ("it has been established law that payment of the tax followed by a suit for refund constitutes an adequate remedy at law"); Elias, 908 F.2d at 526-27 (paying assessment and filing action for a refund constitutes an adequate remedy at law). Because the plaintiffs have not shown that permanent injunctive relief is warranted, the Court denies the plaintiffs' motion for summary judgment as to their claim for a permanent injunction.[12]

---

[12] At the hearing on this motion, the Court allowed the plaintiffs to file no later than May 24, 2004 a supplemental memorandum on the issue of whether the Court could order the defendant to release the Levy. The plaintiffs timely filed a supplemental memorandum on May 24, 2004. After reviewing and considering the supplemental memorandum and the authorities cited therein, the Court finds that the plaintiffs have not cited any Ninth Circuit authority supporting the issuance of an injunction on the facts of this case. Moreover, the plaintiffs have not
(continued...)

14

### 3. The Plaintiffs' Request for Attorney's Fees and Costs

The plaintiffs request that the Court award them a judgment for attorney's fees and costs incurred in this action.[13] Title 26 U.S.C. § 7430(a)(2), which has been expressly adopted as the law in force on Guam, provides that, in any court proceeding brought against the government in connection with the determination, collection or refund of any tax, "the prevailing party may be awarded a judgment or a settlement for . . . reasonable litigation costs incurred in connection with such court proceeding."[14] 26 U.S.C. § 7430(a)(2). Given the Court's disposition of the plaintiffs' claim for a permanent injunction, the Court finds that the issue of fees and costs should be resolved pursuant to a regularly-noticed motion filed at the conclusion of this litigation. The Court, therefore, denies the plaintiffs' motion for summary judgment on this issue.

### III. Conclusion

The Court: (1) grants the plaintiffs' motion for summary judgment that the March 26, 2002 assessment is void; (2) denies the plaintiffs' motion for summary judgment as to their claim for a permanent injunction; and (3) denies the plaintiffs' motion for summary judgment as to their request for attorney's fees and costs.

---

[12] (...continued)
submitted any evidence of irreparable harm and lack of an adequate legal remedy to warrant injunctive relief.

[13] The plaintiffs neither specify the amount of attorney's fees and costs incurred nor provide evidence of the amount.

[14] "Reasonable litigation costs" is defined to include reasonable attorney's fees. See 26 U.S.C. § 7430(c)(1)(B)(iii).

15

The plaintiffs are ordered to pay the assessment and move for summary judgment on their second cause of action (for a refund) within thirty (30) days of the date of entry of this Order.

IT IS SO ORDERED.

Dated: 5-26-04

DEAN D. PREGERSON*
United States District Judge

Notice is hereby given that this document was entered on the docket on 05/26/04.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____  05/26/04
Deputy Clerk   Date

* Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.